UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARRY M. COHEN,<br>      Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| THE CITY OF NEWTON, THE NEWTON<br>POLICE DEPARTMENT, POLICE CHIEF<br>JOSE M. CORDERO, NEWTON POLICE<br>OFFICER ROCKY MARINI, NEWTON<br>POLICE DETECTIVE ROBERT F. SAMPSON,<br>NEWTON POLICE DETECTIVE SERGEANT<br>GEORGE MCMAINS, NEWTON POLICE<br>OFFICER ZACHARY RAYMOND, NEWTON<br>POLICE OFFICER JOSEPH T. MCLAUGHLIN,<br>      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION
NO. 05-11727 DPW

**ANSWER OF DEFENDANTS CITY OF NEWTON,
NEWTON POLICE DEPARTMENT, POLICE CHIEF JOSE M. CORDERO,
POLICE OFFICER ROCKY MARINI, DETECTIVE ROBERT F. SAMPSON,
DETECTIVE SERGEANT GEORGE MCMAINS, POLICE OFFICER
ZACHARY RAYMOND AND POLICE OFFICER JOSEPH MCLAUGHLIN**

Now come Defendants, City of Newton, Newton Police Department, Police Chief Jose

M. Cordero, Police Officer Rocky Marini, Detective Robert F. Sampson, Detective Sergeant

George McMains, Police Officer Zachary Raymond and Police Officer Joseph McLaughlin,

(together the "Newton Defendants"), and respond to the Complaint of Plaintiff Barry M. Cohen

("Plaintiff") as follows:

1.     Newton Defendants are without sufficient knowledge or information to admit or

deny the allegations concerning Plaintiff's residence.

2.     Admitted.

3.     Admitted.

4.    Admitted.

5.    Admitted.

6.    Admitted.

7.    Admitted.

8.    Admitted.

9.    Admitted.

10.    Admitted.

11.    Admitted.

12.    Admitted.

13.    Admitted.

14.    Admitted.

## BACKGROUND

15.    Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 15, and call upon Plaintiff to prove the same.

16.    Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 16, and call upon Plaintiff to prove the same.

17.    Newton Defendants admit that they responded to Plaintiff's claim. Newton Defendants are without sufficient knowledge or information to admit or deny the allegations concerning the Middlesex D.A. The remainder of Paragraph 17 contains conclusions of law to which no response is required.

18.    Admitted.

19.    Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 19, and call upon Plaintiff to prove the same.

20.     Newton Defendants admit that Police Chief Jose M. Cordero, Police Officer

Rocky Marini, Detective Robert F. Sampson, Detective Sergeant George McMains, Police

Officer Zachary Raymond, and Police Officer Joseph McLaughlin were employees of the City of

Newton during all relevant times, and deny the remaining allegations concerning Newton

Defendants.

21.     Admitted.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Newton Defendants deny the statements in Paragraph 29, and state that the press

release referred to therein and attached to Plaintiff's Complaint as Exhibit 7 speaks for itself.

30.     Denied.

31.     Newton Defendants admit that Officer Marini was conducting a surveillance

operation on September 25, 2003, and deny the remaining allegations in Paragraph 31.

32.     Denied.

33.     Denied.

34.     Newton Defendants are without sufficient knowledge or information to admit or

deny the allegations in Paragraph 34, and call upon Plaintiff to prove the same.

35.    Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 35, and call upon Plaintiff to prove the same.

36.    Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 36, and call upon Plaintiff to prove the same.

37.    Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 37, and call upon Plaintiff to prove the same.

38.    Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 38, and call upon Plaintiff to prove the same.

39.    Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 39, and call upon Plaintiff to prove the same.

40.    Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 40, and call upon Plaintiff to prove the same.

41.    Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 41, and call upon Plaintiff to prove the same. Newton Defendants deny the allegations made in the second sentence.

42.    Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 42, and call upon Plaintiff to prove the same.

43.    Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 43, and call upon Plaintiff to prove the same. As to the second sentence, Defendant Marini was conducting a surveillance operation.

44.    Denied.

45.    Denied.

46.    Newton Defendants admit that there were no outstanding warrants for Plaintiff in Massachusetts or New York, and deny the remaining allegations in Paragraph 46.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 56, and call upon Plaintiff to prove the same.

