UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

```
-------------------------------------
                                      )
Barry M. Cohen,                       )
                                      )
     Plaintiff,                       )
                                      )
     v.                               )    Civil Action No.:
                                      )    05-11727-DPW
The City of Newton, The Newton        )
Police Department,                    )
Police Chief Jose M. Cordero,         )
Newton Police Officer Rocky Marini    )
(Badge No. 13963),                    )
Newton Police Detective Robert F.     )
Sampson, Newton Police Detective      )
Sergeant George McMains,              )
Newton Police Officer Zachary         )
Raymond, Newton Police Officer        )
Joseph T. McLaughlin,                 )
The Newton Division of the            )
District Court Department of          )
The Trial Court,                      )
Henry H. Schultz, Clerk               )
Magistrate,                           )
William A. McEvoy, Jr., Assistant     )
Clerk Magistrate,                     )
Middlesex District Attorney's         )
Office, and The Commonwealth          )
of Massachusetts,                     )
                                      )
     Defendants.                      )
-------------------------------------
```

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE
COMMONWEALTH DEFENDANTS' MOTION TO DISMISS**

NOW COMES the Plaintiff, Barry M. Cohen (hereinafter "Mr. Cohen") and hereby opposes the Motion to Dismiss of the Defendants referred to collectively as the Commonwealth Defendants, to wit: the Commonwealth of Massachusetts

(hereinafter "the Commonwealth"); the Newton Division of the District Court Department of The Trial Court (hereinafter "Newton District Court"); Henry H. Schultz, Clerk Magistrate (hereinafter "Mr. Schultz); William A. McEvoy, Jr., Assistant Clerk Magistrate (hereinafter "Mr. McEvoy"); and the Middlesex District Attorney's Office (hereinafter "Middlesex D.A."). In opposition to the Commonwealth Defendants' Motion to Dismiss, Mr. Cohen submit the within Memorandum of Law.

## SUMMARY

The Commonwealth Defendants have failed to demonstrate that Mr. Cohen's claims should be dismissed as a matter of law as to the Commonwealth Defendants. First, the Commonwealth Defendants are not immune to suit for damages as Mr. Cohen has brought his claims pursuant to the Massachusetts Tort Claims Act, M.G.L. c. 258, after proper and timely statutory notice. Second, some of the Commonwealth Defendants are amenable to suit pursuant to 42 U.S.C. Section 1983 and all of Mr. Cohen's federal and state law claims involve the same legal and factual issues.

Thus, this Honorable Court should exercise the original and supplemental jurisdiction over all of Mr. Cohen's claims and deny the Commonwealth Defendants' Motion to Dismiss in its entirety.

**FACTUAL BACKGROUND**

The factual assertions contained in the Plaintiff's Complaint are incorporated herein by reference. For the purposes of a motion to dismiss, this Court should accept as true all the facts alleged in the complaint. See Day v. Massachusetts Air Nat'l Guard, 167 F.3d 678, 680 (1st Cir. 1999); Duckworth v. Pratt & Whitney, Inc., 152 F.3d 1, 3 (1st Cir. 1998). In the course of this oversight, the Court should also draw all reasonable inferences from those facts set forth in the complaint in favor of the plaintiff. See Massachusetts Sch. of Law at Andover, Inc. v. American Bar Ass'n, 142 F.3d 26, 40 (1st Cir. 1998). The Commonwealth Defendants have conceded that, for purposes of adjudicating this motion, all of the Plaintiff's factual allegations are taken to be as true.

**LEGAL STANDARD**

A motion to dismiss should be granted only in the circumstance where it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Torres-Viera v. Laboy-Alvarado, 311 F.3d 105, 108 (1st Cir. 2002) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)).

**ARGUMENT**

1. THE COMMONWEALTH DEFENDANTS ARE NOT IMMUNE FROM SUIT WITH RESEPCT TO THE CLAIMS BROUGHT IN THIS CASE.

   A. **Sovereign Immunity Does Not Bar Mr. Cohen's Claims**

   Governmental entities may be sued in federal court if the claimant alleges a deprivation of civil rights pursuant to 42 U.S.C. § 1983 irrespective of Eleventh Amendment immunity. See Moor v. County of Alameda, 411 U.S. 693, 717-21 (1973); Monell v. Dept. of Social Services, 436 U.S. 658, 690-91 (1978).

   Moreover, the Massachusetts Tort Claims Act, M.G.L. c. 258, abrogates sovereign immunity with respect to tort claims against the Commonwealth of Massachusetts and its governmental entities, providing in relevant part:

   > Public employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, in the same manner and to the same extent as a private individual under like circumstances . . . M.G.L. c. 258, § 2.

