UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BARRY M. COHEN,<br><br>　　Plaintiff,<br><br>v.<br><br>THE CITY OF NEWTON, THE NEWTON POLICE DEPARTMENT, POLICE CHIEF JOSE M. CORDERO, NEWTON POLICE OFFICER ROCKY MARINI (Badge No. 13963), NEWTON POLICE DETECTIVE ROBERT F. SAMPSON, NEWTON POLICE DETECTIVE SERGEANT GEORGE MCMAINS, NEWTON POLICE OFFICER ZACHARY RAYMOND, NEWTON POLICE OFFICER JOSEPH T. MCLAUGHLIN, THE NEWTON DIVISION OF THE DISTRICT COURT DEPARTMENT OF THE TRIAL COURT, HENRY H. SCHULTZ, CLERK MAGISTRATE, WILLIAM A. MCEVOY, Jr., ASSISTANT CLERK MAGISTRATE, MIDDLESEX DISTRICT ATTORNEY'S OFFICE, and the COMMONWEALTH OF MASSACHUSETTS,<br><br>　　Defendants. | Civil Action No. 05-11727-DPW<br><br>**THIS REPLY IS FILED WITH LEAVE OF COURT, BY ORDER DATED DECEMBER 8, 2005.** |

**COMMONWEALTH DEFENDANTS' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

The Commonwealth Defendants[1] respectfully submit this brief reply memorandum in order to address several issues raised by plaintiff Barry M. Cohen in his opposition to the

---

[1] As described in their motion to dismiss and initial supporting memorandum, the "Commonwealth Defendants" are the following named defendants in this action: (1) the Commonwealth of Massachusetts; (2) the Middlesex District Attorney's Office ("MDAO"); (3) the Newton Division of the District Court Department of the Trial Court (the "Newton District Court"); and (4) Clerk Magistrate Henry H. Schultz and (5) Assistant Clerk Magistrate William A. McEvoy, Jr. (together, the "Clerk Magistrates").

Commonwealth Defendants' motion to dismiss. As to those issues not further addressed herein, the Commonwealth Defendants rely on their motion to dismiss and initial supporting memorandum.

I.  **ALL OF THE COMMONWEALTH DEFENDANTS ARE ENTITLED TO ELEVENTH AMENDMENT SOVEREIGN IMMUNITY.**

In their motion to dismiss, the Commonwealth Defendants argued that the Commonwealth, the MDAO, the Newton District Court, and the Clerk Magistrates (to the extent named as defendants in their official capacity) are immune from suit under the Eleventh Amendment and principles of sovereign immunity.[2] Def. Mem. at 5-10. In his opposition, Cohen seems to argue both that the Commonwealth Defendants are not entitled to sovereign immunity under the Eleventh Amendment and/or that principles of sovereign immunity should not apply because Cohen has purportedly brought his claims pursuant to the Massachusetts Tort Claims Act ("MTCA"), Mass. Gen. Laws c. 258, §§ 1-13. Pl. Opp. at 4-6. He is mistaken on both points.

A.  **The Cases Cohen Relies on Regarding Eleventh Amendment Sovereign Immunity are Inapposite.**

First, Cohen "disputes that the Commonwealth of Massachusetts itself is immune from his state law claims." Pl. Opp. at 5. In support of this proposition, he relies on a number of Supreme Court precedents, none of which are applicable here. The cases Cohen cites involve either: (1) Congressional statutes which validly abrogate Eleventh Amendment sovereign immunity pursuant to section five of the Fourteenth Amendment; (2) equitable relief available

---

[2] In his opposition, Cohen seems to clarify that he named (or intended to name) the Clerk Magistrates as defendants in their personal capacities. Pl. Opp. at 9-10. Even if that is the case, for the reasons stated in the Commonwealth Defendants' initial memorandum, the Clerk Magistrates are still immune from suit under the doctrine of absolute judicial immunity. Def. Mem. at 10-12.

against state officials under the *Ex Parte Young* doctrine, or relief similarly awarded ancillary to an injunction; or (3) voluntary intervention or waiver of sovereign immunity by a State. Here, none of those circumstances are present: none of Cohen's claims are brought pursuant to section five legislation which validly abrogates Eleventh Amendment sovereign immunity; his suit is for damages, not equitable relief; and the Commonwealth Defendants have not waived their sovereign immunity—to the contrary, they have expressly invoked it.[3] Accordingly, Cohen's claim that the Commonwealth Defendants do not enjoy sovereign immunity is without merit.

