UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARRY M. COHEN,<br>    Plaintiff<br><br>v.<br><br>THE CITY OF NEWTON, THE NEWTON POLICE DEPARTMENT, POLICE CHIEF JOSE M. CORDERO, NEWTON POLICE OFFICER ROCKY MARINI, (BADGE NO. 13963) NEWTON POLICE DETECTIVE ROBERT F. SAMPSON, NEWTON POLICE POLICE DETECTIVE, NEWTON POLICE DETECTIVE SERGEANT GEORGE MCMAINS, NEWTON POLICE OFFICER ZACHARY RAYMOND, AND NEWTON POLICE OFFICER JOSEPH T. MCLAUGHLIN,<br>    Defendants | CIVIL ACTION<br>NO. 05-11727 DPW |

## DEFENDANTS' MEMORANDUM
## IN SUPPORT OF MOTION TO COMPEL MEDICAL RECORDS

Defendants, City of Newton, Newton Police Department, Police Chief Jose M. Cordero, Police Officer Rocky Marini, Detective Robert F. Sampson, Detective Sergeant George McMains, Police Officer Zachary Raymond, and Police Officer Joseph McLaughlin, (together the "Newton Defendants") have moved, pursuant to Fed. R. Civ. P. 37(a), for an order compelling Plaintiff Barry M. Cohen ("Plaintiff"), to produce forthwith certain medical records requested by the Newton Defendants in this case. The Newton Defendants submit this memorandum in support of their Motion, which clearly demonstrates that the Newton Defendants are entitled to the medical records requested.

1

## BACKGROUND

Plaintiff has asserted a statutory claim under 42 U.S.C. Section 1983, as well as claims of false arrest, false imprisonment, assault and battery and negligence by the Newton Defendants. Plaintiff's Complaint is replete with allegations that he has suffered severe physical, mental, and emotional damages, including, but not limited to, "great physical pain and emotional upset, . . . serious and extreme mental and emotional anguish, distress and psychological damages. . . ." (Affidavit of Angela B. Smagula ("Smagula Aff."), ¶ 3; Exhibit A ¶¶ 111, 121, 141, and 145).

Plaintiff has specifically identified and itemized his alleged emotional and psychological damages in his answers to interrogatories. Defendants' First Set of Interrogatories, No. 2, asked Plaintiff to "identify and describe each instance of emotional distress and psychological damage that you claim was caused by Defendants." In response, Plaintiff stated that his damages include, but are not limited to, a "worsened and exacerbation" of the following medical disorders and ailments suffered by Plaintiff prior to the incident at issue:

(a)  Obsessive Compulsive Disorder and heightening of obsessive concern.
(b)  persecutory anxiety;
(c)  fear of being alone;
(d)  continual distress and anxiety;
(e)  anorexia and weight loss;
(f)  gastrointestinal distress
(g)  depression;
(h)  demoralization;
(i)  pleasurelessness;
(j)  negative associations and intrusive memories;
(k)  compulsive re-living of the incident;
(l)  fatigue;
(m)  lethargy;
(n)  humiliation and embarrassment of being associated with criminal action;
(o)  social anxiety and withdrawal;
(p)  feelings of isolation;
(q)  insomnia; and

(r)     fear of being arrested

(Smagula Aff. ¶ 4; Exhibit B).

On December 6, 2005, the Newton Defendants propounded upon Plaintiff their First Request For Production of Documents, originally due January 6, 2006. (Smagula Aff. ¶ 5; Exhibit C). Among the documents sought were those relating to Plaintiff's alleged physical, mental and emotional damages, as well as documents relating to Plaintiff's physical, mental and emotional condition prior to the events alleged in the Complaint. Plaintiff's counsel contacted counsel for the Newton Defendants and twice requested and was granted extensions of time to respond to this outstanding discovery. On January 18, 2006, after a number of extensions (Smagula Aff. ¶ 6; Exhibit D), Plaintiff's counsel finally served Responses to the First Request For Production of Documents indicating that medical records would be forthcoming. (Smagula Aff. ¶ 7; Exhibit E).[1]

---

[1]    REQUEST NO. 1

All documents relating to physical, mental and emotional damages allegedly sustained by you as a result of the alleged incidents referred to in your Complaint including, but not limited to:

(a)    all hospital reports and other hospital documents; and
(b)    reports, evaluations or notes from treatment by private physicians, therapists or other health care providers.

