UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

---

Barry M. Cohen,

    Plaintiff,

v.

The City of Newton, The Newton
Police Department,
Police Chief Jose M. Cordero,
Newton Police Officer Rocky Marini
(Badge No. 13963),
Newton Police Detective Robert F.
Sampson, Newton Police Detective
Sergeant George McMains,
Newton Police Officer Zachary
Raymond, and Newton Police Officer
Joseph T. McLaughlin,

    Defendants.

Civil Action No.:
05-11727-DPW

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S PRODUCTION OF MEDICAL RECORDS

NOW COMES the Plaintiff, Barry M. Cohen (hereinafter "Mr. Cohen") and hereby opposes the Motion to Compel Medical Records of the Defendants referred to collectively as the Newton Defendants, to wit: The City of Newton, The Newton Police Department, Police Chief Jose M. Cordero, Newton Police Officer Rocky Marini (Badge No. 13963), Newton Police Detective Robert F. Sampson, Newton Police Detective Sergeant George McMains, Newton Police Officer Zachary Raymond, and Newton Police Officer Joseph T.

McLaughlin. In opposition to the Newton Defendants' Motion to Compel Medical Records, Mr. Cohen submits the within Memorandum of Law.

## SUMMARY

The Newton Defendants have failed to demonstrate that a substantial and compelling reason exists to require Mr. Cohen's to waive his privilege of non-disclosure pursuant to M.G.L. c. 233, § 20B and produce evidence of his psychotherapist communications (which constitutes the entirety of the medical records sought herein).

There is no effort by Mr. Cohen to circumvent or otherwise prevent Defendants from accessing his psychotherapist records in order to prejudice Defendants or gain tactical advantage. Rather, Mr. Cohen has expressed a willingness to forego pursuit of any claims for special medical damages in order to preserve the sanctity of his patient-psychotherapist relationships. Therefore, the issue of Mr. Cohen's medical treatment is no longer germane to this matter.

## FACTUAL BACKGROUND

The factual assertions contained in the Plaintiff's Complaint are incorporated herein by reference. There are several unequivocal and elementary facts which gave rise to the Plaintiff's claims, which are summarized herein:

1. The Plaintiff has never before been arrested, charged with a crime, or otherwise been involved in a criminal proceeding;

2. On or about September 25, 2003, during the early morning hours the Defendant Officer Marini encountered Mr. Cohen in the area of Fellsmere Road, Newton, and did not arrest, frisk, search, or otherwise detain Mr. Cohen;

3. Mr. Cohen was arrested by the Defendant Detectives McMains and Sampson (who were not witnesses to Officer Marini's prior encounter with Mr. Cohen) many hours later during the late afternoon/early evening of September 25, 2003. Officer Marini was not present at any time during Mr. Cohen's arrest;

4. Mr. Cohen was subsequently charged with violating M.G.L. c. 274, Section 6, Attempt to Commit A Crime, Breaking Into A Motor Vehicle, the basis for the charges against Mr. Cohen was a falsely incriminated incident report prepared by Defendants;

5. Shortly after Mr. Cohen's arrest, notice thereof was reported in the Newton Tab on or about October 1, 2003.

6. Mr. Cohen was forced to retain private counsel to defend against the criminal charges. The Newton District Court dismissed the charges against Mr. Cohen on October 21, 2003, approximately one month after Mr. Cohen's arrest during a pre-trial proceeding and was entered by the Court over the objection of the Middlesex District Attorney's office.

7. On or about November 1, 2004, Mr. Cohen sent the City of Newton and the Newton Police Department demand letters seeking damages and other relief as a result of the conduct of the Newton Defendants. The City of Newton denied Mr. Cohen's claim by indicating that they believed the "initial stop and arrest of Mr. Cohen were lawful." Thus, Mr. Cohen was compelled to initiate the within lawsuit.

