UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

------------------------------------
```
                                    )
Barry M. Cohen,                     )
                                    )
       Plaintiff,                   )
                                    )
       v.                           )     Civil Action No.:
                                    )     05-11727-DPW
The City of Newton, The Newton      )
Police Department,                  )
Police Chief Jose M. Cordero,       )
Newton Police Officer Rocky Marini  )
(Badge No. 13963),                  )
Newton Police Detective Robert F.   )
Sampson, Newton Police Detective    )
Sergeant George McMains,            )
Newton Police Officer Zachary       )
Raymond, and Newton Police Officer  )
Joseph T. McLaughlin,               )
                                    )
       Defendants.                  )
```
------------------------------------

### AFFIDAVIT OF CHRISTOPHER W. McHALLAM, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES FROM THE DEFENDANT, CHIEF JOSE M. CORDERO

NOW COMES the Plaintiff's counsel, Christopher W. McHallam, Esq., and hereby submits the within Affidavit in Support of Plaintiff's Motion to Compel Discovery Responses from the Defendant, Jose M. Cordero (hereinafter "Cordero"). After being duly sworn, Plaintiff's counsel states as follows:

1. On or about March 10, 2006, Mr. Cohen served Interrogatories, Requests for the Production of Documents, and a Notice of Taking of Deposition upon the Defendant

Cordero by and through his counsel of record.  See copy of said discovery requests hereto attached as Exhibit 1.

2.    Defendant's Counsel advised that Cordero would not respond to said discovery requests and would not be produced for deposition.

3.    On or about April 27, 2006, Plaintiff's counsel sent a letter via facsimile and first-class mail to Defendant's counsel conferencing the issues related to Defendant Cordero's lack of response and/or cooperation.  A copy of said letter is hereto attached as Exhibit 2. Defendant's counsel responded on or about May 4, 2006, with an affirmation that the Defendant Cordero would not respond to any of Plaintiff's discovery requests.  A copy of which is hereto attached as Exhibit 3.

4.    The Defendant Cordero is a party to this case and is represented by counsel, who has filed an answer and motions on his behalf.  Defendant Cordero's appearance in this matter was not in any way limited or specialized.

SIGNED UNDER PENALTY OF PERJURY THIS _20_ TH DAY OF MAY, 2006.

2

Respectfully submitted,

/s/ Christopher W. McHallam
Christopher W. McHallam
BBO #637464
500 Commercial Street
Suite 4R
Boston, Massachusetts
(617) 523-4552

UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

$Exhibit\ 1$

------------------------------------

Barry M. Cohen,     )
    )
    Plaintiff,     )
    )
    v.     )    Civil Action No.:
    )    05-11727-DPW
The City of Newton, The Newton  )
Police Department,     )
Police Chief Jose M. Cordero,     )
Newton Police Officer Rocky Marini )
(Badge No. 13963),     )
Newton Police Detective Robert F. )
Sampson, Newton Police Detective  )
Sergeant George McMains,     )
Newton Police Officer Zachary   )
Raymond and Newton Police Officer )
Joseph T. McLaughlin,     )
    )
    Defendants.     )

------------------------------------

### PLAINTIFF BARRY M. COHEN'S FIRST REQUESTS FOR THE PRODUCTION OF DOCUMENTS PROPOUNDED TO THE DEFENDANT, POLICE CHIEF JOSE M. CORDERO

Pursuant to Fed.R.Civ.P. Rule 34, you are requested to produce any and all documents requested herein within thirty (30) days following the date these requests were served upon you, no later than 2:00 P.M. in the law offices of **Christopher W. McHallam, Esq., 500 Commercial Street, Suite 4R, Boston, Massachusetts, 02109**, for purposes of inspection and copying or, in lieu thereof, to produce those same documents, or true and legible copies, with the same time period, by mail or other similarly reliable means to the law offices of **Christopher W. McHallam, Esq., 500 Commercial Wharf, Suite 4R, Boston, MA, 02110**, for purposes of inspection and copying.

All documents produced shall be set forth in the order kept in the ordinary course of business, and shall be labeled or otherwise specifically identified so as to correspond and be responsive to all appropriate answers to

1

the Requests for Production.  The Requests for Production
shall be deemed continuing in nature, call for prompt
production by you of all documents which come into your
possession, custody, or control at any time prior to the
conclusion of the trial in the above-captioned matter, as
well as all documents currently in your possession,
custody, or control.

### DEFINITIONS, PROCEDURES AND INSTRUCTIONS

**Agent**:  "Agent" means all persons, including but not
limited to any representative authorized to act on the
behalf of, or for the benefit of, another person.

