UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

---

Barry M. Cohen,           )
                          )
    Plaintiff,            )
                          )
    v.                    )    Civil Action No.:
                          )    05-11727-DPW
The City of Newton, The Newton       )
Police Department,                   )
Police Chief Jose M. Cordero,        )
Newton Police Officer Rocky Marini   )
(Badge No. 13963),                   )
Newton Police Detective Robert F.    )
Sampson, Newton Police Detective     )
Sergeant George McMains,             )
Newton Police Officer Zachary        )
Raymond, and Newton Police Officer   )
Joseph T. McLaughlin,                )
                                     )
    Defendants.                      )

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO COMPEL DISCOVERY RESPONSES FROM THE DEFENDANT, CHIEF JOSE M. CORDERO**

NOW COMES the Plaintiff, Barry M. Cohen (hereinafter "Mr. Cohen") and hereby submits the within Memorandum in Support of his Motion to Compel Discovery Responses from the Defendant, Jose M. Cordero (hereinafter "Cordero"). In support of said motion, the Plaintiff states as follows:

**FACTUAL BACKGROUND**

The factual assertions contained in the Plaintiff's Complaint are incorporated herein by reference. There are several unequivocal and elementary facts which gave rise to the Plaintiff's claims, which are summarized herein:

1. The Plaintiff has never before been arrested, charged with a crime, or otherwise been involved in a criminal proceeding;

2. Mr. Cohen alleges that beginning in 2002, the Defendant Cordero instituted aggressive policing practices which resulted in an exponential increase in the number of arrests made in Newton and which willfully and/or recklessly disregarded the civil and legal rights of citizens.

3. On or about September 25, 2003, during the early morning hours the Defendant Officer Marini encountered Mr. Cohen in the area of Fellsmere Road, Newton, and did not arrest, frisk, search, or otherwise detain Mr. Cohen;

4. Mr. Cohen alleges that the next morning the Defendant Cordero and/or others in the Newton Police Department insisted that Mr. Cohen be arrested, despite knowing that no legal or

factual basis existed to authorize Mr. Cohen's arrest.

5. Mr. Cohen was arrested by the Defendant Detectives McMains and Sampson (who were not witnesses to Officer Marini's prior encounter with Mr. Cohen) many hours later during the late afternoon/early evening of September 25, 2003. Officer Marini was not present at any time during Mr. Cohen's arrest;

6. Mr. Cohen was subsequently charged with violating M.G.L. c. 274, Section 6, Attempt to Commit A Crime, Breaking Into A Motor Vehicle, the basis for the charges against Mr. Cohen was a falsely incriminating incident report prepared by Defendants;

7. Shortly after Mr. Cohen's arrest, notice thereof was reported in the Newton Tab on or about October 1, 2003 and the Defendant Cordero wrote a commentary in the Newton Tab indicating that an arrest (Mr. Cohen's arrest) had been made in connection with an effort to stop a recent spree of car robberies;

8. Mr. Cohen was forced to retain private counsel to defend against the unfounded and improperly brought criminal charges. The Newton District Court dismissed the charges against Mr. Cohen on October 21, 2003, approximately one month after Mr. Cohen's arrest during a pre-trial proceeding and was entered by the Court over the objection of the Middlesex District Attorney's office.

9. On or about November 1, 2004, Mr. Cohen sent the City of Newton and the Newton Police Department demand letters seeking damages and other relief as a result of the conduct of the Newton Defendants. The City of Newton denied Mr. Cohen's claim by indicating that they believed the "initial stop and arrest of Mr. Cohen were lawful." Thus, Mr. Cohen was compelled to initiate the within lawsuit.

### MR. COHEN'S CLAIMS

Mr. Cohen has asserted claims for damages against all the Defendants, as defined in the following counts: Policy of Non-Feasance in the Protection of Plaintiff's Civil Rights (42 U.S.C. § 1983); False Arrest/Imprisonment; Malicious Prosecution; Assault and Battery; and Common Law Negligence. In essence, Mr. Cohen claims that the

4

Defendants violated his civil rights by implementing and then executing a policy which led to his false arrest, false imprisonment, and malicious prosecution.

Mr. Cohen has specifically alleged that the Defendant Cordero violated his civil rights and otherwise acted unlawfully by ordering the arrest of Mr. Cohen, despite knowing that no legal basis existed to arrest Mr. Cohen and despite knowing that Officer Marini (the only Newton Police witness to Mr. Cohen's conduct which gave rise to the initiation of the criminal prosecution) did not deem it appropriate to arrest Mr. Cohen at the time the incident occurred.

Therefore, the role of the Defendant Cordero in the arrest and subsequent malicious prosecution of Mr. Cohen is critical and at the heart of the Mr. Cohen's claims.

## DISCOVERY ISSUES

On or about March 10, 2006, Mr. Cohen served Interrogatories, Requests for the Production of Documents, and a Notice of Taking of Deposition upon the Defendant Cordero by and through his counsel of record. See copy of said discovery requests hereto attached as Exhibit 1.

Defendant's Counsel advised that Cordero would not respond to said discovery requests and would not be produced for deposition.

On or about April 27, 2006, Plaintiff's counsel sent a letter via facsimile and first-class mail to Defendant's counsel conferencing the issues related to Defendant Cordero's lack of response and/or cooperation. A copy of said letter is hereto attached as Exhibit 2. Defendant's counsel responded on or about May 4, 2006, with an affirmation that the Defendant Cordero would not respond to any of Plaintiff's discovery requests. A copy of which is hereto attached as Exhibit 3.

## LEGAL STANDARD

Civil litigants have a legal obligation to produce all information "which is relevant to the subject matter involved in the pending action," Fed. R. Civ. P. 26(b)(1). The Defendant Cordero is a party to this case and thus has an obligation to produce information relevant and/or which may lead to relevant information. See Id.

## ARGUMENT

The Defendant Cordero has an obligation to respond to Mr. Cohen's discovery requests and appear for a duly noticed deposition. The Defendant Cordero is a party to this case and is represented by counsel, who has filed an answer and motions on his behalf. Defendant Cordero's appearance in this matter was not in any way limited or specialized.

It is clear that the City of Newton is loath to provide any discovery from the Defendant Cordero as same might yield potentially incriminating information. The Defendant Cordero is a central figure in Mr. Cohen's complaint and must be required to answer Mr. Cohen's discovery requests and appear for deposition.

If the Defendant Cordero is allowed to shirk his legal duty to respond to Plaintiff's discovery requests, the Plaintiff will be deprived of the opportunity to fully and fairly develop the facts and this Court will not have all germane facts before it when the matter is adjudicated.

It is clear that the Defendant Cordero is attempting to avoid a clearly established legal duty to respond to discovery as a part to a civil matter in the hopes of maintaining his silence about this matter. Such bad faith avoidance of discovery should not be permitted as it is prejudicial to both the Plaintiff and the Court.

## CONCLUSION

Based on the foregoing, the Court should allow the Plaintiff's Motion to Compel in its entirety and for such other and further relief as it deems just and proper.

Respectfully submitted,
Plaintiff,
Barry M. Cohen,
By his attorney,

/s/ Christopher W. McHallam
Christopher W. McHallam
BBO #637464
500 Commercial Street
Suite 4R
Boston, Massachusetts
(617) 523-4552