UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARRY M. COHEN,<br>   Plaintiff<br><br>v.<br><br>THE CITY OF NEWTON, THE NEWTON<br>POLICE DEPARTMENT, POLICE CHIEF<br>JOSE M. CORDERO, NEWTON POLICE<br>OFFICER ROCKY MARINI, (BADGE NO.<br>13963) NEWTON POLICE DETECTIVE<br>ROBERT F. SAMPSON,  NEWTON POLICE<br>POLICE DETECTIVE, NEWTON POLICE<br>DETECTIVE SERGEANT GEORGE<br>MCMAINS, NEWTON POLICE OFFICER<br>ZACHARY RAYMOND, AND NEWTON<br>POLICE OFFICER JOSEPH T. MCLAUGHLIN,<br>   Defendants | CIVIL ACTION<br>NO. 05-11727 DPW |

## NOTICE OF DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED PROTECTIVE ORDER

Defendants hereby object to Plaintiff's lengthy, unreasonable, and overly burdensome Proposed Protective Order, and attach hereto Defendants' Proposed Protective Order.  See Exhibit A.  The parties were unable to come to an agreement because of a fundamental difference of opinion as to the necessary scope of the Protective Order.  Specifically, Defendants believe that a substantial portion of Plaintiff's Proposed Order is unreasonable, unnecessary, and overly burdensome.   Alternately, Defendants' Proposed Protective Order more than adequately protects the confidentiality of Plaintiff's medical records and personal health information, and satisfies this Court's order to specifically "limit the use and dissemination" of the same.

Defendants find Plaintiff's proposed Protective Order to be unreasonable and unduly burdensome.  For example:

1

- Plaintiff requires that the signed acknowledgement, whereby certain identified persons agree to be bound by the Order, be served upon the Plaintiff's counsel by facsimile—which the Defendants do not object to—but then insists upon a *ten-day* waiting period before the documents are disclosed. See Plaintiff's Proposed Order at ¶ 3. This arbitrary ten-day waiting period is illogical, as the Plaintiff will have the acknowledgement *in hand* the very same day the acknowledgement is signed. This clause serves no viable purpose as to confidentiality, and, in fact, only serves to unfairly burden and prejudice Defendants.

- Plaintiff refuses to allow copying or duplication of the confidential material without written consent. See Plaintiff's Proposed Order at ¶ 5. Again, this unnecessarily hamstrings the Defendants counsel—who are otherwise bound by the Order—as they must be entitled to make copies during the course of their representation without being required to repeatedly request yet additional and redundant permission to do the same. Such a requirement is unduly burdensome and provides no additional required protection as to confidential information.

These are just a few examples of the unreasonable and unnecessary expansiveness of the Plaintiff's proposed Protective Order. In the alternative, Defendants have edited the Plaintiff's proposal to create Defendants' Proposed Protective Order. Defendants' proposal reflects their belief that this Court's order is satisfied with a concise and precise Protective Order that appropriately and adequately protects Plaintiff's confidential medical records and health information.

## CONCLUSION

Defendants respectfully request this Court enter Defendants' Proposed Protective Order, attached hereto as Exhibit A.

          Respectfully submitted,

          THE NEWTON DEFENDANTS,
          By its attorneys,

          /s/ Angela Buchanan Smagula
          _____
          Donnalyn B. Lynch Kahn (BBO #556609)
          Angela Buchanan Smagula (BBO #643764)
          Assistant City Solicitors
          City of Newton Law Department
          1000 Commonwealth Avenue
          Newton Centre, MA  02459
          Tel: 617-796-1240

Dated:  December 7, 2006

UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARRY M. COHEN,<br>       Plaintiff<br><br>v.<br><br>THE CITY OF NEWTON, THE NEWTON<br>POLICE DEPARTMENT, POLICE CHIEF<br>JOSE M. CORDERO, NEWTON POLICE<br>OFFICER ROCKY MARINI, (BADGE NO.<br>13963) NEWTON POLICE DETECTIVE<br>ROBERT F. SAMPSON, NEWTON POLICE<br>POLICE DETECTIVE, NEWTON POLICE<br>DETECTIVE SERGEANT GEORGE<br>MCMAINS, NEWTON POLICE OFFICER<br>ZACHARY RAYMOND, AND NEWTON<br>POLICE OFFICER JOSEPH T. MCLAUGHLIN,<br>       Defendants | CIVIL ACTION<br>NO. 05-11727 DPW |

