UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

---

Barry M. Cohen,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　　　　)　Civil Action No.:
　　　　　　　　　　　　　　　　　　　　　)　05-11727-DPW
The City of Newton, The Newton　　　　　)
Police Department,　　　　　　　　　　　 )
Police Chief Jose M. Cordero,　　　　　　)
Newton Police Officer Rocky Marini　　　 )
(Badge No. 13963),　　　　　　　　　　　 )
Newton Police Detective Robert F.　　　　)
Sampson, Newton Police Detective　　　　 )
Sergeant George McMains,　　　　　　　　 )
Newton Police Officer Zachary　　　　　　)
Raymond, and Newton Police Officer　　　 )
Joseph T. McLaughlin,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　　　　　　)

---

**PLAINTIFF'S PROPOSED PROTECTIVE ORDER**

NOW COMES the Plaintiff, Barry M. Cohen (hereinafter "Mr. Cohen") and hereby submits the attached protective order for this Honorable Court's review and incorporation as an order of this Court.

As per this Honorable Court's order of October 27, 2006, the Plaintiff was compelled to produce certain medical records. Prior to Plaintiff making any such production, the parties were to create a protective order which limits the use and dissemination which can be made of the Plaintiff's medical records. Counsel were obligated to

attempt to reach agreement on the form of a protective order, and if agreement could not be reached, the Court would then take up the matter of the content of the protective order.

Counsel for both side have in good faith attempted to reach an accord as to the nature and scope of the protective order. Unfortunately, counsel have not been able to reach an agreed upon Protective Order and Defendants have separately submitted a statement of their objections to the Plaintiff's proposed order and their own proposed Protective Order.

Plaintiff believes that the attached Proposed Protective Order serves to reasonably limit the use and dissemination of Plaintiff's medical information in conformance with the dictates of this Court's October 27, 2006, order. Moreover, inasmuch as the Plaintiff's medical information relates to psychiatric and psychological matters, it merits a strong decree of protection as it implicates the privacy interests of Plaintiff and third parties referenced in the records. Indeed, the confidentiality of psychiatric and mental health information is protected by statutory state law privilege as well as federal law (Health Insurance Portability and Accountability Act of 1996). Therefore, the protective

order entered in this case should contain all of the reasonable but stringent restraints on the use and dissemination of Plaintiff's medical information that are set forth in the attached Proposed Protective Order.

Lastly, the Defendants will not be prejudice or otherwise hampered by any of the provisions of Plaintiff's Proposed Protective Order as same do not in any way impair their ability to prosecute the defense of this matter.

WHEREFORE, it is respectfully requested that this Honorable Court enter the Plaintiff's Proposed Protective Order as an order of this Court in its entirety and for such other and further relief as is deemed just and proper.

> Respectfully submitted,
> Plaintiff,
> Barry M. Cohen,
> By his attorney,
>
> /s/ Christopher W. McHallam
> Christopher W. McHallam
> BBO #637464
> 500 Commercial Street
> Suite 4R
> Boston, Massachusetts
> (617) 523-4552

Dated:   December 8, 2006

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), which includes counsel for all parties in this matter.

                                      /s/ Christopher W. McHallam
                                      Christopher W. McHallam

UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

---

Barry M. Cohen,                           )
                                          )
    Plaintiff,                            )
                                          )
    v.                                    )    Civil Action No.:
                                          )    05-11727-DPW
The City of Newton, The Newton            )
Police Department,                        )
Police Chief Jose M. Cordero,             )
Newton Police Officer Rocky Marini        )
(Badge No. 13963),                        )
Newton Police Detective Robert F.         )
Sampson, Newton Police Detective          )
Sergeant George McMains,                  )
Newton Police Officer Zachary             )
Raymond and Newton Police Officer         )
Joseph T. McLaughlin,                     )
                                          )
    Defendants.                           )

---

## PLAINTIFF'S PROPOSED PROTECTIVE ORDER

WHEREAS, in the course of discovery in this civil action, the Plaintiff, Barry M. Cohen (hereinafter "Mr. Cohen") has been required to disclose certain personal medical and mental health information that is of a private and confidential nature, which is generally considered privileged and "protected health information" by the standards of the Health Insurance Portability and Accountability Act of 1996; which is generally considered communication subject to the patient-psychotherapist privilege as defined by M.G.L. c. 233, Section 20(b); and

1

which implicates the privacy interest of Mr. Cohen and others; and

WHEREAS, the Court has ordered that the parties should provide for the protection of the Plaintiff's CONFIDENTIAL personal medical information which specifically limits the Defendants' use and dissemination of said information..

