UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

---

Barry M. Cohen,

    Plaintiff,

v.

The City of Newton, The Newton
Police Department,
Police Chief Jose M. Cordero,
Newton Police Officer Rocky Marini
(Badge No. 13963),
Newton Police Detective Robert F.
Sampson, Newton Police Detective
Sergeant George McMains,
Newton Police Officer Zachary
Raymond and Newton Police Officer
Joseph T. McLaughlin,

    Defendants.

Civil Action No.:
05-11727-DPW

---

### PROTECTIVE ORDER

WHEREAS, in the course of discovery in this civil action, the Plaintiff, Barry M. Cohen (hereinafter "Mr. Cohen") has been required to disclose certain personal medical and mental health information that is of a private and confidential nature, which is generally considered privileged and "protected health information" by the standards of the Health Insurance Portability and Accountability Act of 1996; which is generally considered communication subject to the patient-psychotherapist privilege as defined by M.G.L. c. 233, Section 20(b); and

1

which implicates the privacy interest of Mr. Cohen; and

WHEREAS, the Court has ordered that the parties should provide for the protection of the Plaintiff's CONFIDENTIAL personal medical information which specifically limits the Defendants' use and dissemination of said information;

IT IS HEREBY ORDERED that this Stipulated Protective Order be entered pursuant to Fed.R.Civ.P. 26(c):

1. This Stipulated Protective Order shall govern the use of all the medical and mental health information that is produced by the Plaintiff pursuant to proceedings in the case, including all communications (written or verbal), testimony, correspondence, and other documents produced in response to requests for production, interrogatory answers, response to requests for admissions, during any independent medical examination, and any deposition, hearing, or trial testimony that is designated "CONFIDENTIAL" by Plaintiff, as well as any information copies or extracted therefrom; excerpts, summaries, or compilations thereof; plus testimony, conversations, or presentations by parties or counsel to or in Court or other settings which might reveal CONFIDENTIAL information.

This Order shall continue in duration throughout and after the termination of this litigation and the obligations imposed herein shall remain in effect in

2

perpetuity unless the parties otherwise agree in writing to discontinue same or as the Court otherwise directs.

2. Plaintiff's medical and mental health information produced in connection with this matter which is designated CONFIDENTIAL by Plaintiff shall only be used by counsel of the parties to this matter and may be disclosed and/or used only as is reasonably necessary for the prosecution and defense of this lawsuit. Pursuant to this Protective Order, only the following individuals may receive said material:

    (a) The Defendants' counsel of record, its staff, and outside copy services (only after Defendants' counsel have complied with paragraph 3 of this Stipulated Protective Order);

    (b) Persons retained by one of the parties as expert witnesses and/or non-testifying consultants, only after they comply with paragraph 3 of this Order;

3. The persons described in paragraph 2(a) and (b) shall not be given any access whatsoever to any CONFIDENTIAL information until they have certified that they have read this Order, have agreed to be bound by it, and have signed a copy of the attached "ACKNOWLEDGEMENT." (See Exhibit "A"). Each executed ACKNOWLEDGEMENT, except those of expert witnesses, shall be served upon Plaintiff's counsel

3

in a regular and usual manner and no disclosure of any CONFIDENTIAL material shall be made prior to the date of such service. An ACKNOWLEDGEMENT executed by an expert witness shall be served in the same manner upon Plaintiff's counsel after identification of the testifying expert in accordance with the rules of this Court.

4. Each and every recipient pursuant to paragraphs 2(a) and (b) of Plaintiff's medical and mental health information that is designated CONFIDENTIAL agrees to subject himself or herself to the jurisdiction of this Court for any proceeding related to compliance with or violation of this Order.

5. Each recipient of CONFIDENTIAL information as described in paragraphs 2 (a) and (b) shall keep and review all such information in a secure and discrete manner that will maintain its confidentiality and ensure that the use and dissemination of said information will be limited at all times and will not share, disclose, and/or reveal any such information with any person, other than the attorneys of record and/or other persons who have already signed an ACKNOWLEDGEMENT that has been served upon Plaintiff's counsel in accordance with paragraph 3. No access shall be permitted to any such CONFIDENTIAL information except as expressly permitted herein.

The Defendants shall keep a log of any copies made of any of the protected materials produced hereunder which records the date, identity of the person(s) to whom the copies were delivered, the location of the copies, the identity of the person who has possession of the copies, and the disposition of the copies. Defendants shall number each set of copies prior to the dissemination of same so that an accurate record will be maintained which will reveal at all times how many copies are in existence. Upon reasonable notice, Defendants shall make the log of copies available for inspection by Plaintiff's counsel.

