UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARRY M. COHEN,<br>    Plaintiff<br><br>v.<br><br>THE CITY OF NEWTON, THE NEWTON POLICE DEPARTMENT, POLICE CHIEF JOSE M. CORDERO, NEWTON POLICE OFFICER ROCCO MARINI, (BADGE NO. 13963) NEWTON POLICE DETECTIVE ROBERT F. SAMPSON, NEWTON POLICE POLICE DETECTIVE, NEWTON POLICE DETECTIVE SERGEANT GEORGE MCMAINS, NEWTON POLICE OFFICER ZACHARY RAYMOND, NEWTON POLICE OFFICER JOSEPH T. MCLAUGHLIN, THE NEWTON DIVISION OF THE DISTRICT COURT DEPARTMENT OF THE TRIAL COURT, HENRY H. SCHULTZ, CLERK MAGISTRATE, WILLIAM A. MCEVOY, JR., ASSISTANT CLERK MAGISTRATE, MIDDLESEX DISTRICT ATTORNEY'S OFFICE, AND THE COMMONWEALTH OF MASSACHUSETTS,<br>    Defendants | CIVIL ACTION<br>NO. 05-11727 DPW |

**MEMORANDUM IN SUPPORT OF
THE NEWTON DEFENDANTS' MOTION FOR AN
INDEPENDENT MENTAL EXAMINATION OF PLAINTIFF**

    Defendants City of Newton, Newton Police Department, Police Chief Jose M. Cordero, Police Officer Rocky Marini, Detective Robert F. Sampson, Detective Sergeant George McMains, Police Officer Zachary Raymond and Police Officer Joseph McLaughlin (together the "Newton Defendants"), have moved, pursuant to Fed. R. Civ. P. 35, for this Court to order

Plaintiff Barry M. Cohen ("Plaintiff") to undergo an independent mental examination in connection with the above captioned matter. In support of their Motion, the Newton Defendants submit the Affidavit of counsel for the City (Aff. Kahn) and the instant Memorandum illustrating that good cause exists for an independent mental examination to evaluate Plaintiff's emotional and mental conditions as well as the origin, starting dates and details of any conditions. The origin, starting dates and details of any conditions would call into question the credibility of the allegations made by Plaintiff in his Complaint, as well as go to the question of damages.

## BACKGROUND

On or about August 22, 2005, Plaintiff filed the instant suit. The Complaint contains charges of violation of civil rights, false arrest/imprisonment, malicious prosecution, assault and battery, negligence and unreasonable search and seizure against the Newton Defendants. (Aff. Kahn, Exhibit A).

Throughout the Complaint, Plaintiff places his mental condition at issue by claiming that as a result of the Newton Defendants' actions he was

> … severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, has suffered and continues to suffer serious and extreme mental and emotional anguish, distress and psychological damages and difficulties, some of which injuries are permanent in nature and duration, and Plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; Plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and Plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and Plaintiff will be able to pursue the usual duties with the same degree of efficiency as prior to this occurrence, all to Plaintiff's great damage.

(Aff. Kahn; Exhibit A, ¶¶ 111, 121, 141 and 145).

Plaintiff also alleges that as a result of the Newton Defendants' actions, he was

> … subjected to great indignities, humiliation and ridicule, in being so detained, charged and prosecuted with various crimes, and greatly injured in his credit and circumstances and was then and there prevented and hindered from performing and transacting his necessary affairs and business and he was caused to suffer much pain in both mind and body, the loss of employment and the loss of employment opportunities.

(Aff. Kahn; Exhibit A, ¶¶ 120, 133).

