UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARRY M. COHEN,  )<br>　　　　Plaintiff  )<br>　　　　　　　　)<br>v.  )<br>　　　　　　　　)<br>THE CITY OF NEWTON, THE NEWTON  )<br>POLICE DEPARTMENT, POLICE CHIEF  )<br>JOSE M. CORDERO, NEWTON POLICE  )<br>OFFICER ROCCO MARINI, (BADGE NO.  )<br>13963) NEWTON POLICE DETECTIVE  )<br>ROBERT F. SAMPSON,  NEWTON POLICE  )<br>POLICE DETECTIVE, NEWTON POLICE  )<br>DETECTIVE SERGEANT GEORGE  )<br>MCMAINS, NEWTON POLICE OFFICER  )<br>ZACHARY RAYMOND, NEWTON  )<br>POLICE OFFICER JOSEPH T. MCLAUGHLIN,  )<br>THE NEWTON DIVISION OF THE DISTRICT  )<br>COURT DEPARTMENT OF THE TRIAL  )<br>COURT, HENRY H. SCHULTZ, CLERK  )<br>MAGISTRATE, WILLIAM A. MCEVOY, JR.,  )<br>ASSISTANT CLERK MAGISTRATE,  )<br>MIDDLESEX DISTRICT ATTORNEY'S  )<br>OFFICE, AND THE COMMONWEALTH  )<br>OF MASSACHUSETTS,  )<br>　　　　Defendants  )  | CIVIL ACTION<br>NO. 05-11727 DPW |

## **AFFIDAVIT OF DONNALYN B. LYNCH KAHN**

I, Donnalyn B. Lynch Kahn, Esq., on oath, do hereby depose and say as follows:

1.　　　I am the attorney for the Newton Defendants in the above-captioned matter.

2.　　　I am making this affidavit in support of the Newton Defendants' Motion for an

Independent Mental Examination of Plaintiff as to facts of my own personal knowledge.

3.　　　Attached hereto as Exhibit "A" is a true and accurate copy of the Complaint in

this matter.

4.      Attached hereto as Exhibit "B" is a true and accurate copy of Plaintiff's Answers to the Newton Defendants' Interrogatories.

5.      Attached hereto as Exhibit "C" is a true and accurate copy of the curriculum vitae of Martin J. Kelly, M.D.


Signed under the pains and penalties of perjury this 24th day of January, 2007.


                                                    /s/  Donnalyn B. Lynch Kahn
                                                    Donnalyn B. Lynch Kahn

# EXHIBIT B

UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

```
------------------------------------
                                    )
Barry M. Cohen,                     )
                                    )
      Plaintiff,                    )
                                    )
      v.                            )    Civil Action No.:
                                    )    05-11727-DPW
The City of Newton, The Newton      )
Police Department,                  )
Police Chief Jose M. Cordero,       )
Newton Police Officer Rocky Marini  )
(Badge No. 13963),                  )
Newton Police Detective Robert F.   )
Sampson, Newton Police Detective    )
Sergeant George McMains,            )
Newton Police Officer Zachary       )
Raymond and Newton Police Officer   )
Joseph T. McLaughlin,               )
                                    )
      Defendants.                   )
------------------------------------
```

## PLAINTIFF'S ANSWERS TO DEFENDANTS, CITY OF NEWTON, CITY OF NEWTON POLICE DEPARTMENT, AND NEWTON POLICE OFFICERS FIRST SET OF INTERROGATORIES

NOW COMES the Plaintiff, Barry M. Cohen (hereinafter "Mr. Cohen"), pursuant to Fed.R.Civ.P. Rules 26 and 33 and hereby submits the within answers to Defendants' Interrogatories and states as follows:

The Plaintiff objects to the Defendant's Interrogatories on the general basis that same seek to discover information which is 1) protected by the attorney-client privilege and/or the work product doctrine; 2) unduly burdensome to respond; 3) beyond the scope of

discovery as defined by Fed.R.Civ.P. Rule 26(a); and/or 4)
is otherwise confidential and/or privileged.

Notwithstanding any general objection, the Plaintiff
answers as follows:

### ANSWERS TO SPECIFIC INTERROGATORIES

#### Interrogatory No. 1

Please identify yourself fully, setting forth your name,
date of birth, social security number, residential address,
and current occupation.

