UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

```
------------------------------
Barry M. Cohen,              )
                             )
        Plaintiff,           )
                             )
        v.                   )   Civil Action No.:
                             )   05-11727-DPW
The City of Newton, The Newton )
Police Department,           )
Police Chief Jose M. Cordero, )
Newton Police Officer Rocky Marini )
(Badge No. 13963),           )
Newton Police Detective Robert F. )
Sampson, Newton Police Detective )
Sergeant George McMains,     )
Newton Police Officer Zachary )
Raymond, and Newton Police Officer )
Joseph T. McLaughlin,        )
                             )
        Defendants.          )
------------------------------
```

**PLAINTIFF'S OPPOSITION TO THE NEWTON DEFENDANTS' MOTION FOR AN INDEPENDENT MEDICAL EXAMINATION**

NOW COMES the Plaintiff, Barry M. Cohen (hereinafter "Mr. Cohen") and hereby opposes the Motion of the Newton Defendants for the independent medical examination of Plaintiff ("Motion for IME"). In opposition to the Motion for IME, Mr. Cohen submits the attached Memorandum of Law and incorporates same as if fully set forth herein.

The Newton Defendants have failed to demonstrate that a substantial and compelling reason exists to permit the independent medical examination of the Plaintiff at this time. In the event that this Honorable Court elects to permit such a medical examination, the Plaintiff respectfully suggests that same is restricted in terms of duration, scope, and procedure as requested herein and that a copy of all reports, records, and/or finding are provided to Mr. Cohen.

Respectfully submitted,
Plaintiff,
Barry M. Cohen,
By his attorney,

/s/ Christopher W. McHallam
Christopher W. McHallam
BBO #637464
500 Commercial Street
Suite 4R
Boston, Massachusetts
(617) 523-4552

Dated: February 12, 2007

2

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), which includes counsel for all parties in this matter.

/s/ Christopher W. McHallam
Christopher W. McHallam

UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

```
-----------------------------------
Barry M. Cohen,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           )   Civil Action No.:
                                   )   05-11727-DPW
The City of Newton, The Newton     )
Police Department,                 )
Police Chief Jose M. Cordero,      )
Newton Police Officer Rocky Marini )
(Badge No. 13963),                 )
Newton Police Detective Robert F.  )
Sampson, Newton Police Detective   )
Sergeant George McMains,           )
Newton Police Officer Zachary      )
Raymond, and Newton Police Officer )
Joseph T. McLaughlin,              )
                                   )
            Defendants.            )
-----------------------------------
```

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE NEWTON DEFENDANTS' MOTION FOR AN INDEPENDENT MEDICAL EXAMINATION**

NOW COMES the Plaintiff, Barry M. Cohen (hereinafter "Mr. Cohen") and hereby opposes the Motion of the Newton Defendants for the independent medical examination of Plaintiff ("Motion for IME"). In opposition to the Motion for IME, Mr. Cohen submits the within Memorandum of Law and states as follows:

**SUMMARY**

The Newton Defendants have failed to demonstrate that a substantial and compelling reason exists to permit the independent medical examination of the Plaintiff at this time. In the event that this Honorable Court elects to permit such a medical examination, the Plaintiff respectfully suggests that same is restricted in terms of duration, scope, and procedure as requested herein and that a copy of all reports, records, and/or finding are provided to Mr. Cohen.

**MR. COHEN'S CLAIMS AND PROCEDURAL BACKGROUND**

Mr. Cohen has asserted claims for damages pursuant to the following counts: Policy of Non-Feasance in the Protection of Plaintiff's Civil Rights (42 U.S.C. § 1983); False Arrest/Imprisonment; Malicious Prosecution; Assault and Battery; and Common Law Negligence. Mr. Cohen incorporates the allegations set forth in his Complaint as if fully set forth herein.

In essence, Mr. Cohen claims that the Defendants violated his civil rights by implementing and then executing a policy which led to his false arrest, false imprisonment, and malicious prosecution. Mr. Cohen has made allegations that the conduct of the Newton Defendants

2

has worsened and exacerbated conditions from which Mr. Cohen has suffered over a period of many years.