57.    Newton Defendants admit that Plaintiff called Detective Sampson.

58.    Newton Defendants admit the allegations in the first sentence of Paragraph 58, and deny the remaining allegations.

59.    Newton Defendants admit that Plaintiff and Detective Sampson spoke on the telephone.

60.    Denied.

61.    Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 61, and call upon Plaintiff to prove the same.

62.    Newton Defendants admit that three Newton Police Officers went to Plaintiff's address.

63.    Denied.  Further answering, Newton Defendants admit Plaintiff was arrested.

64.    Denied.

65.    Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 65, and call upon Plaintiff to prove the same.

66.    Denied.

67.    Newton Defendants admit that Officer Marini was not present, and deny that Plaintiff was falsely imprisoned.

 68.    Denied.

 69.    Denied.

 70.    Denied.

 71.    Denied.

 72.    Denied.

 73.    Denied.

 74.    Denied.

75.    Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 75, and call upon Plaintiff to prove the same.  Further answering, allegations concerning bail are not properly addressed to Newton Defendants.

76.    Denied.

77.    Newton Defendants are without sufficient knowledge of information to admit or deny the allegations in the first sentence of Paragraph 77.  Further answering, Newton Defendants deny the allegations in the second sentence.

78.     Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 78, and call upon Plaintiff to prove the same. Further answering, Newton Defendants do not own, operate, or control the Newton Tab.

79.     This paragraph is missing from the Complaint, and thus cannot be admitted or denied.

80.     Newton Defendants admit the Newton Tab is a weekly newspaper. Newton Defendants are without sufficient knowledge or information to admit or deny the remaining allegations made in Paragraph 80, and call upon Plaintiff to prove the same.

81.     Denied.

82.     Newton Defendants deny the allegations in Paragraph 82, but admit that the charges were ultimately dismissed against Plaintiff.

83.     Newton Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 83, and call upon Plaintiff to prove the same.

## COUNT ONE

84.     Newton Defendants repeat and re-allege their responses to Paragraphs 1-83.

85.     Admitted as to Police Officer Rocky Marini, Detective Robert F. Sampson, Detective Sergeant George McMains, Police Officer Zachary Raymond, and Police Officer Joseph McLaughlin. Denied as to Chief Cordero.

86.     Paragraph 86 contains conclusions of law to which no response is required.

87.     Paragraph 87 contains conclusions of law to which no response is required.

88.     No response is required to Paragraph 88, as it does not pertain to counts against Newton Defendants.

89.     Denied as to Newton Defendants.

7

90.     Denied as to Newton Defendants.

91.     No response is required to Paragraph 91, as it does not pertain to counts against

Newton Defendants.

92.     Denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied as to Newton Defendants.

103.    Denied as to Newton Defendants.

104.    Denied.

105.    Denied.

106.    Denied.  Further answering, Newton Defendants admit that the charges against

Plaintiff were ultimately dismissed.

107.    Denied.

108.    Denied.

109.    Denied as to Newton Defendants.

110.    Denied.

111.    Denied.

## COUNT II

112.    Newton Defendants repeat and re-allege their responses to Paragraphs 1-111.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

## COUNT III

122.    Newton Defendants repeat and re-allege their responses to Paragraphs 1-121.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Admitted.  Further answering, Newton Defendants state that they acted lawfully and appropriately at all relevant times.

128.    Denied.

129.    Denied.

130.    Denied.

131.   Denied. Further answering, Newton Defendants admit that the charges against Plaintiff were ultimately dismissed.

132.   Denied.

133.   Denied.

## COUNT IV

134.   Newton Defendants repeat and re-allege their responses to Paragraphs 1-133.

135.   Denied.

136.   Denied.

137.   Denied.

## COUNT V

138.   Newton Defendants repeat and re-allege their responses to Paragraphs 1-137.

139.   Denied as to Newton Defendants.

140.   Denied.

141.   Denied.

## COUNT VI

142.   Newton Defendants repeat and re-allege their responses to Paragraphs 1-143.

143.   Denied.

144.   Denied.

145.   Denied.

## NEWTON DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

146.    As and for a separate and complete defense, Newton Defendants state that the Complaint, in whole or in part, fails to state a claim against them for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

147.    As and for a separate and complete defense, Newton Defendants state that any injuries or damages suffered by Plaintiff were not proximately caused by Newton Defendants.