   Thus, the Commonwealth of Massachusetts may be held liable to the Plaintiff for damages pursuant to Mr. Cohen's properly presented state law tort claims and the various state governmental entities and employees (in their individual capacities) which have been named as Defendants

herein may be liable for damages to Mr. Cohen for both civil rights violations as well as state law tort claims.

　　　　1.　　The Commonwealth of Massachusetts

The Plaintiff disputes that the Commonwealth of Massachusetts itself is immune from his state law claims. The Supreme Court has permitted sovereign immunity to be waived in a number of cases. In Fitzpatrick v. Bitzer, 427 U.S. 455 (1976) the Court found present in Title VII of the Civil Rights Act of 1964 the authorization to sue the State as employer. See Fitzpatrick, supra 427 U.S. at 448 n. 1, 449 n. 2, 452. In Hutto v. Finney, the Court held that, in enacting the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, Congress intended to override the Eleventh Amendment immunity of the States and authorize fee awards payable by the States when their officials are sued in their official capacities. 437 U.S. at 693-694; see also Ex parte Young, 209 U.S. 123 (1908)(states may be sued in federal court to prevent unconstitutional conduct by state officials).

The Commonwealth's voluntary intervention in a federal court could be constituted as a waiver of Eleventh Amendment sovereign immunity. Clark v. Barnard, 108 U.S. 436, 447-448 (1883); see also Employees of Dept. of Public

Health and Welfare of Mo. v. Department of Public Health and Welfare of Mo., 411 U.S. 279, 294, n. 10 (1973). The Supreme Court has also found a waiver of the Eleventh Amendment when a state voluntarily appeared in bankruptcy court to file a claim against a common fund. Gardner v. New Jersey, 329 U.S. 565, 574 (1947); see also Newfield House, Inc. v. Massachusetts Dept. of Pub. Welfare, 651 F.2d 32, 36, n. 3 (CA1), cert. denied, 454 U.S. 1114 (1981)(consent to removal to federal court may constitute a waiver of sovereign immunity).

Moreover, this Court has jurisdiction over Mr. Cohen's state law claims pursuant to 28 U.S.C. § 1367(a), which provides:

> . . . in any civil action of which the district courts have original jurisdiction, the district courts shall also have supplemental jurisdiction over all other claims that are so related to claims in the action within the original jurisdiction . . .

At the heart of this case is the question of whether Mr. Cohen's federal civil rights were deprived by the conduct of the various Defendants named herein, including whether the Commonwealth Defendants' practices and policies were the proximate and actual cause of the deprivation of Mr. Cohen's civil rights.

6

It cannot be disputed that Mr. Cohen's federal civil rights claims will be litigated in this matter and thereby that this Honorable Court has original jurisdiction herein. Moreover, it cannot be disputed that all of Mr. Cohen's claims, both state and federal, arise from the same set of facts and circumstance and are in all respects closely related. Both sets of claims involve the same witnesses, documentary evidence, and deal with the same fundamental questions.

Thus, it would be appropriate for this Court to exercise is supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) with respect to all claims over all Defendants. It would be otherwise be expensive and cumbersome for all the parties to be required to try this case twice.

The Commonwealth has already appeared in this matter and pursuant to M.G.L. c. 258, the Commonwealth of Massachusetts generally waived its sovereign immunity. Therefore, for the sake of consistent jurisprudence, and to prevent the simultaneous litigation of two separate lawsuits regarding the same series of events, this Court should exercise its supplemental jurisdiction over the state law claims against the Commonwealth of Massachusetts.

If this Court fails to exercise its supplemental jurisdiction, Mr. Cohen will be faced with pursuing serious claims regarding the deprivation of his civil rights against the sovereign in the forum that the sovereign itself operates. Such a result is offensive to the fundamental due process notion that citizens should be entitled to a fair hearing as there is an inherent conflict of interest in the sovereign's own courts deciding the sovereign's liability. Additionally, one of the issues raised in Mr. Cohen's Complaint is the role of the state forum in the deprivation of this civil rights. Therefore, it seems unjust to require Mr. Cohen to try his case in the same forum which may have been involved in causing the harm he has claimed to have suffered.

2. **The Middlesex District Attorney's Office and the Newton District Court**

The Plaintiff's federal claims against the Middlesex District Attorney's Office (hereinafter "MDAO") and the Newton District Court (hereinafter "NDC") should not be dismissed. The Plaintiff has alleged facts throughout his Complaint which raise the issue as to whether the practices and policies of the MDAO and NDC directly resulted in the deprivation of Mr. Cohen's constitutionally guaranteed civil rights. It is therefore conceivable that relief

8

could be granted in Mr. Cohen's favor with respect to MDAO and NDC and the Commonwealth Defendants' Motion to Dismiss should thus be denied.