### B.   The MTCA Does Not Abrogate Sovereign Immunity in <u>Federal</u> Court.

Next, Cohen also suggests that the Commonwealth has "generally waived its sovereign immunity" through enactment of the MTCA. Pl. Opp. at 7. But, as this Court has previously recognized, the waiver embodied by the MTCA is limited to Massachusetts's own courts; it does not act as a waiver to suit in federal court: "[t]he Commonwealth has expressly exercised its prerogative to waive its sovereign immunity only insofar as claims are brought against it in its own judicial fora." *Rivera v. Commonwealth of Massachusetts*, 16 F. Supp. 2d 84, 87-88 (D. Mass. 1998) (Woodlock, J.); *see also Irwin v. Commissioner of Dep't of Youth Servs.*, 388 Mass. 810, 811, 448 N.E.2d 721 (1983) (holding, in decision involving question certified by this Court

---

[3]   Cohen seems to suggest that the Commonwealth Defendants have somehow waived their sovereign immunity by appearing in this action to assert it. Pl. Opp. at 5, 7 ("The Commonwealth's voluntary intervention in a federal court could be constituted as a waiver of Eleventh Amendment sovereign immunity. . . . The Commonwealth has already appeared in this matter . . . ."). Any such suggestion has no basis in law, as *Clark v. Barnard*—a case relied on by Cohen—makes clear. 108 U.S. 436, 447 (1883) (distinguishing *Georgia v. Jesup*, 106 U.S. 462 (1882) from the facts in *Clark*, because in *Jesup*, as here, the state appeared solely to protest jurisdiction and to establish sovereign immunity, and therefore there was no waiver); *see also In re Dep't of Crime Control and Public Safety*, 7 F.3d 1140, 1148 n.6 ("[W]e can find no authority suggesting that a state named as a defendant . . . will waive its Eleventh Amendment immunity by making a special appearance for the limited purpose of contesting the federal court's jurisdiction over it, and we think such a rule would be flatly inconsistent with settled law on the waiver of jurisdictional defenses.").

to the Massachusetts Supreme Judicial Court, that "nothing in the legislative history of G.L. c. 258, or in its terms, [suggests] that the Commonwealth, by enacting G.L. c. 258, has waived, expressly or by implication, its Eleventh Amendment immunity to suit in Federal courts"). Hence, Cohen's contention that the MTCA serves as a basis to subject the Commonwealth (or any of the Commonwealth Defendants) to suit in federal court is equally unavailing.[4]

## **CONCLUSION**

For the foregoing reasons, and those stated in the Commonwealth Defendants' motion to dismiss and initial supporting memorandum, the Court should allow the Commonwealth Defendants' motion, and dismiss Cohen's Complaint in its entirety as against all of the Commonwealth Defendants.

Respectfully submitted,

THE COMMONWEALTH OF
MASSACHUSETTS

THE MIDDLESEX DISTRICT
ATTORNEY'S OFFICE,

THE NEWTON DIVISION OF THE
DISTRICT COURT DEPARTMENT OF
THE TRIAL COURT,

HENRY H. SCHULTZ,
CLERK MAGISTRATE, and

---

[4] The Commonwealth Defendants also note that, even if the MTCA did abrogate sovereign immunity as to suits against them in federal court, it still would have no bearing here, as by its own terms, the MTCA does not apply to "any claim arising out of an intentional tort, including assault, battery, false imprisonment, false arrest, . . . [and] malicious prosecution." Mass. Gen. Laws c. 258, § 10. Here, Cohen's state-law claims consist almost exclusively of these intentional torts: assault and battery (Count IV), false arrest/imprisonment (Count II), and malicious prosecution (Count III), as well as an artfully-pleaded negligence claim (Count V) and a claim of "Violation of Individual's Right to be Free from Unreasonable Searches and Seizures Under the Constitution of the Commonwealth" (Count VI).

        WILLIAM A. MCEVOY, Jr.,
ASSISTANT CLERK MAGISTRATE

By their attorney,

THOMAS F. REILLY

ATTORNEY GENERAL


/s/ Scott A. Katz
Scott A. Katz (BBO # 655681)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts  02108
(617) 727-2200, ext. 2833

Dated:  December 9, 2005

## CERTIFICATE OF SERVICE

     I hereby certify that a true copy of the above document was served, prior to leave to file having been granted, upon counsel for all parties in this matter by first-class mail, postage prepaid, on December 7, 2005.

/s/ Scott A. Katz
Scott A. Katz