PLAINTIFF'S RESPONSE TO NO. 1

The Plaintiff is *in the process of gathering said medical records and will provide same as soon as practicable.* Plaintiff reserves the right to supplement this response. (emphasis added herein).

REQUEST NO. 2

All documents relating to your physical, mental and emotional condition from 1980 to the present, including but not limited to:

(a)    all hospital reports and other hospital documents; and
(b)    reports, evaluations, or notes from treatment by private physicians, therapists or other health care providers.

On February 9, 2006, Plaintiff provided his answers to interrogatories which stated, in great detail (as set forth *supra*), the myriad of Plaintiff's mental and emotional medical ailments and further alleged these same ailments were "exacerbated" by actions of the Newton Defendants. However, as of February 9, 2006, not *one* medical record had been produced by Plaintiff, contrary to Plaintiff's assertion that documents would be produced. (Smagula Aff. ¶ 8; Exhibit E). On February 10, 2006, counsel for the Newton Defendants sent a letter to Plaintiff's counsel requesting the promised medical records be produced no later than February 24, 2006. (Smagula Aff. ¶ 8; Exhibit F). The parties subsequently agreed that Plaintiff would produce his medical records by March 7, 2006. (Smagula Aff. ¶ 10; Exhibit H).

Additionally, as a result of Plaintiff's answers to interrogatories, the Newton Defendants, on February 14, 2006, served a Second Request For Production of Documents, requesting additional medical documentation regarding Plaintiff's emotional and mental ailments and conditions identified in his answers to interrogatories. (Smagula Aff. ¶ 9; Exhibit G).[2]

---

PLAINTIFF'S RESPONSE TO NO. 2

Objection. This request is overly broad, unduly burdensome, and seeks to discover information beyond the scope of discovery as defined by Fed. R. Civ. P. 26(a) and 24. Notwithstanding said objection and without waiving same, *the Plaintiff will provide any such records in his possession, custody, or control which relate to the damages claimed in his Complaint*. The Plaintiff reserves the right to supplement this response. (emphasis added herein).

[2]  Plaintiff's response to this Second Request For Documents is more than 10 days overdue, but based upon his present refusal to produce medical records in response to Defendants' First Request, the Newton Defendants' counsel must include these additional requests for medical records in this Motion to Compel. The requests at issue are as follows:

REQUEST NO. 4

All documents relating to Mr. Cohen's statement in Plaintiff's Answers to Interrogatories that in the weeks immediately following the incident, Mr. Cohen had great difficulty sleeping, suffered recurring nightmares, experienced difficulty eating and digesting food, and was in a state of great distress and terror and suffered from anxiety of a disabling nature, including, but not limited to:

4

Suddenly, on March 7, 2006, the same day that Plaintiff had promised to produce medical records in response to Defendants' Request Nos. 1 and 2, Plaintiff's counsel sent an email informing the Newton Defendants' counsel that Plaintiff *would not* be producing any of his medical records, and that he "no longer wishes to pursue his claims for special medical damages and/or otherwise present any evidence relative to his medical treatment." (Smagula Aff. ¶ 11; Exhibit I).

---

(a)   all hospital reports and other hospital documents; and
(b)   reports, evaluations or notes from treatment by private physicians, therapists or other healthcare providers.