## MR. COHEN'S CLAIMS

Mr. Cohen has asserted claims for damages pursuant to the following counts: Policy of Non-Feasance in the Protection of Plaintiff's Civil Rights (42 U.S.C. § 1983); False Arrest/Imprisonment; Malicious Prosecution; Assault and Battery; and Common Law Negligence. In essence, Mr. Cohen claims that the Defendants violated his civil rights

4

by implementing and then executing a policy which led to his false arrest, false imprisonment, and malicious prosecution.

Initially, the Plaintiff alleged that his damages included special medical damages as described in his Answers to Defendants' Interrogatories.

The Plaintiff does not generally dispute the Defendants' characterization of the nature of its discovery requests and/or the Plaintiff's responses thereto. The Plaintiff was not at any time intentionally dilatory in obtaining discovery and Plaintiff's counsel repeatedly advised Defendants' counsel that there were difficulties in obtaining the Plaintiff's medical records.

In Plaintiff's Answers to Defendants' Interrogatories, Mr. Cohen disclosed the identity of the two psychotherapists with whom he had treated during the last several years, Dr. Jay Press and Dr. Matthew Luzzi. Mr. Cohen's communications with those two psychotherapists constitutes the entirety of the records which the Defendants seek to compel.

On or about March 7, 2006, Plaintiff's counsel sent the following email to Defendants' counsel:

> Although Mr. Cohen strongly believes the Court would find that the conduct of the Newton Defendants was the direct and proximate cause of a significant

exacerbation of his Obsessive Compulsive Disorder and other medical damages, Mr. Cohen has advised me that he no longer wishes to pursue his claims for special medical damages and/or otherwise present any evidence relating to his medical treatment resulting from the incidents described in the Plaintiff's Complaint. Despite believing that he would be successful on such claims, Mr. Cohen has elected to preserve the sanctity of the confidential psychotherapist-patient relationship that might be compromised by the litigation of said claims. Therefore, as the issue of Mr. Cohen's damages related to and/or evidenced by his medical treatment will no longer be included in this matter, it would be unnecessary for Mr. Cohen to authorize the release and/or otherwise produce any of his medical records. See copy of email of March 7, 2006, hereto attached as Exhibit 1.

Therefore, it is unequivocally clear that Mr. Cohen has expressed a willingness to voluntarily waive any claims for special medical damages in relation to this matter. Mr. Cohen does not loathe the notion of producing his medical records for any strategic reasons. Rather, as the email indicates, Mr. Cohen elected to preserve the sanctity of his psychotherapist-patient relationship rather than pursue the substantial damage claims related to his special medical damages which he suffered as a direct and proximate result of the Defendants' unlawful conduct.

The Defendants have elected to compel Mr. Cohen to produce his medical records despite his willingness to voluntarily waive his claim for special medical damages. Thus, in the event Mr. Cohen is required by this Honorable Court to produce his medical records, Mr. Cohen will also

6

be compelled to pursue his claims for special medical damages.

If the Court deems it necessary, Mr. Cohen is willing to submit a copy of his medical records to the Court for *in camera* review of the contents thereof to determine the relevancy of same.

## LEGAL STANDARD

The relationship between a patient and a psychotherapist is a sanctimonious and permeated by the expectation that information furnished by the patient to the psychotherapist is confidential. Thus, the communications which occur during the patient-psychotherapist relationship are afforded by law the substantial protection of an evidentiary privilege.

In Massachusetts, communications between patients and psychotherapists are deemed subject to a privilege of non-disclosure in favor of the patient. See M.G.L. c.233, § 20B. M.G.L. c. 233, § 20B, codifies the patient's privilege with respect to non-disclosure of communications with psychotherapists and provides in relevant part as follows:

> In any court proceeding and in any proceeding preliminary thereto . . . a patient shall have the privilege of refusing to disclose, and of preventing a witness from disclosing, any communication, wherever made, between said patient and a psychotherapist

relative to the diagnosis or treatment of the patient's mental or emotional condition.