**Communication**:  "Communication" means a statement of any
nature or description, whether in oral or writing, in which
information was transmitted between two or more persons.

**Date or Period**:  If you do not know the exact date or
period, please supply an approximation.

**Document**:  "Document" means, without limitation, the
original and all non-identical copies, the following items,
whether printed, recorded, filmed, reproduced by any
process, written or produced by hand, that are or have been
in the possession, custody, or control of the party
responding to this request of which the party responding to
this request has knowledge, whether or not claimed to be
privileged against discovery on any grounds, and whether an
original, master, or copy, namely:  agreements; licenses;
permits; warrants; communications; including intra-company
communications; correspondence; cablegrams; radiograms;
telegrams; notes and memoranda; email; summaries; records
and minutes of telephone conversations; meetings or
conferences; voice records; summaries and records of
personal conversations or interviews; books; manuals;
publications; diaries; charts; statistical compilations;
studies; plans; sketches; drawings; maps; photographs;
reports and summaries of negotiations; brochures;
pamphlets; catalogs; catalog sheets; advertisements and
circulars; trade letters; press and publicity release;
drafts or originals, or preliminary notes on and marginal
comments appearing on any documents; financial statements;
minutes of board of directors meetings; stenographic or
handwritten notes; every copy where the original is not in
the possession, custody, or control of the party responding
to this request; every copy where such copy is not an

2

identical copy of an original or where such copy contains
any commentary or notation whatsoever that does not appear
in the original; other reports and records; and, any other
information containing paper, writing, or physical things.

   As used herein, the word "documents" specifically
refers to all things of a physical nature, including but
not limited to computer discs, computer tapes, tape
recordings, telephone messages or memoranda, and
handwritten notes.

   Without limitation of the term as used in the
preceding sentence, a document is deemed to be in your
control if you have the right to secure it or a copy of it
from the person or public or private entity which has
actual possession of it.

   If a document is responsive to a request for
identification or production, but it is not in your
possession, custody, or control, identify the person or
entity which has possession, custody, or control.  If you
do not have this information, state what disposition was
made of the document, by whom, and the date or dates on
which such disposition was made and why.

**Or**:  For the purposes of these Interrogatories, "or" shall
be construed either conjunctively or disjunctively to bring
within the scope of these Requests any information which
might have otherwise been construed to be outside their
scope.

**Person**:  "Person" means, without limitation, any and all
entities including but not limited to all individuals,
groups, associations, organizations, or businesses.

**Relating To**:  For the purposes of the Requests, "relating
to" shall mean pertinent, relevant, or material to,
evidencing, having a bearing on, or concerning, affecting,
discussing, or otherwise dealing with the subject matter in
any way whatsoever.

**Representation**:  "Representation" means a statement of any
nature or description, whether oral or in writing, intended
to influence another person.

3

**Statement**:  "Statement" includes but is not limited to, each recordation of an interview or communication with a witness, whether by a signed writing, recording, court reporter, notes, documents, or otherwise.

**Witness**:  "Witness" means the name, address, and telephone number of each person or persons having knowledge of discoverable matters or the item in question.

**Other terms**:  The singular includes the plural, and vice versa.  The masculine includes the feminine and neutral genders, and the past tense includes the present tense when the clear meaning is not distorted by the change of tense.

**Lack of Information**:  If you have no information about the subject of a particular Request, or if for some reason you are unable to answer it, the response should specifically so state.  No Request should be left blank without some response.  If you have some information but believe that further information which you know but is not available to you would also be responsive to the Request, you should provide the information you now have and specifically state when the balance of all information will be provided.  If you cannot provide it all, you should provide the name of the person or entity that would be able to provide it.  The fact that a full answer cannot now be given is not a basis for you to fail to provide such information as is currently available or known to you.

**Privilege**:  Where a Request calls for the information or identification of a document or communication which you claim as protected by any privilege or other limitation on disclosure, the answer to the Request should state the existence of the information, communication, or document. It should also state each privilege or limitation claimed, with a summary of all facts and circumstances upon which the claim is based.  You should not claim a privilege without also supplying the information above.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request No. 1**:  Provide all documents upon which the witnesses identified in your responses to the Interrogatories served upon you intend to rely to lay a foundation for, establish, or prove evidence at trial.

4

**Request No. 2**:  Provide all documents you intend to offer as exhibits at the time of trial and any documents, not privileged, that you may refer to in order to refresh the recollection of any witnesses in advance of or during trial.

**Request No. 3**:  Provide all documents relating the arrest of Mr. Cohen.

**Request No. 4**:  Provide all documents relating to your oversight of the personnel of Newton Police Department, including any documents which relate to oversight and/or supervision of the incidents described in the Plaintiff's Complaint.