**STIPULATED PROTECTIVE ORDER**

WHEREAS, in the course of discovery in this civil action, the Plaintiff, Barry M. Cohen (hereinafter "Mr. Cohen") has been required to disclose personal medical and mental health information that is of a private and confidential nature, and

WHEREAS, the Court deems it appropriate to provide for the protection of that personal medical information;

IT IS HEREBY ORDERED that this Stipulated Protective Order be entered pursuant to Fed.R.Civ.P. 26(c):

1. This Stipulated Protective Order shall govern the use of all the medical and mental health information that is produced by the Plaintiff pursuant to proceedings in the case, including documents produced in response to requests for production, interrogatory answers, responses to requests for admissions, and any deposition, hearing, or trial testimony.

1

2.  This Order shall continue in duration throughout and after the termination of this litigation and the obligations imposed herein shall remain in effect until such time as the parties agree in writing to discontinue the same and/or a court otherwise directs.

3.  Plaintiff's medical and mental health information shall only be used by counsel of the parties to this matter and may be disclosed only as is reasonably necessary for the prosecution and defense of this lawsuit to the following individuals:

   (a)  The Defendants' counsel of record, its staff, and outside copy services;

   (b)  Persons retained by one of the parties as expert witnesses and/or non-testifying consultants, only after they have complied with paragraph 3;

   (c)  Any persons who are designated to receive CONFIDENTIAL material by this Court.

4.  The persons described in paragraph 3(b) shall not be given any access whatsoever to Plaintiff's medical and mental health information until they have certified that they have read this Order, have agreed to be bound by it, and have signed a copy of the attached "ACKNOWLEDGEMENT." (See Exhibit "A").

5.  Each recipient of Plaintiff's medical and mental health information shall keep all such information in a secure and discrete manner that will maintain its confidentiality at all times and will not share, disclose, and/or reveal any such information with any person, other than the attorneys of record and/or experts who have signed an ACKNOWLEDGEMENT.

6.  The unintended disclosure by Plaintiff of medical and mental health information shall not constitute any kind of waiver of Plaintiff's claim of confidentiality. Counsel for the parties' shall reasonably cooperate upon the discovery of an unintended disclosure to restore the confidentiality of the disclosed material.

7.      Within sixty (60) days after the termination of this matter and/or entry of judgment, after all appeals have been exhausted, Plaintiff's medical and mental health records, including all copies or other duplications, shall be returned to Plaintiff's counsel or destroyed with certification of the same by Defendants' counsel.

IT IS SO ORDERED:

_____
Magistrate Collings
United States District Court
District of Massachusetts

SO STIPULATED AND AGREED:

Plaintiff,
Barry M. Cohen,
By his Attorney,


_____
Christopher W. McHallam
BBO# 637464
500 Commercial Street, Suite 4R
Boston, MA 02109
(617) 523-4552


City of Newton Defendants,
By their Attorneys,

_____
Donnalyn B. Lynch Kahn, Esq. (BBO #556609)
Angela Buchanan Smagula, Esq.(BBO #643764)
Assistant City Solicitors
City of Newton
City Hall
1000 Commonwealth Avenue
Newton, Massachusetts 02459

## **EXHIBIT A**

## **ACKNOLWEDGEMENT AND AFFIRMATION**

The Undersigned _____ hereby acknowledges and affirms that he or she: has received a copy of the Stipulated Protective Order entered in the case of <u>Cohen v. City of Newton, et. al.</u>, Civil Action No. 05-11727 (United States District Court, District of Massachusetts); has read and understood all of the terms and conditions of said Order; agrees to be bound by all of its terms and conditions; and by executing the within ACKNOWLEDGEMENT submits to the jurisdiction of the United States District Court, District of Massachusetts.

Dated:                                   _____
                                                    Name and Title (printed)


                                         _____
                                                    Signature


                                         _____
                                         _____
                                         _____
                                                    Address