IT IS HEREBY ORDERED that this Stipulated Protective Order be entered pursuant to Fed.R.Civ.P. 26(c):

1. This Stipulated Protective Order shall govern the use of all the medical and mental health information that is produced by the Plaintiff pursuant to proceedings in the case, including all communications (written or verbal), testimony, correspondence, and other documents produced in response to requests for production, interrogatory answers, response to requests for admissions, during any independent medical examination, and any deposition, hearing, or trial testimony that is designated "CONFIDENTIAL" by Plaintiff, as well as any information copies or extracted therefrom; excerpts, summaries, or compilations thereof; plus testimony, conversations, or presentations by parties or counsel to or in Court or other settings which might reveal CONFIDENTIAL information.

This Order shall continue in duration throughout and after the termination of this litigation and the obligations imposed herein shall remain in effect until such time as the parties agree in writing to discontinue same and/or the Court otherwise directs.

2.  Plaintiff's medical and mental health information produced in connection with this matter which is designated CONFIDENTIAL by Plaintiff shall only be used by counsel of the parties to this matter and may be disclosed only as is reasonably necessary for the prosecution and defense of this lawsuit.  Pursuant to this Protective Order, the following individuals may receive said material:

   (a) The Defendants' counsel of record, its staff, and outside copy services (only after Defendants' counsel has complied with paragraph 3 of this Stipulated Protective Order);

   (b) Persons retained by one of the parties as expert witnesses and/or non-testifying consultants, only after they comply with paragraph 3 of this Order;

   (c) Any persons who are designated to receive CONFIDENTIAL material by this Court only after they comply with paragraph 3 of this Order; and

   (d) Any deponent, court reporter, stenographer, hearing, or trial witness at the time of his/her

testimony only after they comply with paragraph 3 of this Order.

3. The persons described in paragraph 2(b),(c), and (d) shall not be given any access whatsoever to any CONFIDENTIAL information until they have certified that they have read this Order, have agreed to be bound by it, and have signed a copy of the attached "ACKNOWLEDGEMENT." (See Exhibit "A"). Each executed ACKNOWLEDGEMENT, except those of expert witnesses, shall be served upon Plaintiff's counsel by facsimile and United States mail and no disclosure of any CONFIDENTIAL material shall be made until ten (10) business days after the date of such service. An ACKNOWLEDGEMENT executed by an expert witness shall be served in the same manner upon Plaintiff's counsel after identification of the testifying expert in accordance with the rules of this Court.

4. Each and every recipient of Plaintiff's medical and mental health information that is designated CONFIDENTIAL agrees to subject himself or herself to the jurisdiction of this Court for any proceeding related to compliance with or violation of this Order.

5. Each recipient of CONFIDENTIAL information shall keep all such information in a secure and discrete manner that will maintain its confidentiality and ensure that the use

and dissemination of said information will be limited at all times and will not share, disclose, and/or reveal any such information with any person, other than the attorneys of record and/or other persons who have already signed an ACKNOWLEDGEMENT that has been served upon Plaintiff's counsel in accordance with paragraph 3. Any person to whom any such CONFIDENTIAL information is disclosed hereby agrees to keep all such CONFIDENTIAL information in a locked, safe, and secure drawer, cabinet, or safe which is accessible only to the person to whom CONFIDENTIAL information has been disclosed in accordance with paragraphs 2 and 3; all such CONFIDENTIAL information shall be reviewed in a secure area; and no access shall be permitted to any such CONFIDENTIAL information except as expressly permitted herein.

Moreover, no copying, scanning, or duplication of CONFIDENTIAL information shall be permitted unless Plaintiff consents to same in writing and/or by further order of this Court.