6. Plaintiff shall be required to designate CONFIDENTIAL information in the following manner:

   (a) In the case of documents, notes, correspondence, medical records, and discovery responses by placing the legend "CONFIDENTIAL" on each page of each document; and

   (b) In the case of depositions or expert examination, by designating those transcripts that contain CONFIDENTIAL information via a statement on the record or at the outset of an examination by Plaintiff and/or by Plaintiff's counsel. Any deposition transcripts, exhibits, and/or reports shall be maintained in a reasonable manner as to

5

ensure their confidentiality consistent with the requirements of paragraph 5 herein. The parties agree to cooperate in any reasonable effort to obtain an acknowledgement that requires a stenographer or court reporter to maintain the confidentiality of disclosures in a manner consistent with the provisions of this Order.

7. Nothing contained in this Order shall prevent any party from using CONFIDENTIAL information in connection with any pleadings filed in this case, provided that Defendants shall advise Plaintiff, reasonably in advance, of its intention to submit CONFIDENTIAL information in connection with its pleadings, motions, and/or at hearings, so that Plaintiff may request that any such materials be filed under seal and/or submitted to the Court for *in camera* inspection.

8. The Plaintiff reserves the right to request that the Clerk of the Court maintain under seal all materials submitted, filed, or introduced by any party that contain CONFIDENTIAL information and to put in place reasonable procedures for the use of CONFIDENTIAL material at hearings or trial prior to any such disclosures which are consistent with the requirements of this Protective Order.

9. In the event Defendants seek discovery from non-party medical and/or mental health providers, the Plaintiff will have the prior opportunity to designate the information sought by Defendants as CONFIDENTIAL prior to any disclosure of any requested information. Moreover, if the Defendants seek discovery from any third-party witness identified in the CONFIDENTIAL information, the Plaintiff will have the prior opportunity to oppose such efforts and/or to designate the information sought by Defendants as CONFIDENTIAL prior to any disclosure of any requested information.

10. The unintended disclosure by Plaintiff of CONFIDENTIAL material that has not been designated as such shall not constitute any kind of waiver of Plaintiff's claim of confidentiality. Counsel for the parties' shall reasonably cooperate upon the discovery of an unintended disclosure to restore the confidentiality of the disclosed material.

11. Inadvertent production of documents subject to work product immunity or attorney-client privilege shall not constitute a waiver of the immunity or the privilege.

12. No act or omission by the Plaintiff, his counsel, and/or agents or servants shall constitute a waiver of the terms and conditions of this Order unless any such waiver is expressly stated in a writing signed by the Plaintiff.

7

Moreover, failure by the Plaintiff to enforce any of the provisions of this Order shall not constitute a waiver of any of his rights hereunder.

13. Within sixty (60) days after the termination of this matter and/or entry of judgment or conclusion of appeals, all materials designated as CONFIDENTIAL, including all copies or other duplications, shall be returned to Plaintiff's counsel from all recipients of any such CONFIDENTIAL information.

IT IS SO ORDERED:

_____
Magistrate Collings
United States District Court
District of Massachusetts

HON. ROBERT B. COLLINGS
UNITED STATES MAGISTRATE JUDGE
United States District Court
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 7420
Boston, Massachusetts 02210

SO STIPULATED AND AGREED:

Plaintiff,
Barry M. Cohen,
By his Attorney,

Christopher W. McHallam
BBO# 637464
500 Commercial Street, Suite 4R
Boston, MA 02109
(617) 523-4552

8

City of Newton Defendants,
By their Attorney

*Angela Buchanan Smagula/cwm*

Angela Buchanan Smagula, Esq.
City Solicitor's Office
City of Newton
City Hall
1000 Commonwealth Avenue
Newton, Massachusetts 02459



## EXHIBIT A

### ACKNOLWEDGEMENT AND AFFIRMATION

The Undersigned _____ hereby acknowledges and affirms that he or she: has received a copy of the Stipulated Protective Order of January, 2007, entered in the case of <u>Cohen v. City of Newton, et. al.</u>, Civil Action No. 05-11727 (United States District Court, District of Massachusetts); has read and understood all of the terms and conditions of said Order; agrees to be bound by all of its terms and conditions; and by executing the within ACKNOWLEDGEMENT submits to the jurisdiction of the United States District Court, District of Massachusetts.

Dated:                      _____
                            Name and Title (printed)


                            _____
                            Signature


                            _____
                            _____
                            Address