In his answers to the Newton Defendants' interrogatories, Plaintiff states that the Newton Defendants caused, worsened or exacerbated the following substantial list of ailments:

> … persecutory anxiety; fear of being alone; continual distress and anxiety; anorexia with weight loss; gastrointestinal distress; depression; demoralization; pleasurelessness; negative associations and intrusive memories; compulsive re-living of the incident; fatigue; lethargy; humiliation and embarrassment of being associated with criminal activity; worsened social anxiety and withdrawal; increased feelings of isolation; insomnia due to nightmares and fitful dreams involving the arrest and legal proceedings; fear of being arrested and/or falsely accused of further crimes and/or wrongdoing; hypervigilance; an exacerbation of the symptoms related to his OCD, including but not limited to, a heightening of obsessive concern; and has otherwise been and continues to be psychologically and physically injured.

(Aff. Kahn; Exhibit B; Answer No. 2).

The Newton Defendants have retained an independent licensed and certified physician and psychiatrist, Dr. Martin Kelly, who is prepared to conduct an independent mental examination of Plaintiff. (See CV of Dr. Kelley attached as Exhibit C to Aff. Kahn). Dr. Kelly has stated that the examination will require that he meet alone with Plaintiff on two occasions at their mutual convenience for approximately two hours each session.

ARGUMENT

I.  The Newton Defendants Are Entitled To An Order Requiring Plaintiff To Submit To An Independent Mental Examination Because Plaintiff Has Put His Mental Condition In Controversy And Good Cause Exists For The Examination.

Federal Rule of Civil Procedure 35 provides, in pertinent part:

> When the mental or physical condition … of a party … is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner … The order may be made only upon a motion for good cause shown.

Fed. R. Civ. P. 35(a). Thus, this Court's determination is predicated upon an inquiry as to (1) whether Plaintiff has put his mental condition "in controversy" and (2) whether the Newton Defendants have shown "good cause" for the examination. See Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964); Cody v. Marriott Corp., 103 F.R.D. 421 (D. Mass. 1984).

The aforementioned paragraphs of Plaintiff's Complaint and answers to interrogatories indicate in no uncertain terms that Plaintiff has put his mental condition in controversy. Moreover, he is clearly alleging that his mental injuries have been caused by the conduct of the Newton Defendants.

Granting or denying a motion for physical or mental examination clearly rests in the sound discretion of the court. See Real v. Hogan, 828 F.2d 58, 63 (1st Cir. 1987); Coca-Cola Bottling Co. of Puerto Rico v. Negron Torres, 255 F.2d 149, 153 (1st Cir. 1959). However, cases involving allegations of substantial, on-going mental injury have indicated good cause for an independent mental examination, and such motions are typically allowed. Indeed, most cases where mental examinations have been allowed have involved allegations of ongoing severe mental injury. Bridges v. Eastman Kodak Co., 850 F.Supp. 216, 222 (S.D.N.Y. 1994).

In sum, the instant case involves allegations of substantial and severe ongoing mental injury allegedly caused by the conduct of the Newton Defendants. Plaintiff has undoubtedly put his mental condition "in controversy." And, good cause exists for an independent mental examination. Accordingly, the Newton Defendants' motion should be allowed.

## CONCLUSION

For the foregoing reasons, the Newton Defendants respectfully jointly request that this Court ALLOW the instant Motion for an independent mental examination of Plaintiff.

DEFENDANTS,

THE CITY OF NEWTON, THE NEWTON POLICE DEPARTMENT, POLICE CHIEF JOSE M. CORDER, NEWTON POLICE OFFICER ROCCO MARINI, NEWTON POLICE DETECTIVE ROBERT F. SAMPSON, NEWTON POLICE DETECTIVE SERGEANT GEORGE MCMAINS, NEWTON POLICE OFFICER ZACHARY RAYMOND AND NEWTON POLICE OFFICER JOSEPH T. MCLAUGHLIN,

By their attorneys,

/s/ Donnalyn B. Lynch Kahn
Donnalyn B. Lynch Kahn (BBO #556609)
Angela Buchanan Smagula (BBO #643764)
Assistant City Solicitors
City of Newton Law Department
1000 Commonwealth Avenue
Newton Centre, MA 02459
Tel: (617) 796-1240

Dated:   January 24, 2007