#### Answer to No. 1

Barry M. Cohen, 87 Hammond Street, Chesnut Hill,
Massachusetts, 12/01/1961; acting student.

#### Interrogatory No. 2

Please identify and describe each instance of emotional
distress and psychological damage that you claim was caused
by the Defendants including dates and symptoms.

#### Answer to No. 2

The Plaintiff has suffered, and continues to suffer,
injury, illness, emotional and physical distress, and harm
as a direct and proximate result of the Defendants'
conduct.

It should be noted that Mr. Cohen has suffered from
Obsessive-Compulsive Disorder (hereinafter "OCD") for many
years, and was suffering from said illness at the time of

the incidents described herein.  Mr. Cohen's OCD impairs
his ability to lead a normal life and causes Mr. Cohen to
suffer significant distress on an almost daily basis.

Mr. Cohen's OCD causes him to be daily concerned with
fears and anxiety, including fears of being touched by
others, fears of being poisoned and/or contaminated by
toxins.  Thus, Mr. Cohen wears gloves on a daily basis, and
often wears galoshes, in order to avoid contact between him
and the environment.  Mr. Cohen has been wearing gloves on
a daily basis for approximately the past fifteen years and
had been wearing gloves regularly for several years prior.

Thus, the distress and shock associated with Mr.
Cohen's false arrest, false imprisonment, and subsequent
malicious prosecution were especially difficult and
traumatizing for Mr. Cohen due to his OCD and general
physical and psychological vulnerability.  It should be
noted, however, that Mr. Cohen was initially in a state of
shock and fright having been knowingly arrested without any
reason or justification, and thus had good reason to
believe that he might be harmed.

The Plaintiff was terrified and distraught throughout
the course of his false arrest and false imprisonment as he
was subjected to physical and emotional abuse by Defendants
and believed he was in extreme danger.

Throughout the Plaintiff's ordeal, he was deliberately caused to believe that he might be imprisoned indefinitely, without hope of any outside contact, and Mr. Cohen feared that he might be further personally violated, badly injured, or even killed while imprisoned.

Moreover, Mr. Cohen was subjected to various forms of psychological torture, humiliation, and intimidation throughout the duration of his false arrest and imprisonment.

There were many incidents during Mr. Cohen's false arrest and false imprisonment which were traumatizing and damaging, including, but not limited to, the following:  he was purposefully led to believe by Defendants that he might be subjected to a body cavity search; was repeatedly and unnecessarily frisked; had both wrists handcuffed to a steel pipe and was assaulted while handcuffed by both wrists to said pipe; was required to undress in front of others;; was subjected to verbal abuse and hostility; and was repeatedly harassed and intimidated.

Mr. Cohen's sudden and unanticipated injection into the environment of the police squad cars, police station, and cell block area created tremendous distress and anxiety for Mr. Cohen.

One of the many aspects of his false arrest and false
imprisonment that was especially disconcerting and
traumatizing for Mr. Cohen was having his hands forcibly
manipulated and unwillingly placed in ink in connection
with his fingerprinting. Moreover, Mr. Cohen suffered
injuries to his wrists as a direct and proximate result of
the Defendants' excessive force. Thus, Mr. Cohen was
fearful that he might have been unwillingly and
unnecessarily exposed to infection and/or disease.

Thereafter, Mr. Cohen suffered and continues to suffer
emotional terror, trauma, anxiety, and distress as a result
of the Defendants' conduct.

In the weeks immediately following the incident, Mr.
Cohen had great difficulty sleeping, suffered recurrent
nightmares, experienced difficulty eating and digesting
food, and was in a state of great distress and terror. Mr.
Cohen suffered from anxiety of a disabling nature and was
unable to engage in the activities he had prior to the
incident.

As the result of the publication of the notice of his
arrest in the Newton Tab, Mr. Cohen (a thirty year resident
of Newton) has suffered the extreme humiliation of being
associated with criminal activity and, thus, significant
damage to his reputation. This humiliation has caused a

worsening of Mr. Cohen's social anxiety and has caused a further withdrawal from social situations.

Since the time of the incident, it has been, and continues to be, difficult for Mr. Cohen to leave his parent's home due to his fears and anxieties. Moreover, Mr. Cohen has been chronically fearful.

Due to his fears and anxieties, Mr. Cohen has been deprived of the ability to engage in his typical source of exercise and activity, to wit: evening walks.