Mr. Cohen expressed a willingness to forego pursuit of any claims for special medical damages in order to preserve the sanctity of his patient-psychotherapist relationships and protect the privacy interest of disinterested third-parties.

On or about October 27, 2006, this Honorable Court ordered Mr. Cohen to produce certain requested medical records relating to his medical treatment and history in spite of the aforesaid willingness to waive special medical damage claims.

In conformance with the Court's order, the parties' thereafter entered into a protective order, which was made an order of this Court on or about January 11, 2007, and Mr. Cohen subsequently produced copies of certain medical records to the Newton Defendants.

Thus, Mr. Cohen is proceeding with his claims for special medical damages in light of his disclosure of said medical records.

## LEGAL ARGUMENT

The issue of the medical examination of parties is governed by Fed.R.Civ.P. 35, which provides in relevant part:

3

(a) Order for Examination.

When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

(b) Report of Examiner.

(1) If requested by the party against whom an order is made under Rule 35(a) or the person examined, the party causing the examination to be made shall deliver to the requesting party a copy of the detailed written report of the examiner setting out the examiner's findings, including results of all tests made, diagnoses and conclusions, together with like reports of all earlier examinations of the same condition.

It is within this Honorable Court's discretion to grant a request for an independent medical examination as well as to set the parameters and ground rules of any such medical examination pursuant to Rule 35(a). See Sloane v. Thompson, 128 F.R.D. 13, 15 (D.Mass. 1989); Eckman v. University of Rhode Island, 160 F.R.D. 431, 434 (D.R.I. 1995).

4

In order to obtain the Court's authorization for an medical examination, the moving party must show that 1) the party sought to be examined has placed his or her medical condition in controversy in the case; 2) good cause exists for the examination; 3) that the requested examination is relevant and necessary; and 4) that there is no other means available to obtain the desired information. See, Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964); Cody v. Marriot Corp., 421, 422-3 (D.Mass. 1984). In general, the moving party must demonstrate that good cause exists beyond merely quoting the allegations contained in the pleadings, by making an affirmative showing of sufficient facts to justify requiring the party to submit to a medical examination. Schlagenhauf, supra, at 117-118; see also Anderson v. Cryovac, Inc., 805 F.2d 1, 8 (1st Cir. 1986); Sacramona v. Bridgestone Firestone, Inc., 152 F.R.D. 428, 431 (D.Mass. 1993).

With respect to psychological and psychiatric examinations, the Court should be sure to establish procedural safeguards for the party required to submit to such examinations inasmuch as same are generally adversarial in nature and often are "de facto depositions." DiBari v. Incaica Cia Armadora, 126 F.R.D. 12, 14 (D.C.N.Y.

5

1989). Moreover, an examination authorized by Rule 35(a) should not be invasive or involve any unnecessary testing or examination. See, Eckman v. University of Rhode Island, supra, at 434.

1. **The Defendants Have Failed to Show "Good Cause" To Permit an Examination Pursuant to Rule 35**

The Newton Defendants have not alleged any reason or justification for their request for an examination of Mr. Cohen beyond citing passages from his Complaint and interrogatories which details the nature of his claims for emotional and medical damages.

Indeed, the Newton Defendants cite no reason why there is a compelling need to require Mr. Cohen to submit to a medical examination and have not specified what information is not already available to them in the records of the physician who treated Mr. Cohen in the aftermath of the incidents which give rise to this dispute.

Moreover, the Newton Defendants have not yet deposed Mr. Cohen and thus cannot point to any conclusive reasoning as to why such an examination would be necessary at this juncture of the case.

6

In order for this Honorable Court to grant the Newton Defendants' request for a medical examination, said Defendants should be required to provide at least some specific justification or reason that the request be granted.

It should also be noted that the Newton Defendants have suggested that a medical examination is required in order to determine the "credibility" of some of Mr. Cohen's allegations.