### THIRD AFFIRMATIVE DEFENSE

148.    As and for a separate and complete defense, Newton Defendants state that Chief Jose M. Cordero, Police Officer Rocky Marini, Detective Robert F. Sampson, Detective Sergeant George McMains, Police Officer Zachary Raymond and Police Officer Joseph McLaughlin are entitled to qualified immunity as public officials acting under color of state law.

### FOURTH AFFIRMATIVE DEFENSE

149.    As and for a separate and complete defense, Newton Defendants state that the processing of Plaintiff at the Newton Police Station after his arrest was lawful, routine and in accordance with the policies and practices of the Newton Police Department.

### FIFTH AFFIRMATIVE DEFENSE

150.    As and for a separate and complete defense, Newton Defendants state that Plaintiff fails to state claims against Chief Jose M. Cordero, Police Officer Rocky Marini, Detective Robert F. Sampson, Detective Sergeant George McMains, Police Officer Zachary Raymond and Police Officer Joseph McLaughlin for civil rights violations which are based on a respondent superior theory.

## SIXTH AFFIRMATIVE DEFENSE

151.    As and for a separate and complete defense, Newton Defendants state that at all relevant times, the City had in place and practice lawful and proper policies, procedures and customs for the detention and arrest of suspects as well as the use of force.

## SEVENTH AFFIRMATIVE DEFENSE

152.    As and for a separate and complete defense, Newton Defendants state that Chief Jose M. Cordero, Police Officer Rocky Marini, Detective Robert F. Sampson, Detective Sergeant George McMains, Police Officer Zachary Raymond and Police Officer Joseph McLaughlin did not initiate or cause the initiation of any criminal prosecution against Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

153.    As and for a separate and complete defense, Newton Defendants state that Plaintiff fails to state viable negligence claims against the City, because the underlying conduct complained of is intentional, not negligent.

## NINTH AFFIRMATIVE DEFENSE

154.    As and for a separate and complete defense, Newton Defendants state that Plaintiff has failed to allege that he suffered physical harm manifested by objective symptomatology sufficient to support any negligent infliction of emotional distress claims.

## TENTH AFFIRMATIVE DEFENSE

155.    As and for a separate and complete defense, Newton Defendants state that Chief Jose M. Cordero, Police Officer Rocky Marini, Detective Robert F. Sampson, Detective Sergeant George McMains, Police Officer Zachary Raymond and Police Officer Joseph McLaughlin did not engage in any extreme and outrageous conduct affecting Plaintiff sufficient to support any intentional infliction of emotional distress claim.

DEFENDANTS,

THE CITY OF NEWTON, THE NEWTON
POLICE DEPARTMENT, POLICE CHIEF
JOSE M. CORDER, NEWTON POLICE
OFFICER ROCKY MARINI, NEWTON
POLICE DETECTIVE ROBERT F.
SAMPSON, NEWTON POLICE
DETECTIVE SERGEANT GEORGE
MCMAINS, NEWTON POLICE
OFFICER ZACHARY RAYMOND,
NEWTON POLICE OFFICER JOSEPH T.
MCLAUGHLIN

By their attorneys,

Donnalyn B. Lynch Kahn (BBO #556609)
Angela B. Smagula (BBO #643764)
Assistant City Solicitors
City of Newton Law Dept.
1000 Commonwealth Avenue
Newton Centre, MA 02459
Tel: (617) 796-1240

Dated:   October 14, 2005

CERTIFICATE OF SERVICE

I, Donnalyn B. Lynch Kahn, hereby certify that on this date I have mailed first class postage prepaid a copy of the within Answer of Defendants City of Newton, the Newton Police Department, Police Chief Jose M. Cordero, Officer Rocky Marini, Detective Robert F. Sampson, Detective Sergeant George McMains, Officer Zachary Raymond, and Officer Joseph T. McLaughlin, to Christopher W. McHallam, Esq., 500 Commercial Street, Suite 4R, Boston, MA 02109.

Signed under the pains and penalties of perjury this _____ day of October 2005.

Donnalyn B. Lynch Kahn, Esq.
Assistant City Solicitor