Moreover, for the same reasons set forth herein above, justice requires that the Plaintiff's state law claims against MDAO and NDC should be subject to this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.   The Clerk Magistrates

A.   Sovereign Immunity

The Plaintiff has named as individual defendants the two Magistrates who were employed by NDC at the time of the occurrences of the material facts which give rise the Plaintiff's claims. Thus, the Magistrates are not entitled to sovereign immunity to the extent they are being sued for damages in a personal capacity. See e.g., Brandon v. Holt, 469 U.S. 464, 471 (1985)(state employee sued in official capacity may be entitled to sovereign immunity but no immunity exists for lawsuits against state official individually).

To the extent there is any perceived ambiguity in his Complaint, Mr. Cohen has named said defendants in their individual capacity seeking to hold them liable for conduct taken under color of state law. See Kentucky v. Graham, 473 U.S. 159, 165 (1985). Magistrates Schultz and McEvoy

9

took actions which arose from their position as officers of the Newton District Court which deprived Mr. Cohen of his constitutional rights. Mr. Cohen seeks to hold the Magistrates personally liable for the consequences of their actions as court officials. In order to do so, the Plaintiff named the Magistrate as individual Defendants separately and apart from their employer, NDC.

Indeed, Mr. Cohen specifically alleged in his Complaint that:

> Thereafter, the Defendants Magistrate Schultz, Magistrate McEvoy, and the Newton District Court direct contravention of the law and despite the absence of any probable cause to justify arrest, issued a warrant to arrest Mr. Cohen in an extra-judicial effort to further the police's illegitimate goal of arresting Mr. Cohen despite knowing he had not engaged in any criminal activity. (Plaintiff's Complaint, ¶ 93).

Moreover, this Court should bear in mind the Plaintiff's need for flexibility to develop his case as the unfolding events of litigation warrant and look at the totality of circumstances in concluding that Mr. Cohen has named the Magistrates as Defendants in their personal capacity. Powell v. Alexander, 391 F.3d 1, 22 (1st Cir. 2004). If necessary, Mr. Cohen will seek leave to amend his Complaint to clarify that Magistrates Schultz and McEvoy have been named as individuals.

In all events, as this Court is obligated to accept all of Mr. Cohen's allegations as true, and should draw all favorable inferences therefrom, it is clear that the Magistrates have been named as Defendants in their individual capacity and the doctrine of sovereign immunity is thereby inapplicable to them.

B.  **Magistrates' Immunity from Section 1983 Claims**

Magistrates Schultz and McEvoy are not entitled to absolute immunity for all the claims set forth in Mr. Cohen's Complaint. The official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question. Forrester v. White, 484 U.S. 219, 224 (1988). The presumption is that qualified, rather than absolute, immunity is sufficient to protect government officials in the exercise of their duties. This Court should thus be "quite sparing" in its recognition of absolute immunity, Forrester, supra, 484 U.S. at 224, and should not extend such immunity any "further than its justification would warrant." Harlow v. Fitzgerald, 457 U.S. 800, 811 (1982).

The Supreme Court has ruled that officials who perform judicial functions, such as magistrates and prosecutors, may not be entitled to absolute immunity in all cases. See Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reed,

11

500 U.S. 478 (1991); Imbler v. Pachtman, 424 U.S. 409 (1976). The actions of court officials are not absolutely immune merely because they are performed by a prosecutor. Rather, when a court official functions as an administrator, rather than as an officer of the court he is entitled only to qualified immunity. See, Buckley, supra at 265, quoting Imbler, 424 U.S. at 431, n. 33.

In Antoine v. Byers & Anderson, Inc., 508 U.S. 429 (1995), the Supreme Court set forth a basic standard as to whether a court should extend the doctrine of judicial immunity to a court official. The Court held that the "touchstone" for the doctrine's applicability has been performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights. Thus, judicial immunity is extended to officials other than judges, only when they are acting in a manner comparable to judges. Imbler v. Pachtman, 424 U.S. at 423, n. 20, Cf. Westfall v. Erwin, 484 U.S. 292, 297-298 (1988) (absolute immunity from state law tort actions available to executive officials only when their conduct is discretionary).

Moreover, federal courts have ruled that court clerk's should only be entitled to absolute immunity in instances where they are performing a judicial role. Snyder v. Nolen, No. 01-1688 (7th Cir. 08/13/2004)(Court clerk who

12

destroyed court papers in an effort prevent a party from obtaining relief not entitled to absolute immunity from 1983 claim for deprivation of civil rights).