REQUEST NO. 5

All documents, including, but not limited to, hospital and/or medical reports, that reflect when Mr. Cohen was diagnosed with the following symptoms and conditions that he alleges have been worsened and "exacerbated" since the incident, as stated in Plaintiff's Answers to Interrogatories:

(a) persecutory anxiety; (b) fear of being alone; (c) continual distress and anxiety; (d) anorexia and weight loss; (e) gastrointestinal distress; (f) depression; (g) demoralization; (h) pleasurelessness; (i) negative associations and intrusive memories; (j) compulsive re-living of the incident; (k) fatigue; (l) lethargy;(m) humiliation and embarrassment of being associated with criminal action; (n) social anxiety and withdrawal; (o) feelings of isolation; (p) insomnia; (q) fear of being arrested; and (r) Obsessive Compulsive Disorder and heightening of obsessive concern.

REQUEST NO. 6

All documents relating to Mr. Cohen's fear of being touched by others, as stated in Plaintiff's Answers to Interrogatories, including, but not limited to:

(a)   all medical reports, evaluations or notes, from treatment by
      private physicians, therapists or other healthcare providers;
(b)   all hospital reports and other hospital documents.

REQUEST NO. 7

All documents relating to Mr. Cohen's fear of being poisoned and/or contaminated by toxins, as stated in Plaintiff's Answers to Interrogatories, including, but not limited to:

(a)   all medical reports, evaluations or notes, from treatment by
      private physicians, therapists or other healthcare providers;
(b)   all hospital reports and other hospital documents.

## ARGUMENT

I.   Plaintiff's Medical Records Concerning His Numerous Mental And Emotional Conditions Are Relevant To Plaintiff's Specific Damage Claims And Must Be Produced.

The scope of discovery in the federal court in Massachusetts includes "any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). In fact, only if it is obvious that the information requested has no possible bearing on a claim or defense should the request be denied. See Gagne v. Reddy, 104 F.R.D. 454, 456 (D. Mass. 1984). Moreover, discovery is as appropriate with respect to a Plaintiff's damages as it is with respect to other issues in a case. See General Instrument Corp. v. General Diode Corp., 41 F.R.D. 1, 3 (D. Mass. 1966); see also Henrickson v. State of Montana, 84. P.3d 38, 48-49 (Mont. 2004) (medical records discoverable when related to prior physical or mental conditions if related to currently claimed damages).

Here, Plaintiff has put his medical conditions and his mental health, prior to, during, and after the alleged incident directly at issue. Plaintiff is not making a garden-variety claim of emotional distress, but rather he is claiming that his multitude of medical disorders either developed from, or were exacerbated by, the purported actions of the Newton Defendants. As such, the Newton Defendants are clearly entitled to Plaintiff's medical records because they are relevant to Plaintiff's primary damage claim. See, e.g., Payne v. City of Philadelphia, 2004 WL 1012489, *3 (mental health records were relevant since they might suggest whether or not plaintiff's mental injuries were due to circumstances *prior to or as a result of the incident at issue*) (emphasis added). Plaintiff has specifically made allegations of mental and emotional damage stemming directly from the Newton Defendants purported actions that exacerbated his prior medical conditions. It is untenable for Plaintiff to identify these numerous medical

6

conditions, allege exacerbation of the same, and then not produce the documents to support his claims. Plaintiff's Complaint and his answers to interrogatories indicate in no uncertain terms that the conduct of the Newton Defendants was the direct and proximate cause of a significant exacerbation of Plaintiff's prior medical conditions, such as his obsessive compulsive disorder and the *numerous* other emotional and mental medical ailments that constitute his damages.[3]

The Newton Defendants are entitled to explore whether Plaintiff truly suffered from these prior medical conditions and exactly how these conditions have been purportedly exacerbated or worsened by the Newton Defendants actions. Plaintiff's medical records are relevant, likely to lead to the discovery of admissible evidence, and must be produced.[4]

II.  Even If Plaintiff Amends His Complaint To Withdraw His Claim For Special Medical Damages, The Newton Defendants Are Still Entitled To To Plaintiff's Medical Records Because His Medical History Is Relevant To Plaintiff's State of Mind And The Facts And Circumstances Of This Case.