Pursuant to M.G.L. c. 233, § 20B, a "patient" is a person who, during the course of diagnosis or treatment, communicates with a psychotherapist and a "psychotherapist" is defined as a person licensed to practice medicine, who devotes a substantial portion of his time to the practice of psychiatry. "Psychotherapist" also includes a person who is licensed as a psychologist by the board of registration of psychologists. "Communications" are defined by the statue as including conversations, correspondence, actions and occurrences relating to diagnosis or treatment before, during or after institutionalization, regardless of the patient's awareness of such conversations, correspondence, actions and occurrences, and any records, memoranda or notes of the foregoing.

There are circumstances wherein a patient may not be afforded the opportunity to assert that privilege of non-disclosure of psychotherapist communications. Specifically germane to this instant matter is the following provision of M.G.L. c. 233, § 20B:

> The privilege granted hereunder shall not apply to any of the following communications:--
>
> (c) In any proceeding, except one involving child custody, adoption or adoption consent, in which the

8

> patient introduces his mental or emotional condition as an element of his claim or defense, and the judge or presiding officer finds that <u>it is more important to the interests of justice that the communication be disclosed than that the relationship between patient and psychotherapist be protected</u> (emphasis added).

Indeed, federal law also recognizes the strong privacy interest that surrounds patient-psychotherapist communications. In 2003, Congress promulgated privacy regulations under the "Health Insurance Portability and Accountability Act," often referred to as "HIPAA." Among other things, these regulations limit the ability of a health care provider to release medical records of its patients in order to ensure the protection of patient privacy to the greatest possible extent. In essence, HIPAA regulations limit the ability of health care providers from disclosing information, especially if the information relates to certain matters which implicate issues in which patients have a strong privacy interest, such as medical treatment for mental illness, drug addiction, and/or sexually transmitted disease.

The Defendants cannot demonstrate that the interests of justice will be served by requiring Mr. Cohen, a patient, to waive his privilege of non-disclosure with respect to his communications with his psychotherapists.

A.  Mr. Cohen Has Expressed A Willingness to Waive
    and Claims Related to Special Medical Damages

Mr. Cohen has expressed a willingness to waive any claims "for special medical damages and/or otherwise present any evidence relating to his medical treatment resulting from the incidents described in the Plaintiff's Complaint." See Exhibit 1. Thus, the Defendants assertion that Mr. Cohen is still claiming that a multitude of medical disorders that either developed from, or were exacerbated by, the Defendants' conduct is undermined by Mr. Cohen's expression of his willingness to waive said claims.

There is no legal mandate that Plaintiff produce psychotherapist records to establish either a claim for general emotional distress, compensatory, and/or punitive damages associated with claims pursuant to 42 U.S.C. § 1983 and/or state law claims. See Bournewood Hospital, Inc. v. MCAD, 371 Mass. 303, 313-17 (1976); Buckley Nursing Home, Inc. v. MCAD, 20 Mass.App.Ct.172, 182-83 (1985). Indeed, a Plaintiff may recover damages pursuant to 42 U.S.C. § 1983 "for redress" if a party is found liable for subjecting, or causing to be subjected to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws. See Koster v. Trans World Airlines, 181 F.3d 24, 36

(1st Cir. 1999) (medical testimony not required to prove emotional distress, but absence of such evidence is relevant to amount of the award).

Generally, one need not produce medical evidence in order to state a claim for general emotional distress. Bresnahan v. Mcauliffe, 47 Mass. App. Ct. 278 (1999) citing Sullivan v. Boston Gas Co., 414 Mass. 129, 134 (1993)(physical harm requirement to evidence emotional distress does not mandate the introduction of medical evidence for a plaintiff to meet his burden of producing sufficient objective evidence of physical manifestation of mental distress).

There is also no requirement that a Plaintiff introduce psychiatric medical evidence in order to recover damages relating to false arrest and malicious prosecution claims. In Forgie-Buccioni v. Hannaford Brothers Inc., No. 04-2251 (1st Cir. 07/01/2005), the Court upheld a jury award in the amount of $100,000 on false arrest and malicious prosecution claims based upon Plaintiff evidence that he incurred legal fees of over $15,000 in defending against his criminal charges and testimony that Plaintiff also suffered from hypoglycemic shock while detained in Defendant's store, was humiliated when escorted out of the

11

store in handcuffs, and that the arrest affected his reputation. See also Whitfield v. Melendez-Rivera, No. 04-1217 (1st Cir. 12/06/2005)(upholding award of punitive damages to Plaintiff on the basis of evidence showing malicious disregard for Plaintiff's constitutional rights).