**Request No. 5**:  Provide all documents, videotapes, audio tapes, or other recordings of Mr. Cohen's initial encounter with Officer Marini, and/or his subsequent arrest, detention, and/or release.

**Request No. 6**:  Provide all correspondence and/or email between you and any Newton Police Department personnel relative to Mr. Cohen's arrest and/or prosecution.

**Request No. 7**:  Provide all correspondence and/or email between you, the City of Newton and/or any police officials relative to the efforts by the Newton Police Department to apprehend any suspected perpetrators of car break-ins prior to September 25, 2003.

**Request No. 8**:  Provide all correspondence and/or email between you, the City of Newton and/or any police officials relative to the efforts by the Newton Police Department to conduct a surveillance operation in an effort to apprehend any suspected perpetrators of car break-ins on or about September 25, 2003.

**Request No. 9**:  Provide all correspondence and/or email between you, the City of Newton and/or any police officials regarding Officer Marini's encounter with Mr. Cohen on or about September 25, 2003.

**Request No. 10**:  Copies of all documents relating to any meetings held amongst any Newton police officials regarding the investigation and/or arrest of Mr. Cohen on or about September 25, 2003.

5

**Request No. 11**:  Provide copies of all documents relating
to any other claims made against you at any time during the
past five (5) years with regard to false arrest, false
imprisonment, civil rights violations, and/or other claims
similar to Plaintiff's claim.

**Request No. 12**:  Provide all copies of documents relating
to all training, education, and/or instruction that you
have received at any time relative to arresting suspects,
transporting suspects, fingerprinting suspects, detaining
suspects, and/or imprisoning suspects.

**Request No. 13**:  Provide copies of all complaints, letters,
emails, and/or other documents to you, the Newton Police
Department and/or the City of Newton relating to any
expressions of concern relative to the policies and
practices of the Newton Police Department at any time
within the past five (5) years.

**Request No. 14**:  Provide copies of all documents relating
to any regulations, laws, standards, and/or rules which
relate to the Newton Police's policies and practices in
arresting suspects, transporting suspects, fingerprinting
suspects, detaining suspects, and/or imprisoning suspects.

**Request No. 15**:  Provide copies of all documents relating
to any conversations, statements, investigations, and/or
other occurrences relating to Mr. Cohen's initial encounter
with Officer Marini, his subsequent arrest, and/or his
prosecution.

**Request No. 16**:  Provide copies of all documents relating
to any disciplinary actions taken by you and/or the Newton
Police Department and/or other entities with respect to the
incidents described herein.

**Request No. 17**:  Provide copies of all documents relating
to any disciplinary actions taken by you, the City of
Newton, and/or the Newton Police Department and/or other
entities with respect to any of the individual Defendants
at any time in the past five (5) years.

**Request No. 18**:  Provide copies of all documents relating
to any internal grievances, complaints, and/or other
notices filed with the City of Newton and/or the Newton
Police Department by any police personnel, police
organization, and/or other entity within the past five (5)

6

years.

**Request No. 19**: Provide copies of all documents referred to in Defendants' Required Initial Disclosures.

**Request No. 20**:  Provide copies of all documents relating to numbers of arrests made by the Newton Police Department in the last five (5) years, including any directives, instructions, or orders relating to changes in policy relative to the making of arrests in which you were involved or have knowledge.

**Request No. 21**:  Provide copies of all documents relating to your resignation as Chief of the Newton Police Department in 2004, including any letters of resignation and/or other documents.

**Request No. 22**:  Provide copies of all documents relating any oversight and/or supervision of the Newton Police Department by any other local, state, federal, and/or private organization including in your response any correspondence expressing concern and/or complaint with police conduct at any time in the past five (5) years.

**Request No. 23**: Provide copies of all documents constituting the personnel files of the individual police personnel Defendants, including in your response any citations, reprimands, grievances, or other indicia of discipline.

**Request No. 24**: Provide copies of all correspondence, email, or other documents relating to any meetings, conferences, or other activities relative to any complaints regarding the police tactics and/or policies implemented during the your tenure as Chief.

**Request No. 25**: Provide copies of all documents relating the manner in which you first learned of Officer's Marini's encounter with Mr. Cohen and any documents relating your involvement in the preparation of Officer Marini's incident report(s).

**Request No. 26**:  Provide all documents relating to your knowledge of the Newton Police Department's policies and procedures relating to the booking of arrestees and any involvement you had in creating or modifying said policy.

7

**Request No. 27:** Provide all documents relating to your knowledge of the Newton Police Department's policies and procedures relating to the handling of arrestees deemed to be uncooperative and/or non-compliant and any involvement you had in creating or modifying said policy.