It is further acknowledged and agreed that Plaintiff shall have the right to redact from any CONFIDENTIAL information any identification of and/or reference to the names of any unrelated third-party individuals which be contained within any CONFIDENTIAL information prior to the

disclosure of any such CONFIDENTIAL information.

6.   Plaintiff shall be required to designate CONFIDENTIAL information in the following manner:

    (a)   In the case of documents, notes, correspondence, medical records, and discovery responses by placing the legend "CONFIDENTIAL" on each page of each document; and

    (b)   In the case of depositions or expert examination, by designating those transcripts that contain CONFIDENTIAL information via a statement on the record or at the outset of an examination by Plaintiff and/or by Plaintiff's counsel.  Upon such designation on the record by Plaintiff's counsel, the cover page of the deposition transcript and each exhibit that contains CONFIDENTIAL information shall be identified by the court reporter as CONFIDENTIAL.  The court reporter shall have the obligation to segregate all portions of the transcript and all deposition exhibits that have been designated as containing CONFIDENTIAL information by placing those portions and exhibits in a sealed envelope at the end of the transcript that shall be marked as CONFIDENTIAL and that shall include a copy of

this Order.

7.  Nothing contained in this Order shall prevent any party from using CONFIDENTIAL information in connection with any pleadings filed in this case, provided that all such materials be filed under seal and/or submitted to the Court for <u>in camera</u> inspection.

8.  The Clerk of the Court is respectfully requested to maintain under seal all materials submitted, filed, or introduced by any party that contain CONFIDENTIAL information. The procedures for the use of CONFIDENTIAL material at hearings or trial shall be resolved by Court as it deems appropriate.

9.  In the event Defendants seek discovery from non-party medical and/or mental health providers, the Plaintiff will have the opportunity to designate the information sought by Defendants as CONFIDENTIAL prior to any disclosure of any requested information.

10. The unintended disclosure by Plaintiff of CONFIDENTIAL material that has not been designated as such shall not constitute any kind of waiver of Plaintiff's claim of confidentiality. Counsel for the parties' shall reasonably cooperate upon the discovery of an unintended disclosure to restore the confidentiality of the disclosed material.

11. Inadvertent production of documents subject to work product immunity or attorney-client privilege shall not constitute a waiver of the immunity or the privilege.

12. No act or omission by the Plaintiff, his counsel, and/or agents or servants shall constitute a waiver of the terms and conditions of this Order unless any such waiver is expressly stated in a writing signed by the Plaintiff. Moreover, failure by the Plaintiff to enforce any of the provisions of this Order shall not constitute a waiver of any of his rights hereunder.

13. Within sixty (60) days after the termination of this matter and/or entry of judgment, all materials designated as CONFIDENTIAL, including all copies or other duplications, shall be returned to Plaintiff's counsel from all recipients of any such CONFIDENTIAL information.

IT IS SO ORDERED:

_____
Magistrate Collings
United States District Court
District of Massachusetts

SO STIPULATED AND AGREED:

                      Plaintiff,
                      ~~Barry M. Cohen,~~
                      By his Attorney,

                      _____
                      Christopher W. McHallam
                      BBO# 637464
                      500 Commercial Street, Suite 4R
                      Boston, MA 02109
                      (617) 523-4552


City of Newton Defendants,
By their Attorney


Angela Buchanan Smagula, Esq.
City Solicitor's Office
City of Newton
City Hall
1000 Commonwealth Avenue
Newton, Massachusetts 02459

9

## **EXHIBIT A**

**ACKNOLWEDGEMENT AND AFFIRMATION**

The Undersigned _____ hereby acknowledges and affirms that he or she: has received a copy of the Stipulated Protective Order of December, 2006, entered in the case of <u>Cohen v. City of Newton, et. al.</u>, Civil Action No. 05-11727 (United States District Court, District of Massachusetts); has read and understood all of the terms and conditions of said Order; agrees to be bound by all of its terms and conditions; and by executing the within ACKNOWLEDGEMENT submits to the jurisdiction of the United States District Court, District of Massachusetts.

Dated: _____

_____
Name and Title (printed)

_____
Signature

_____
_____
_____
Address

10