Subsequent to the incident, Mr. Cohen became fearful of driving a car by himself due to anxiety that he would again be subject to false arrest and/or police harassment.

Since the incident, Mr. Cohen has been fearful that he has been followed by the police; has been placed under surveillance; and otherwise has suffered persecutory anxiety.

Inasmuch as the Court's dismissal of the criminal case against Mr. Cohen was "without prejudice" and the District Attorney objected to said dismissal, Mr. Cohen feared that the police would again falsely arrest and/or continue to harass him. Moreover, Mr. Cohen was deeply traumatized by the fact that the police had misrepresented, in writing, the nature of his conduct on the night of the incident.

Moreover, at the time of the incident, Mr. Cohen had been residing by himself in an apartment in New York City since 2000, and was studying and pursuing a career in acting.  Mr. Cohen has been unable to return to his New York apartment since the time of the incident, due to his increased fears, increased anxieties, and the exacerbation of his OCD, which symptoms were directly and proximately caused by the Defendants' conduct.  Also, Mr. Cohen has been unable to resume his pursuit of a career in acting.

Since the time of the incident, Mr. Cohen has experienced a worsening and exacerbation of the following symptoms and conditions:  persecutory anxiety; fear of being alone; continual distress and anxiety; anorexia with weight loss; gastrointestinal distress; depression; demoralization; pleasurelessness; negative associations and intrusive memories; compulsive re-living of the incident; fatigue; lethargy; humiliation and embarrassment of being associated with criminal activity; worsened social anxiety and withdrawal; increased feelings of isolation; insomnia due to nightmares and fitful dreams involving the arrest and legal proceedings; fear of being arrested and/or falsely accused of further crimes and/or wrongdoing; hyper-vigilance; an exacerbation of the symptoms related to his OCD, including, but not limited to, a heightening of

obsessive concern; and has otherwise been and continues to be psychologically and physically injured.

The Plaintiff reserves the right to supplement this response.

## Interrogatory No. 3

Please identify every health care provider, including but not limited to hospitals, clinics, physicians, psychologists, mental health therapists, vocational therapists, and/or home health aides, with whom you consulted or who rendered treatment to you as a result of the purported incidents referred to in your Complaint, including the dates upon which such consultations or treatments were rendered, and the purpose of such consultations or treatments.

## Answer to No. 3

Since the date of the incident, Mr. Cohen has been receiving treatment by Jay Press, M.D., a psychiatrist with respect to his OCD and the emotional injuries suffered as described herein. Mr. Cohen has twice weekly sessions with Dr. Press.

The Plaintiff reserves the right to supplement this response as his medical treatment is ongoing.

### Interrogatory No. 4

Please identify all medications you were prescribed as a result of the purported incidents referred to in your Complaint.

### Answer to No. 4

Mr. Cohen is not presently taking any medication. The Plaintiff reserves the right to supplement this response.

### Interrogatory No. 5

Please identify all health care providers, including but not limited to hospitals, clinics, physicians, psychologists, mental health therapists, vocational therapists, and/or home health aides, with whom you consulted or who rendered treatment to you from January 1980 to present, including the dates upon which such consultations or treatments were rendered, and the purposes of such consultations or treatments.

### Answer to No. 5

Objection. This interrogatory is overly broad, unduly burdensome and seeks to discover information which is beyond the scope of discovery as defined by Fed.R.Civ.P. Rule 26(a). Notwithstanding said objection and without waiving same, Mr. Cohen has received ongoing psychiatric treatment for anxiety and emotional distress throughout

much of his life.  During the mid 1990s, Mr. Cohen received

treatment from Dr. Matthew Luzzi.

The Plaintiff reserves the right to supplement this

response.

## Interrogatory No. 6

Please identify by name, business address, and professional

qualifications each person whom you expect to call as an

expert witness at trial and as to each such person state:

the nature of his or her area of specialization; the

subject matter on which he or she is expected to testify; a

summary of the grounds for each opinion; the facts upon

which you rely to qualify each such person as an expert;

and all documents or other information upon which such

expert relies or to which he or she makes reference in his

or her opinion.

## Answer to No. 6

The Plaintiff has not made any determination as to the

calling of expert witnesses at this juncture.  Plaintiff

reserves the right to supplement this response.