Based upon their own language, it appears that the Newton Defendants may wish to use the tool of a medical examination in order to probe the veracity of Mr. Cohen's allegations. A medical examination is not a proper venue for such inquiries and suggests that the requested medical examination may merely be a tool to harass Mr. Cohen and may be nothing more than a "de facto deposition." If indeed the proposed medical examination is to be used in such a manner, then the Newton Defendants request for an order authorizing any such an examination should be denied in its entirety.

2. **The Court Should Safeguard Against the Prejudicial and Adversarial Nature of Any Medical Examination**

As set forth herein above, this Honorable Court has the discretion to establish the time, place, manner,

7

conditions, and scope of the requested examination pursuant to Rule 35(a). In cases such as this which involve psychological and psychiatric issues, medical examinations are generally adversarial and can be view as "de facto depositions." See, DiBari v. Incaica Cia Armadora, supra at 14.

Moreover, in the instant lawsuit Mr. Cohen claims that the Newton Defendants have caused him to suffer great indignity and hardship as a result of their conduct in violation of his constitutionally guaranteed civil rights.

Thus, Mr. Cohen's believes that any medical examination by the Newton Defendants' physician should be conducted in a reasonable manner which ameliorates the possibility that Mr. Cohen will be subjected to further unnecessary hardship or trauma.

Moreover, it would be in the best interests of all parties that, in the event any such examination were allowed to occur, same take place in an environment which is reasonably comfortable and conducive to the exchange of reasonable dialog. It will not serve the Newton Defendants' objective of obtaining discovery as to the nature of Mr. Cohen's medical claims if the environment in which the examination takes place is so stress

8

inducing as to have the effect of inhibiting the exchange between Mr. Cohen and the examining physician.

Therefore, in the event that the Court is inclined to grant the Newton Defendants' request for an examination, Mr. Cohen respectfully requests that the Court put the following safeguards:

1. Mr. Cohen requests that his attorney be present at any examination conducted by the Newton Defendants and that, in all events, Mr. Cohen be permitted to record any such examination in its entirety by video camera equipped with audio recording;

2. Mr. Cohen requests that this Honorable Court expressly limit the scope of the examination to inquiries reasonably relating to his claim for medical damages;

3. Mr. Cohen requests that any examination conducted Newton Defendants be expressly limited in scope to extend only to a verbal dialog between Mr. Cohen and the examining physician. Inasmuch as Mr. Cohen's claims are principally limited to those involving emotional damage, Mr. Cohen does not believe that there is any grounds or reason that he be subjected any kind of physical examination or testing beyond a mere dialog with the Newton Defendants' doctor;

9

4. Mr. Cohen requests that any examination conducted by the Newton Defendants be held at the office of his counsel so that the video recording process may be effectively accomplished by Mr. Cohen. If Mr. Cohen were forced to travel to another unfamiliar site for any such examination, it is foreseeable that Mr. Cohen's ability to effectively videotape any such examination could be severely hampered.

5. Any examination conducted by the Newton Defendants should be limited to one (1) two hour session at a mutually convenient time. The Newton Defendants have provided no justification for their request for two (2) two-hour sessions and such a request seems excessive. If the Newton Defendants believe in good faith that they will require an additional session at the conclusion of the first session, they should be required to seek further authorization from the Court.

6. The Newton Defendants should be required to provide Mr. Cohen with copies of all findings and reports which result from the examination pursuant to Rule 35(b) and all recordings, documents, records, notes, and other information which results from any such examination should be considered "Confidential

10

Information" with the purview of the parties' Protective Order.

## CONCLUSION

Based on the foregoing, the Court should deny the Newton Defendants' Motion for Independent Medical Examination. In the event, however, that this Honorable Court is inclined to grant limit the scope of the Plaintiff's inquiry, the Plaintiff respectfully requests that the above requested safeguards be put in place.

Respectfully submitted,
Plaintiff,
Barry M. Cohen,
By his attorney,

/s/ Christopher W. McHallam
Christopher W. McHallam
BBO #637464
500 Commercial Street
Suite 4R
Boston, Massachusetts
(617) 523-4552

Dated: February 12, 2007

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), which includes counsel for all parties in this matter.

/s/ Christopher W. McHallam
Christopher W. McHallam

11