In this case, the officials seeking absolute immunity, Magistrates Schultz and McEvoy, cannot demonstrate that it would be justifiable to provide them with the shield of absolute immunity in this matter.

Rather, the Plaintiff has alleged specific facts that suggest that the Magistrates were not acting in a manner comparable to a judge when they issued the warrant for Mr. Cohen's arrest.

Specifically, Mr. Cohen has alleged that the Newton Police applied for a warrant for Mr. Cohen's arrest on September 25, 2003, despite knowing there was no basis for a warrant to issue. (Plaintiff's Complaint, ¶ 52). Magistrate McEvoy initially, and properly, denied the request for a warrant to arrest Mr. Cohen. (Plaintiff's Complaint, ¶ 53). This Court should infer from Magistrate McEvoy's initial denial of the Police's application for a warrant for Mr. Cohen's arrest that no justification existed for the issuance of any such warrant.

After the initial denial of the warrant, the Police re-submitted their request for the warrant. Id.

On the second submission, Magistrate Schultz ordered Magistrate McEvoy to grant the Police's request for a warrant authorizing Mr. Cohen's arrest only after improper urging to do so by Chief Cordero and the Police. Id. Based upon said improper urging, the Magistrates elected to issue the unlawful warrant for Mr. Cohen's arrest, despite rejecting the initial request for same earlier in the day.

The Court should also infer from the facts set forth in the Plaintiff's Complaint that it was not likely that the Police presented new evidence to the Magistrates in between the first and second request for the issuance of the warrant. It is clear from the facts alleged by Mr. Cohen that the Police did not adduce any additional evidence relative to Mr. Cohen's possible culpability after Mr. Cohen's initial encounter with Officer Marini.

Mr. Cohen has alleged that the Magistrates deviated from normal procedure in issuing the warrant for his arrest. Id. The fact that the Magistrates deviated from normal procedure also indicates that they abandoned their role as quasi-judges.

The conclusion that this Court should draw from the facts pleaded by the Plaintiff is that Magistrates were not functioning in a judicial role when they issued the warrant from Mr. Cohen's arrest. Rather, the Magistrates deviated

14

from the ordinary course of procedure and became advocates and facilitators of the Police's efforts to falsely arrest Mr. Cohen.

Clearly, the Magistrates knew that there was no basis to issue a warrant as they denied the police's initial request. Thus, when the Magistrates were later influenced by the urgings of the Police and Chief Cordero in reversing their initial decision, the Magistrates abandoned their discretionary function as impartial quasi-judges. Instead, the Magistrates took on the role Police advocates. The Magistrates knowingly violated Mr. Cohen's civil rights by authorizing the issuance of a unlawful arrest warrant in furtherance of the Police's efforts to falsely arrest Mr. Cohen for illegitimate purposes.

Thus, when taking the factual allegations made by Mr. Cohen and reasonable inferences that can be drawn therefrom, the Magistrates are not entitled to absolute immunity. See, Antoine v. Byers & Anderson, Inc., supra at 434.

2. **Some of the Commonwealth Defendants May Be "Persons" Within the Meaning of Section 1983**

   A. <u>Count I Should Not Be Dismissed As to the Magistrates</u>

   Plaintiff does not dispute that the Commonwealth or the Newton District Court are not "persons" within the meaning of Section 1983. Plaintiff does maintain that the Magistrates may be considered "persons" under Section 1983 as it is well settled that individual state officials may be considered "persons" under Section 1983. See <u>Hafer v. Melo</u>, 520 U.S. 21 (1999).

   B. <u>The Court Should Exercise Supplemental Jurisdiction</u>

   As discussed herein above, for reasons of efficiency and judicial consistency, this Court should exercise its supplemental jurisdiction over all of Mr. Cohen's state law claims against all Defendants. The same facts comprise the foundation of all of Mr. Cohen's claims. Thus, judicial economy demands that the case not be separated into two different actions.

## CONCLUSION

Based on the foregoing, the Court should deny the Commonwealth Defendants' claims in their entirety and maintain subject matter jurisdiction over all of Mr. Cohen's claims. Indeed, it is clear from the facts alleged by Mr. Cohen that all of the Defendants were involved in some manner in the deprivation of his constitutionally guaranteed civil rights. Therefore, this Court should not close its doors on Mr. Cohen during the infancy of his case. Rather, Mr. Cohen should be permitted to pursue all of his claims against all of the Defendants to ensure that justice and due process is served.

Respectfully submitted,
Plaintiff,
Barry M. Cohen,
By his attorney,

_____
Christopher W. McHallam
BBO #637464
500 Commercial Street
Suite 4R
Boston, Massachusetts
(617) 523-4552