Even if Plaintiff amends his Complaint to withdraw his claim for emotional distress damages, the Newton Defendants are still entitled to Plaintiff's medical records concerning his mental health, because his mental health directly impacts Plaintiff's state of mind at the time of his arrest and booking. The medical records are therefore specifically relevant to the facts and circumstances surrounding his alleged mistreatment by the Newton Defendants, and critical to the defense of the claims. It is clear that Plaintiff is loathe to produce his medical records. However, Plaintiff cannot circumvent the Newton Defendants' access to these medical records by removing his claim for special medical damages.

---

[3] As of this date, Plaintiff has not amended his Complaint to reflect his latest "desire" to no longer assert "special medical damages."

[4] Plaintiff cannot make a claim of privilege here either, as his alleged claims rely, in part, on the findings of his psychotherapist. See, e.g., Vanderbuilt v. Town of Chilmark, 174 F.R.D. 225, 227 (D. Mass. 1997).

For example, Plaintiff's own interrogatory answers demonstrate how critical his medical records are, regardless of whether he retains a claim for special medical damages. Plaintiff admits that he suffers from Obsessive Compulsive Disorder ("O.C.D."), which causes him to "suffer significant distress on an almost daily basis." (Plaintiff's Answers to Interrogatories, No. 2, Smagula Aff., Exhibit B). The Plaintiff's O.C.D. also causes him to have a fear of being touched, being poisoned and being contaminated by toxins. Id. Because of this same condition, Plaintiff has stated that he wears gloves on a "daily basis" to "avoid contact between him and the environment." Id. And Plaintiff further states that the arrest and booking procedures were "especially difficult and traumatizing. . . *due to his O.C.D. and general physical and psychological vulnerability.*" Id. (emphasis added). These statements illustrate precisely why Plaintiff's mental health records are relevant, critical, and discoverable.

Plaintiff's O.C.D. is a relevant and primary fact concerning the incident in question. The Newton Defendants must be allowed to probe Plaintiff's assertions concerning his medical disorders. Plaintiff relies on his O.C.D. to explain his bizarre behavior on the night in question—such as wearing winter gloves on a warm September night, as well as acting nervous and requesting he not be touched at all when he was arrested. These are facts that go the heart of the Newton Defendants' defense of the claims and are relevant. See, e.g., LeFave v. Symbios, Inc., 2000 WL 1644154, *2 (D.Colo.) (medical records were relevant to the defense to a claim of emotional distress, because they could possibly reveal "stressors" unrelated to defendants conduct that caused the distress). Plaintiff has, without question, inserted his O.C.D. directly into the facts and circumstances of this case. See, e.g., Commonwealth v.

Holland, 2000 WL 424703, *2 (Mass. Super.) (by placing his mental state at issue, Holland's medical records regarding his mental health were discoverable).

## CONCLUSION

For the foregoing reasons, the Newton Defendants respectfully request that their Motion to Compel be Allowed and that Plaintiff be ordered to provide forthwith the medical records requested in Requests Nos. 1 and 2 of the First Request For Production of Documents and Request Nos. 4, 5, 6, and 7 of the Second Request For Production of Documents.

Respectfully submitted,
NEWTON DEFENDANTS,
By their attorneys,

/s/ Angela B. Smagula
_____
Donnalyn B. Lynch Kahn (BBO #556609)
Angela B. Smagula (BBO #643764)
Assistant City Solicitors
City of Newton Law Department
1000 Commonwealth Avenue
Newton Centre, MA  02459
Tel: 617-796-1240

Dated:  March 27, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail and electronic mail on March 27, 2006.

Signed under the pains and penalties of perjury this 27th day of March, 2006.

/s/ Angela B. Smagula
_____
Angela B. Smagula

Dated:  March 27, 2006

9