As the law is clear that medical evidence of emotional distress is not necessary to prove a claim for recovery of general emotional distress damages in civil rights matters, and inasmuch as Plaintiff is willing to waive his claims for special medical damages, the Defendants' contention that Plaintiff should be compelled to produce his psychotherapist treatment records in connection with his damage claims is without merit.

   B.   The Interests of Justice Would Not Be Served if
        Plaintiff Was Required to Waive His Privilege of
        Non-Disclosure in this Matter

As Mr. Cohen has expressed a willingness to waive his claims for special medical damages and/or introduce any evidence of medical treatment which occurred after the incidents set forth herein, there is no compelling reason to require him to produce his medical records.

Mr. Cohen vehemently disagrees with the assertion that his psychotherapist communications are specifically relevant to the facts and circumstances surrounding the

events at issue in this matter. The witnesses to the events, Mr. Cohen, Officer Marini, and later the other Defendant Police Detectives and Officers, have personal knowledge of the facts and Mr. Cohen's behavior. Any information contained in Mr. Cohen's psychotherapist records does not effect the recollections of the witnesses as to the conduct of the Plaintiff at the time of the relevant incidents.

Plaintiff's subjective statements regarding his habits of wearing gloves and his fears of contact with toxins are borne of his own personal experience. Thus, the Plaintiff may set forth factual allegations founded upon Mr. Cohen's personal knowledge and experience without being required to corroborate that his behavior has its roots in or is otherwise caused by a medical condition.

Defendants are not entitled to force the Plaintiff to waive his privilege of non-disclosure simply because Plaintiff has made statements regarding his own personal habits and/or feelings.

The Defendants ability to defend themselves and receive a full and fair trial will not compromised by the Plaintiff's exercise of his privilege of non-disclosure with respect to his psychotherapist communications.

## CONCLUSION

Based on the foregoing, the Court should deny the Newton Defendants' Motion to Compel. In the event, however, that this Honorable Court is inclined to grant the Defendants' requested relief, it is hereby requested that the Court impose substantial restrictions upon the use of Mr. Cohen's medical records to preserve and protect the confidentiality thereof to the greatest possible extent and to order same impounded during the course of this matter.

    Respectfully submitted,
    Plaintiff,
    Barry M. Cohen,
    By his attorney,


/s/ Christopher W. McHallam
Christopher W. McHallam
BBO #637464
500 Commercial Street
Suite 4R
Boston, Massachusetts
(617) 523-4552

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for the Defendant, by hand, on March 28, 2006.

                                        /s/ Christopher W. McHallam
                                             Christopher W. McHallam
                                             Counsel for Plaintiff

**EXHIBIT 1**

## Christopher McHallam

**From:** Christopher McHallam
**Sent:** Tuesday, March 07, 2006 4:00 PM
**To:** 'ASmagula'
**Subject:** Cohen v. The City of Newton, et al.

Dear Angela:

Although Mr. Cohen strongly believes the Court would find that the conduct of the Newton Defendants was the direct and proximate cause of a significant exacerbation of his Obsessive Compulsive Disorder and other medical damages, Mr. Cohen has advised me that he no longer wishes to pursue his claims for special medical damages and/or otherwise present any evidence relating to his medical treatment resulting from the incidents described in the Plaintiff's Complaint. Despite believing that he would be successful on such claims, Mr. Cohen has elected to preserve the sanctity of the confidential psychotherapist-patient relationship that might be compromised by the litigation of said claims. Therefore, as the issue of Mr. Cohen's damages related to and/or evidenced by his medical treatment will no longer be included in this matter, it would be unnecessary for Mr. Cohen to authorize the release and/or otherwise produce any of his medical records.

Thank you for your attention to this matter.

Christopher W. McHallam

4/7/2006