**Request No. 28:** Provide all documents relating to your knowledge of the Newton Police Department's policies and procedures relating to allowing arrestees to make telephone calls during arrest and/or detention and any involvement you had in creating or modifying said policy.

**Request No. 29:** Provide all documents relating to your knowledge of the Newton Police Department's policies and procedures relating to determination of the making of arrests, including any directives, guidelines, and/or orders and any involvement you had in creating or modifying said policy.

**Request No. 30:** Provide all documents relating to your knowledge of the Newton Police Department's policies and procedures relating to the creation, approval, and/or distribution of incident reports, including, in particular, Officer Marini's incident report(s) relating to his encounter with the Plaintiff and any involvement you had in creating or modifying said policy.

**Request No. 31:** Provide all documents relating to your knowledge of the Newton Police Department's policies and procedures relating to the nature and conduct of surveillance operations and any involvement you had in creating or modifying said policy.

**Request No. 32:** Provide all documents relating to your knowledge of the Newton Police Department's policies and procedures relating to use of force during arrests and/or detention of suspects and any involvement you had in creating or modifying said policy.

**Request No. 33:** Provide all documents relating to any directives, policies, policy changes, instructions, or other orders issued by you during your tenure as Police Chief relative to police tactics, increasing arrests, the arrest of suspects; the detention of suspects; dealing with uncooperative suspects; and/or obtaining warrants.

8

**Request No. 34**:  Provide all documents relating to any correspondence between yourself and any police personnel and/or any entity representing police personnel relative to any directives, policies, policy changes, instructions, or other orders issued by you during your tenure as Police Chief relative to the police tactics, increasing arrests, the arrest of suspects; the detention of suspects; dealing with uncooperative suspects; and/or obtaining warrants.

**Request No. 35**:  Provide all documents relating to any correspondence and/or meetings between yourself, any other police personnel, and any City of Newton personnel at any time relative to preventing car break-ins.

**Request No. 36**:  Provide all documents relating to any effort to prevent car break-ins after the arrest of the Plaintiff.

PLAINTIFF RESERVES THE RIGHT TO SUPPLEMENT THIS RESPONSE.

> Respectfully submitted,
> Plaintiff,
> Barry M. Cohen,
> By his Attorney,
>
> _____
> Christopher W. McHallam
> BBO# 637464
> 500 Commercial Street, Suite 4R
> Boston, MA 02109
> (617) 523-4552

9

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for the Defendant, by hand, on March 10, 2006.

_____
Christopher W. McHallam
Counsel for Plaintiff

UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

------------------------------------
                                    )
Barry M. Cohen,                     )
                                    )
       Plaintiff,                   )
                                    )
       v.                           )       Civil Action No.:
                                    )       05-11727-DPW
The City of Newton, The Newton      )
Police Department,                  )
Police Chief Jose M. Cordero,       )
Newton Police Officer Rocky Marini  )
(Badge No. 13963),                  )
Newton Police Detective Robert F.   )
Sampson, Newton Police Detective    )
Sergeant George McMains,            )
Newton Police Officer Zachary       )
Raymond and Newton Police Officer   )
Joseph T. McLaughlin,               )
                                    )
       Defendants.                  )
------------------------------------

## PLAINTIFF BARRY M. COHEN'S FIRST SET OF INTERROGATORIES PROPOUNDED TO THE DEFENDANT, CHIEF JOSE M. CORDERO

     In accordance with the Federal Rules of Civil
Procedure, you are to fully answer, in writing under oath,
each of the following Interrogatories, and return the
completed set of original Interrogatories to the
undersigned attorney within thirty (30) days from the date
these Interrogatories were served upon you. You are to
answer in the spaces provided, inserting additional pages
where necessary. You are also to verify or certify your
answers under penalty of perjury in the location provided.

     These interrogatories are continuing in nature until
the time of trial, and any and all amendments to the
answers provided are to be delivered to the undersigned
attorney as soon as the information is either directly or
indirectly available to you. Any information not supplied
will be objected to at trial.

1

Each interrogatory is required to be answered on the basis of your entire knowledge, including but not limited to all information in the possession of you, your directors, officers, agents, representatives, employees, and attorneys. If any of the following Interrogatories cannot be answered in full, you are to answer to the fullest extent possible, specifying the reason for your inability to answer the remainder, and stating whatever information or knowledge you do have concerning the unanswered portion. If your answer is qualified in any way, please set forth the details of any such qualification.

### DEFINITIONS, PROCEDURES AND INSTRUCTIONS

**Agent**: "Agent" means all persons, including but not limited to any representative authorized to act on the behalf of, or for the benefit of, another person.

**Communication**: "Communication" means a statement of any nature or description, whether in oral or writing, in which information was transmitted between two or more persons.