Respectfully submitted,

Barry M. Cohen,

By his attorney,

Christopher W. McHallam
BBO # 637464
500 Commercial Street
Suite 4R
Boston, Massachusetts 0210⁹
(617) 523-4552

## VERIFICATION

I, Barry M. Cohen, hereby acknowledge that I have read
the foregoing answers to interrogatories and believe same
to be true and accurate to the best of my knowledge.

_____
Barry M. Cohen

# EXHIBIT C

# MARTIN J. KELLY, M.D.

Boylston Consultation Center
850 Boylston Street
Suite #303
Chestnut Hill, MA 02467

Brigham and Women's Hospital
Department of Psychiatry
75 Francis Street
Boston, MA 02115

| | |
|---|---|
| Home Address: | 193 Ward Street, Newton, MA 02459 |
| Date of Birth: | December 23, 1939 |
| Place of Birth: | Boston, Massachusetts |

## EDUCATION AND TRAINING

Education:

| | | |
|---|---|---|
| 1961 | B.S. Biology | Boston College |
| 1965 | M.D. | Tufts University School of Medicine |

## POSTDOCTORAL TRAINING:

Internships and Residencies:

| | | |
|---|---|---|
| 1965-66 | Intern | St. Elizabeth's Hospital, Boston |
| 1966-68 | Resident in Psychiatry | Massachusetts Mental Health Center, Boston |
| 1968-69 | Chief Resident in Psychiatry | Massachusetts Mental Health Center, Boston |

## LICENSURE AND CERTIFICATION:

| | |
|---|---|
| 1966 | Massachusetts Medical Licensure        Registration No. 29423 |
| 1972 | American Board of Psychiatry and Neurology, in Psychiatry |
| 1974 | Qualified Forensic Psychiatrist, Commonwealth of Massachusetts |
| 1994 | American Board of Psychiatry and Neurology, Added Qualifications in Forensic Psychiatry |
| 1996 | Master Near Coastal Auxiliary and Sail Vessels
100 Gross Tons, U.S. Coast Guard License
National Provider Identifier        No. 1255322426 |

0107REG

National Provider Identifier       No. 1255322426

## PROFESSIONAL APPOINTMENTS

Academic Appointments:

| | | |
|---|---|---|
| 1966-69 | Teaching Fellow in Psychiatry | Harvard Medical School |
| 1969-70 | Instructor in Psychiatry | Tufts University School of Medicine |
| 1970 | Clinical Instructor in Psychiatry | Harvard Medical School |
| 1970-73 | Instructor in Psychiatry | Peter Bent Brigham Hospital, Harvard Medical School |
| 1973-80 | Assistant Professor of Psychiatry | Peter Bent Brigham Hospital, Harvard Medical School |
| 1980-82 | Assistant Professor of Psychiatry | Brigham & Women's Hospital, Harvard Medical School |
| 1982- | Associate Professor of Psychiatry | Harvard Medical School |

Hospital Appointments:

| | | |
|---|---|---|
| 1969-70 | Senior Psychiatrist | Adolescent Unit, Boston State Hospital |
| 1970-73 | Senior Associate in Medicine (Psychiatry) | Peter Bent Brigham Hospital |
| 1973-80 | Physician, Department of Medicine | Peter Bent Brigham Hospital |
| 1980-1999 | Senior Physician, Department of Medicine | Brigham and Women's Hospital |
| 1999- | Psychiatrist, Department of Psychiatry | Brigham and Women's Hospital |

## OTHER PROFESSIONAL POSITIONS, MAJOR VISITING APPOINTMENTS AND RELEVANT COMMUNITY SERVICE:

| | | |
|---|---|---|
| 1972-82 | Lecturer, Graduate School of Social Work | Boston College |
| 1975-85 | Lecturer in Psychiatry | Boston University School of Medicine |

- 2 -

| 1978 | Visiting Lecturer, Consultation-Liaison Psychiatry | George Washington University School of Medicine |
| 2006 | Lecturer, | Northeastern University School of Law |

## CONSULTANT TO:

Board of Registration in Medicine, Division of Youth Services, Department of Public Welfare, Commonwealth of Massachusetts

Massachusetts Board of Bar Overseers

District Attorneys' Offices in Barnstable, Berkshire, Bristol, Essex, Franklin Hampden, Hampshire, Middlesex, Norfolk, Plymouth, and Suffolk Counties