**Date or Period**: If you do not know the exact date or period, please supply an approximation.

**Document**: "Document" means, without limitation, the original and all non-identical copies, whether different from the original by reason of notations thereon or otherwise, and drafts of any kind or nature, regardless of origin or location, which pertain to the designated subject matter, and are now or were formerly in your actual or constructive possession, custody, or control.

Without limitation of the term as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure it or a copy of it from the person or public or private entity which has actual possession of it.

If a document is responsive to a request for identification or production, but it is not in your possession, custody, or control, identify the person or entity who does have possession, custody, or control. If you do not have this information, state what disposition was made of the document, by whom, and the date or dates on which such disposition was made and why.

2

**Identification of Act**:  "Describe," "state," "identify" or any forms thereof, when used in reference to an act (including an alleged offense), occurrence, contact, transaction, incident, decision, statement, communication or conduct (hereinafter collectively called "act") means to describe in substance the event or events constituting such act, what transpired, the place and date and the identification of both all the persons involved and the documents relating or referring thereto.

**Identification of Documents**:  "Describe," "state," "identify" or any forms thereof, when used in reference to a document, means to set forth, with respect to the original and each copy thereof, its title, or if untitled in nature (e.g., letter memorandum, telegrams, note chart, photograph, sound reproduction, computer printout, etc.) its date, the identity of the author, and, where different the sender and signer.

Also to be included are the identity of the person to whom the original document(s) or any copy was sent, the substance and description of the document sufficient to enable the party propounding these Interrogatories to request its production, the name and last known address of each person who has custody of the document.  If it is no longer in your possession, custody, or control state whether the document was lost, destroyed, or otherwise disposed of and describe the surrounding circumstances, including your authorization and the date of such disposition.  If you claim any privilege against disclosure of any of the above information with respect to any document, describe each such document sufficiently to allow the party propounding these Interrogatories to understand the nature and origin of the document and the reason(s) for the privilege claimed.

**Identification of Oral Communication**:  "Describe," "state," "identify" or any forms thereof, when used in reference to oral communication, means to state the time, date, and place where the communication occurred, its nature and content, the identity of the individuals participating in or who heard it, and its substance.

3

**Identification of Persons**: "Describe," "state," "identify" or any forms thereof, when used in reference to an individual means to state the individual's full name, current business and residence address, present or last known business affiliation and position and dates so employed, and business affiliation and position at the time in question.  When used in reference to an entity, the terms mean to state the type of entity, its official name or designation, and the principal place of business of such entity.

**Identification of Statement**: "Describe," "state," "identify" or any forms thereof, when used in reference to a statement, means to quote as precisely as possible, the time, date, place, and medium through which it was published, and to identify the person or entity making the statement.

**Or**:  For the purposes of these Interrogatories, "or" shall be construed either conjunctively or disjunctively to bring within the scope of these Interrogatories any information which might have otherwise been construed to be outside their scope.

**Person**:  "Person" means, without limitation, any and all entities including but not limited to all individuals, groups, associations, organizations, or businesses.

**Relating To**:  For the purposes of the Interrogatories, "relating to" shall mean pertinent, relevant, or material to, evidencing, having a bearing on, or concerning, affecting, discussing, or otherwise dealing with the subject matter in any way whatsoever.

**Representation**:  "Representation" means a statement of any nature or description, whether oral or in writing, intended to influence another person.

**Statement**:  "Statement" includes but is not limited to, each recordation of an interview or communication with a witness, whether by a signed writing, recording, court reporter, notes, documents, or otherwise.

**Witness**:  "Witness" means the name, address, and telephone number of each person or persons having knowledge of discoverable matters or the item in question.

4

**Other terms**:  The singular includes the plural, and vice versa.  The masculine includes the feminine and neutral genders, and the past tense includes the present tense when the clear meaning is not distorted by the change of tense.

**Lack of Information**:  If you have no information about the subject of a particular Interrogatory, or if for some reason you are unable to answer it, the response should specifically so state.  No Interrogatory should be left blank without some response.  If you have some information but believe that further information which you know but is not available to you would also be responsive to the Interrogatory, you should provide the information you now have and specifically state when the balance of all information will be provided.  If you cannot provide it all, you should provide the name of the person or entity that would be able to provide it.  The fact that a full answer cannot now be given is not a basis for you to fail to provide such information as is currently available or known to you.

**Privilege**:  Where an Interrogatory calls for the information or identification of a document or communication which you claim as protected by any privilege or other limitation on disclosure, the answer to the Interrogatory should state the existence of the information, communication, or document.  It should also state each privilege or limitation claimed, with a summary of all facts and circumstances upon which the claim is based.  You should not claim a privilege without also supplying the information above.