Massachusetts Defenders Committee and Committee for Public Counsel Services

Boston Adoption Bureau

Federal and Superior Courts in Massachusetts

U.S. Attorney Offices in Massachusetts, New Hampshire, Virginia, New York and Rhode Island

Massachusetts Federal Defenders Committee

Joint Underwriters Association/Promutual Medical Malpractice Group

Risk Management Foundation of the Harvard Medical Institutions

Attorney General, Commonwealth of Massachusetts

## AWARDS AND HONORS:

1986  Fellow, American Psychiatric Association

1995  Nominee, Mentorship Award, Harvard Medical School

2001  Life Fellow, American Psychiatric Association

2003  Distinguished Life Fellow, American Psychiatric Association

- 3 -

## SERVICE ASSIGNMENTS

Principal Hospital/Health Care System Service Responsibilities:

| | | |
|---|---|---|
| 1970-73 | Assistant Director, Division of Psychiatry | Peter Bent Brigham Hospital |
| 1971-72 | Director, Drug Abuse Consultation Unit, Division of Psychiatry | Peter Bent Brigham Hospital |
| 1973-80 | Associate Director, Division of Psychiatry | Peter Bent Brigham Hospital |
| 1980-89 | Associate Director, Division of Psychiatry | Brigham and Women's Hospital |
| 1980-87 | Psychiatrist, Acute Rehabilitation Service | Brigham and Women's Hospital |
| 1989-90 | Acting Director, Division of Psychiatry | Brigham and Women's Hospital |

## MAJOR COMMITTEE ASSIGNMENTS:

National and Regional

| | | |
|---|---|---|
| 1971-73 | Coordinating Committee on Drug Abuse | City of Boston |
| 1980-82 | Governor's Special Commission on Probate and Family Court Procedures Relating to Divorce, Child Custody, and Family Violence - Subcommittee on Mediation | Commonwealth of Massachusetts |
| 1983-86 | Homelessness Project, Advisory Committee | Massachusetts Association for Mental Health |
| 1991-1999 | Task Force on Medicaid Fraud and Abuse | Attorney General's Office Commonwealth of Massachusetts |

Harvard Medical School

| | | |
|---|---|---|
| 1977-92 | Committee on Core Clinical Clerkships and Electives | Department of Psychiatry |
| 1977-79 | Subcommittee of the Committee on Admissions, Member | |
| 1979-85 | Subcommittee of the Committee on Admissions, Chairman | |

- 4 -

## MAJOR COMMITTEE ASSIGNMENTS:

### Harvard Medical School (continued)

| | | |
|---|---|---|
| 1979-85 | Committee on Admissions, Member | |
| 1985-87 | Psychiatry Clerkship Committee, Chairman | New Pathway Project |
| 1985-87 | Experiences in Patient Care Committee, Member | New Pathway Project |
| 1986-92 | Planning Committee, Member | Psychopathology & Introduction to Clinical Psychiatry |
| 1991-94 | Committee on Planning, Member | Harvard Longwood Residency Training Program |
| 1992-94 | Training Committee, Member | Harvard Longwood Residency Training Program |
| 1992-2003 | Curriculum Committee, Member | Harvard Longwood Residency Training Program |
| 1993- | Social Systems in Psychiatry and Research Committees, Member | Harvard Longwood Residency Training Program |

### Brigham and Women's Hospital

| | |
|---|---|
| 1974-80 | Human Subjects Committee |
| 1980-92 | Employee Assistance Committee |
| 1980-92 | Major Trauma Committee |
| 1980-87 | Acute Rehabilitation Unit Steering Committee |
| 1989- | Heart Transplant Program |
| 1990-1996 | Lung Transplantation Program |
| 1995-2002 | Ventures Committee, Division of Psychiatry |

## MAJOR ADMINISTRATIVE RESPONSIBITIES:

| 1970-73 | Assistant Director in the Division of Psychiatry, Department of Medicine | Peter Bent Brigham Hospital |
| 1973-80 | Associate Director in the Division of Psychiatry, Department of Medicine | Peter Bent Brigham Hospital |
| 1980-89 | Associate Director of Division of Psychiatry, Department of Medicine | Brigham and Women's Hospital |
| 1989-90 | Acting Director in the Division of Psychiatry, Department of Medicine | Brigham and Women's Hospital |
| 1992- | Principal, Boylston Consultation Center | Chestnut Hill, Massachusetts |

## PROFESSIONAL SOCIETY INVOLVEMENT:

Memberships, Offices and Committee Assignments in Professional Societies:

### American Psychiatric Association

| 1968- | Member |
| 1986 | Fellow |
| 2001 | Life Fellow |
| 2003 | Distinguished Life Fellow |

### Massachusetts Psychiatric Society

| 1968- | Member |
| 1974-77 | Private Practice Committee, Chairman |
| 1975-92 | Committee of Psychiatric Residency Training Directors |
| 1975-78 | Insurance Committee |
| 1979-92 | Legislative Committee |
| 1979-85 | Councilor |
| 1990-2000 | Society Representative to Massachusetts Medical Society |
| 1994-2003 | Ethics Committee |
| 1997-2003 | Ethics Committee, Chairman |

- 6 -

Memberships, Offices and Committee Assignments in Professional Societies (continued):

### Massachusetts Medical Society

| 1969- | Member |
|---|---|
| 1976-77 | Section of Psychiatry and Neurology, Secretary |
| 1977-79 | Section of Psychiatry and Neurology, Vice Chairman |
| 1978-85 | Legislative Committee |
| 1979-92 | Blue Cross Blue Shield Liaison Committee |
| 1980-84 | Section of Psychiatry, Chairman |
| 1980-90 | Interspecialty Committee, Representative for Psychiatry |
| 1984-90 | Councilor for Psychiatry |
| 1990-1991 | Consultant in Psychiatry Interspecialty Committee |
| 1991-2000 | Interspecialty Committee, Psychiatry, Member-at-large, |
| 1991-1995 | Councilor Representing Psychiatry |
| 1995-2000 | Delegate Representing Psychiatry |
| 1997-2000 | Compassionate Care Committee |

### Massachusetts Association for Mental Health

| 1976- | Member |
|---|---|
| 1976-85 | Professional Advisory Committee |
| 1980-85 | Professional Advisory Committee, Chairman |
| 1983-86 | Advisory Committee for Homeless Project, Member |
| 1980- | Board of Directors and Executive Committee |

### American Psychosomatic Society

| 1972- | Member |
|---|---|

Memberships, Offices and Committee Assignments in Professional Societies (continued):

### American Association of General Hospital Psychiatrists

    1979-1990    Member

### Association of General Psychiatrists

    1987-1995    Member

### Royal Society of Medicine, London

    1988-92    Associate

### American Academy of Psychiatry and the Law

    1989-    Member

### Boston Society of Neurology and Psychiatry

    1989-2003    Member

### Professional Journals Peer Reviewer

New England Journal of Medicine

General Hospital Psychiatry

Psychosomatic Medicine

Journal of Neuropsychiatry and Clinical Neurosciences

Bibliography

<u>Original Reports</u>

1.      Kelly MJ. Comprehensive long term treatment of a schizophrenic adolescent. Psychiatric Opinion 1970;7:36-41.

2.      Schiff LF, Kelly MJ, Kris AO. Participatory consultation: enhancing a comprehensive treatment service for adolescents. Mass J Mental Health 1971;11:36-42.

3.      Reich, P, Kelly MJ. Suicide attempts by hospitalized medical and surgical patients. N Engl J Med 1976;294:298-301.

4.      Brown HN, Kelly MJ. Stages of bone marrow transplantation: a psychiatric perspective. Psychosom Med 1976;38:439-46.

5 .     Reich P, Lazarus JM, Kelly MJ, Rogers MP. Factitious feculent urine in an adolescent boy. JAMA 1977;238:420-21.

6.      Weinberger DR, Kelly MJ. Catatonia and malignant syndrome: a possible complication of neuroleptic administration. J. Nerv Ment Dis 1977;165:263-68.

7.      Schlauch RW, Reich P, Kelly MJ. Leaving the hospital against medical advice. N Eng J Med 1980;300:22-24.

8.      Altman JH, Reich P, Kelly MJ, Rogers MP. Patients who read their hospital charts. N Engl J Med 1980;302:169-71.

9.      Rogers MP. Reich P, Kelly MJ, Liang MH. Psychiatric consultation among hospitalized arthritis patients. Gen Hosp Psychiat 1980;2:89-94.