**State Each and Every Fact**:  In providing answers to these Interrogatories, you are to state each and every fact (or forms thereof) pertaining to or supporting a particular event, allegation, contention, answer or set of facts.  You are to fully set forth, describe, and identify each and every ultimate evidentiary fact (including but not limited to each and every act, event occurrence, omission, transaction, document, communication, and person involved) which you claim or contend constitute, support, or pertain to the particular allegation, contention, answer or set of facts is question.

5

## Interrogatories

**Interrogatory No. 1**: Please state the full name, present business address, title, and description of duties of the person answering these interrogatories and identify all persons who provided information in connection with the within answers.

**Interrogatory No. 2**: Please state the full name, present business address, present residential address, profession, or occupation and any areas of specialization of each and every person whom you expect to call as an expert witness at the trial of this action and please describe in detail the qualifications of each such person with particular reference to the issues which each such person may be expected to testify at the trial of this action.

**Interrogatory No. 3**: Please describe separately, for each person identified in your answer to the foregoing interrogatory, the following: the subject matter on which each such expert may be expected to testify; the substance of any and all facts about which each such expert may be expected to testify; the contents of any and all opinions to which each such expert may be expected to testify at trial; a summary of the grounds for each such opinion; and state in detail the substance of all facts upon which such opinions are based.

**Interrogatory No. 4**: Please state the full name, present business address, and present residential address, of each and every person whom you expect to call as a witness at the trial of this action and please describe in detail the substance of what each such person may be expected to testify at the trial of this action.

**Interrogatory No. 5**: Identify all Newton Police Department staff, employees, and/or agents who were involved in the arrest, booking, detention, release, and/or prosecution the Plaintiff.

**Interrogatory No. 6**: Set forth the efforts taken by the Newton Police Department to investigate the Plaintiff's claims, including in your answer the identity of all persons involved in the investigation and the substance of any findings or reports resulting therefrom.

**Interrogatory No. 7**: Set forth in detail the process by which Officer Marini came to be conducting a surveillance operation during the early morning hours of September 25, 2003, including in your answer the identity of all police personnel involved in deciding the nature, time, location, and identity of the officer conducting said surveillance operation and those involved in determining the ground rules and exact nature of said operation.

**Interrogatory No. 8**: Set forth in detail all the reasons why the Newton Police Department decided to conduct a surveillance operation during the early morning hours of September 25, 2003, including in your answer the identity of all police personnel involved in deciding the specific nature, time, and location of said surveillance operation.

**Interrogatory No. 9**: Set forth in detail who decided to take out a warrant for the Plaintiff's arrest on or about September 25, 2003, including in your answer the identify of all police personnel involved in said decision.

**Interrogatory No. 10**: Describe in detail the sequence of events related to the procurement of an arrest warrant by the Newton Police Department for Mr. Cohen's arrest on or about September 23, 2003, including in your answer the identity of all police personnel involved in said endeavor, the exact timing and nature of their actions, and the identity of all supervising personnel involved.

**Interrogatory No. 11**: Set forth in detail the process by which Detectives Sampson and McMains were charged with making the arrest of the Plaintiff, including in your answer the identity of all police personnel involved in deciding the nature, time, location, and identity of the officers making said arrest.

**Interrogatory No. 12**: Set forth in detail all the reasons why the Newton Police Department decided to arrest Mr. Cohen at his parents' home on 87 Hammond Street, including in your answer the identity of all police personnel involved in said decision.

**Interrogatory No. 13**: Set forth in detail all aspects of the Newton Police Department's standard booking procedures, including in your answer the origin of said procedures and all police personnel involved in creating and supervising said booking procedures.

7

**Interrogatory No. 14**:  Set forth whether the Newton Police Department generally video tapes or otherwise records its encounters, arrests, bookings, and/or detainments of suspects.  If so state, the exact nature of any such recordings, the time the recording of such events was commenced, the location of all recording devices, the media on which such recordings were made, the location of all such recordings, and whether such recordings were kept of the time of the Plaintiff's arrest.

**Interrogatory No. 15**:  Set forth the basis for your contention that it is standard policy and procedure to place an arrestee in a cell when the arrestee refuses to complete the booking process, including in your answer the identity of all documents relating to any such policies and procedures and the identity of all police personnel involved in creating and effectuating such policies and procedures.

**Interrogatory No. 16**:  Set forth the basis for the contention that Newton police officers followed proper and lawful Newton Police Department procedures to the letter, including in your answer the nature of all investigations made, the identity and substance of all policies and procedures referred to, and the identity of all police personnel involved in the creation and effectuation of all such policies and procedures.