10.     Chinman, C, Kelly, MJ, Borus, J. Teaching Residents the Reality of Current Mental Health Care. Harvard Rev Psychiatry 2002;10:56-58

<u>Reviews</u>

1.      Kelly MJ. Who me--a sexist? Editorial. N Engl J Med 1973;288:317-18.

2.      Kelly MJ. Book Review. Croog SH, Levine S. The heart patient recovers (social and psychological factors). New York: Human Sciences Press, 1977. Psychosom Med 1978; 40:641-42.

3.      Kelly MJ. Antianxiety drugs: benzodiazepines. Hospital Formulary 979;14:227-28.

4.      Kelly MJ. Book Review. Schneider J. Stress, loss and grief: understanding their origins and growth potential. Baltimore: University Park Press, 1984. N Engl J Med 1984;311:545.

5.      Kelly MJ. Book Review. Greben S. Loves labor: twenty-five years of experience in the practice of psychotherapy. New York: Schocken Books, 1984. N Engl J Med 311:1645-46.

6.      Kelly MJ. Book Review. Derogatis LR, Wise TV. Anxiety and depressive disorders in the medical patient. Washington, D.C. American Psychiatric Press, 1989. N Engl J Med 320:1089-90.

7.      Kelly MJ. Book Review. Brown GW, Harris TO. Life events and illness. New York:Guilford Press, 1989. N Engl J Med 1990;322:276.

8.      Kelly MJ. Book Review. Andersen AE. Males with eating disorders. New York:Brunner/Mazel, 1990. N Engl J Med 1991;324:202.

9.      Kelly MJ. Strategies for Diagnosing and Treating Depression. Boston:Brigham and Women's Hospital, 1991; Medical Update 3:8:1-5.

10.     Kelly MJ. Suicide assessment in the emergency department. Boston: Risk Management Foundation of the Harvard Medical Institutions, 1993; Forum 14:6:5-6.

11.     Kelly, MJ. Book Review. Toward an Integrated Medicine: Classics from Psychosomatic Medicine 1959-1979. Washington, D. C. American Psychiatric Press, Inc. 1995.

Books

1.      Reich P, Kelly MJ. Introduction to the mental disorders. In: Wintrobe MM, et al, eds. Harrison's principles of internal medicine, 7th ed. New York: McGraw-Hill, 1974:1871-75.

2.      Reich P, Kelly MJ. The neuroses. In: Wintrobe MM, et al, eds. Harrison's principles of internal medicine, 7th ed. New York: McGraw-Hill, 1974:1875-85.

3.      Reich P, Kelly MJ. Introduction to the mental disorders. In: Thorn GW, et al, eds. Harrison's principles of internal medicine, 8th Edition. New York: McGraw-Hill, 1977: 1944-48.

4.      Reich P, Kelly MJ. The neuroses. In: Thorn GW, et al, eds. Harrison's principles of internal medicine, 8th ed. New York: McGraw-Hill, 1977:1948-55.

5.      Kelly MJ, Reich P. Psychiatric preparation of the surgical patient. In: Vandam LD, ed. To make the patient ready for anesthesia: medical care of the surgical patient. Reading, Mass: Addison-Wesley, 1980:218-35.

6.      Kelly MJ, Reich P. Psychiatric preparation of the surgical patient. In: Vandam LD, ed. To make the patient ready for anesthesia: medical care of the surgical patient. Reading, Mass: Addison-Wesley, 1984:224-41.

7.   Kelly, MJ. Psychosis and depression. In: Braunwald E and Rose BD. Intensive review of internal medicine. Boston, Mass: Harvard Medical School, 1993:470-75.

8.   Kelly MJ, Rogers MP. Neuropsychiatric aspects of systemic lupus erythematosus. In: Stoudemire A and Fogel BS. Medical- Psychiatric Practice. Washington, D.C.: American Psychiatric Press, 1995:183-214.

9.   Rogers MP, Kelly MJ. Psychiatric aspects of systemic lupus. In: Schur PH ed. The clinical management of systemic lupus erythematosus, 2nd ed. Philadelphia: Lippincott-Raven Publishers, 1996:155-73.

10.  Kelly MJ, Mufson MJ, Rogers MP. Medical settings and suicide. In: Jacobs DG ed. Guide to suicide assessment and intervention, 1st ed. San Francisco: Jossey-Blass Publishers, 1999:491-519.

\\Sfals\boylcouuS\CVs\CV 2007.doc

PLEASE SEE PLAINTIFF'S
COMPLAINT
FILED AUGUST 19,2005
DOCKET ENTRY NUMBER 1