**Interrogatory No. 17**:  Set forth in detail all investigative efforts made by the Newton Police Department either before or after Mr. Cohen's arrest relative to the verification of the charges against Mr. Cohen, including in your answer the exact nature and date of all such activities, the identity of all police personnel involved in such activities, and the identity of all persons to whom any information discovered was communicated.

**Interrogatory No. 18**:  Set forth in detail whether any other false arrest, false imprisonment, civil rights violations, or other misconduct complaints or claims have been asserted against you and/or any personnel of the Newton Police Department within the past five (5) years, including in your answer the name of the involved parties, the identity of any related proceedings, and the disposition of any such claims.

**Interrogatory No. 19**:  Describe your basis for writing in the Newton Tab in October, 2003, that the Newton Police were "able to effectuate an arrest" relating to car break-ins, including in your answer to whom you were referring as the arrestee and any investigation that had been conducted with respect to the arrestee's involvement with the car break-ins to which you were referring.

**Interrogatory No. 20**:  Describe in detail the basis for the contention that the Plaintiff engaged in eccentric and paranoid behavior during his arrest and detention, including in your answer the substance of any statements which form the basis for such a contention and the identity of the persons making any such statements.

**Interrogatory No. 21**:  Describe in detail the basis for the contention that the arrest of the Plaintiff was routine, including in your answer the substance of any statements which form the basis for such a contention and the identity of the persons making any such statements.

**Interrogatory No. 22**:  Describe in detail the basis for the contention that arrest of the Plaintiff was lawful, including in your answer the identity of all police personnel who were involved in making such a determination and the exact basis for making such a conclusion.

**Interrogatory No. 23**:  Describe in detail any meetings between yourself, any Newton police personnel, and/or any City of Newton personnel relating to the arrest and/or prosecution of the Plaintiff, including in your answer the time, date, location, and substance of any such meetings.

**Interrogatory No. 24**:  Describe in detail any meetings between yourself, any Newton police personnel, and/or any Newton District Court personnel relating to the issuance of a warrant for arrest and/or prosecution of the Plaintiff, including in your answer the time, date, location, and substance of any such meetings.

**Interrogatory No. 25**:  Detail all events which occurred relative to the review and approval of Officer Marini's incident report No. 0359046, including in your answer the exact nature of all such events and the identity of all police personnel involved in said review and approval.

**Interrogatory No. 26**:  Detail any meetings or other communications between yourself and the City of Newton regarding any complaints, expressions of concern, and/or grievances asserted with respect to the police conduct during your tenure as Chief of the Newton Police.

Respectfully submitted,
Plaintiff,
Barry M. Cohen,
By his Attorney,


Christopher W. McHallam
BBO# 637464
500 Commercial Street, Suite 4R
Boston, MA 02109
(617) 523-4552

10

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for the Defendant, by hand, on March 10, 2006.

_____
Christopher W. McHallam
Counsel for Plaintiff

UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

-----------------------------------

```
                                    )
Barry M. Cohen,                     )
                                    )
     Plaintiff,                     )
                                    )
     v.                             )      Civil Action No.:
                                    )      05-11727-DPW
The City of Newton, The Newton      )
Police Department,                  )
Police Chief Jose M. Cordero,       )
Newton Police Officer Rocky Marini  )
(Badge No. 13963),                  )
Newton Police Detective Robert F.   )
Sampson, Newton Police Detective    )
Sergeant George McMains,            )
Newton Police Officer Zachary       )
Raymond and Newton Police Officer   )
Joseph T. McLaughlin,               )
                                    )
     Defendants.                    )
```

-----------------------------------

## NOTICE OF TAKING OF DEPOSITION

To:  Angela Buchanan Smagula, Esq.
     City Solicitor's Office
     City of Newton
     City Hall
     1000 Commonwealth Avenue
     Newton, Massachusetts 02459

     Please take notice that on Monday, April 17, 2006, at
1:00 P.M., at the offices of Christopher W. McHallam, Esq.,
500 Commercial Street, Suite 4R, Boston, Massachusetts,
02109, the Plaintiff in the above-captioned matter, Barry
M. Cohen, by and through his attorney, will take the
deposition of the Defendant, Chief Jose M. Cordero,
pursuant to the applicable provisions of the Massachusetts
Rules of Civil Procedure, before a Court Reporting Service,
Notaries Public in and for the Commonwealth of
Massachusetts, or before some other officer authorized by
law to administer oaths.

The oral examination will continue from day to day until completed.  You are invited to attend and cross-examine.

Respectfully submitted,
Plaintiff,
Barry M. Cohen,
By his Attorney,

Christopher W. McHallam
BBO# 637464
500 Commercial Street, Suite 4R
Boston, MA 02109
(617) 523-4552

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for the Defendant, by hand, on March 10, 2006.

_____
Christopher W. McHallam
Counsel for Plaintiff

CHRISTOPHER W. McHALLAM

ATTORNEY AT LAW

500 COMMERCIAL STREET

BOSTON, MASSACHUSETTS 02109

$\mathcal{E}XHIBIT\ 2$

Telephone:     (617) 523-4552                    Facsimile (617) 723-9211

April 28, 2006

**VIA FACSIMILE AND FIRST-CLASS MAIL**

Angela Buchanan Smagula, Esq.
City Solicitor's Office
City of Newton
City Hall
1000 Commonwealth Avenue
Newton, Massachusetts 02459

> Re:  Barry M. Cohen v. City of Newton, et al.
>      United States District Court
>      District of Massachusetts
>      Civil Action No. 05-11727-DPW

Dear Attorney Smagula:

This letter is written with respect to the City of Newton's failure to respond to the discovery requests served upon the Defendant, Jose M. Cordero and its declaration that it will not produce said Defendant for deposition.

It is requested that the Defendant Cordero respond to Mr. Cohen's discovery requests immediately and be made available for deposition in May, 2006.  The City of Newton has filed an appearance as counsel on behalf of the Defendant Cordero and has filed motions on behalf of said Defendant.  Thus, in the course of its duties as counsel, the City of Newton is required to ensure that said Defendant responds to discovery requests and is available for deposition.

Indeed, it seems that the City of Newton is making a bad faith effort to avoid providing discovery responses from a party whom it clearly represents.

We await your prompt response to the within demand. Please consider this correspondence to be a Local Rule 37.1 communication.

Very truly yours,

Christopher W. McHallam

Cc:  Barry M. Cohen

LAW DEPARTMENT



# CITY OF NEWTON, MASSACHUSETTS
## CITY HALL
1000 COMMONWEALTH AVENUE
NEWTON CENTRE, MA  02459
TELEPHONE (617) 796-1240
FACSIMILE (617) 796-1254

EXHIBIT 3

**CITY SOLICITOR**
**DANIEL M. FUNK**

**ASSOCIATE CITY SOLICITORS**
OUIDA C.M. YOUNG          GAYLE A. SMALLEY

**ASSISTANT CITY SOLICITORS**

RICHARD G. CHMIELINSKI
DONNALYN B. LYNCH KAHN
EILEEN M. MCGETTIGAN
CATHERINE L. FARRELL
MARIE M. LAWLOR
ANGELA B. SMAGULA

## BY FAX (617-723-9211 and 508-533-0778) AND MAIL

May 4, 2006

Christopher W. McHallam, Esquire
500 Commercial Street
Suite 4R
Boston, Massachusetts  02109

Re:     *Barry M. Cohen v. City of Newton, et al.*
        United States District Court
        Civil Action Number 05-11727DPW

Dear Christopher:

 I write in response to your April 28, 2006 letter concerning defendant Jose Cordero ("Cordero"), and the City of Newton's representation of him.

As you are aware, Cordero is the *former* Chief of Police of Newton. And, as we have discussed a number of times, it is our understanding and position that based on the pleadings in this case, and our vast experience representing the City and its officials in these types of cases, Cordero has been sued in his official capacity as the Chief of Police, acting on behalf of the Newton Police Department and the City, both named defendants. Local government officials sued under §1983 in their official capacities are *one and the same* as the governmental entity. Monell v. N.Y. City Dept. of Social Services, 436 U.S. 688, 690 (1978). Consequently, we have answered discovery for both the City and the Newton Police Department and assert that this is appropriate, responsive, and constitutes responses on behalf of Cordero in this understood official capacity.

As I have explained to you before, Cordero no longer works for the Newton Police Department and is not an employee for the City in any capacity. He is not within our custody or control. Therefore, the City cannot answer interrogatories directed to him, nor can it compel him to appear for a deposition.

I will note that courts have emphasized the importance of giving governmental officials adequate notice of the capacity in which they are being sued, and that the First Circuit looks to the "course of proceedings" to determine in what capacity a governmental employee is named if the caption is otherwise unclear.  See Powell v. Armstrong, 391 F.3d 1 (1st Cir. 2004).  The "course of proceedings" indicates that Cordero is being sued in his official capacity and the City has formally answered on his behalf only with that understanding, and in that regard.  See, e.g., Houston v. Reich, 932 F2d 883 (10th Cir. 1997); Powell, 391 F.3d 1 (1st Cir. 2004).

Sincerely,

Angela B. Smagula
Assistant City Solicitor


cc:  Donnalyn B. Lynch Kahn, Assistant City Solicitor

2