UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

```
------------------------------------
                                    )
Barry M. Cohen,                     )
                                    )
     Plaintiff,                     )
                                    )
     v.                             )   Civil Action No.:
                                    )   05-11727-DPW
The City of Newton, The Newton      )
Police Department,                  )
Police Chief Jose M. Cordero,       )
Newton Police Officer Rocky Marini  )
(Badge No. 13963),                  )
Newton Police Detective Robert F.   )
Sampson, Newton Police Detective    )
Sergeant George McMains,            )
Newton Police Officer Zachary       )
Raymond and Newton Police Officer   )
Joseph T. McLaughlin,               )
                                    )
     Defendants.                    )
------------------------------------
```

**PLAINTIFF'S OFFER OF PROOF AS TO THE MEDICAL CONDITION OF PLAINTIFF AND THE EFFECT OF THE DEFENDANT'S CONDUCT THEREUPON**

NOW COMES the Plaintiff, Barry M. Cohen (hereinafter "Mr. Cohen"), pursuant to this Honorable Court's order of April 6, 2007, hereby submits this Offer of Proof pursuant to the parties' Stipulated Protective Order and states as follows:

1. **What the Plaintiff Expects the Evidence To Show As to Plaintiff's Mental Condition Prior to the Incident:**

With respect to the Plaintiff's mental condition prior to the incident, as for non-medical evidence other than the

Plaintiff's own testimony, the Plaintiff anticipates that the testimony of his mother and father, as well as his life long friend David Kasman (all of whom have been deposed by Defendants) and his brother, David, and sister, Ann, will support the proposition that Plaintiff had suffered with Obsessive Compulsive Disorder (hereinafter "OCD") for approximately fifteen years prior to the incident, including at the time of the occurrence of the incidents which form the basis of this matter.

Said witnesses are generally expected to testify as to the following:

    a.    The daily occurrence of the symptoms of Mr. Cohen's OCD, as well as to provide their observations as how OCD makes it difficult for Plaintiff to lead a normal life and causes Mr. Cohen to suffer significant OCD related distress on an almost daily basis;

    b.    Their direct personal knowledge of Mr. Cohen's daily struggle with OCD over the past many years and the specific ways in which Plaintiff's OCD symptoms have manifested themselves throughout Mr. Cohen's daily existence.

    c.    Specifically, the witnesses will detail that for the past many years, Mr. Cohen's OCD causes him

      to be concerned on a daily and continuous basis with OCD related fears and anxiety, including fears of being touched by others and fears of being exposed to and/or contaminated by dirt and/or germs.

d. Thus, the witnesses will testify as to their observations and personal knowledge of the fact that Mr. Cohen wears gloves on a daily basis, and often wears galoshes, to avoid contact between him and the environment for approximately the past fifteen years as a way of coping with and reducing his OCD related fears and anxieties.

e. The witnesses will also testify that Mr. Cohen's OCD impacts Plaintiff's diet and ingestion of liquids and causes Mr. Cohen to be regimented and cautious in dealing with his surrounding environment.

f. Moreover, the witnesses will testify that Plaintiff is sometimes reluctant to permit unknown persons or contractors to enter or work in his living quarters due to Plaintiff's OCD related fears and anxiety that third parties might bring dirt or germs into Plaintiff's living space. The witnesses will also testify that

3

       Plaintiff has allowed contractors and workers to enter his living space to make repairs despite his OCD related fears and anxieties.

  g.  The witnesses will testify that based upon their personal knowledge and experience in dealing with Plaintiff on a regular basis that Mr. Cohen is wholly competent and mentally acute.

The Plaintiff reserves the right to call other fact, non-medical witnesses, and/or rebuttal witnesses as to the matters set forth herein.

**2.  What the Plaintiff Expects the Medical Evidence To Show As to Plaintiff's Mental Condition Prior to the Incident:**

Mr. Cohen intends to anticipates that the testimony of Dr. Jay Press (who has been deposed by Defendants) and the medical records of Dr. Jay Press and notes of Dr. Matthew Luzzi will establish a diognoses of the Plaintiff's medical condition, OCD, prior to and at the time of the incidents in question in the instant matter.

The medical evidence will show that Mr. Cohen's OCD besets him with great personal distress; causes a pre-occupation with OCD related fear and anxiety; and that Plaintiff's daily life is substantially impacted with

avoiding dirt and germs in an effort to reduce OCD related fears and anxieties.

Thus, Plaintiff has worn gloves on an almost constant basis, no matter time of day or weather, to attempt to ward off or reduce intense OCD related fears of dirt and germs.

Moreover, the testimony and medical records of Dr. Jay Press will be introduced to establish the nature of the Plaintiff's medical condition and the nature and extent to which it has been effected by the Defendants' conduct.

Dr. Press' notes and testimony, as well as the notes of Dr. Matthew Luzzi, will also establish that Plaintiff has no psychosis, no personality disorder, and no history of alcohol or substance abuse.  Moreover, it will be shown that Mr. Cohen's intellect is keen and entirely within normal limits and that Mr. Cohen is credible and competent.

Specifically, Dr. Press' notes, records, and testimony will establish that Plaintiff's OCD related symptoms were heightened after the incidents in question and that Mr. Cohen suffered emotional trauma and worsened OCD related anxiety as a result of the Defendants' conduct.

In the event that the Defendant is permitted to conduct an independent medical exam, the Plaintiff reserves the right to call his own expert witness as to medical matters.  Moreover, the Plaintiff reserves the right to

call other witnesses, rebuttal witnesses, and offer other evidence in support of the matters set forth herein.

**3.   What the Plaintiff Expects the Medical Evidence To Show As to Plaintiff's Mental Condition After to the Incident:**

It is anticipated that non-medical witnesses, (other than Plaintiff) Saul Cohen, Naomi Cohen, and David Kasman, David Cohen, and Ann Cohen, as well as Dr. Press and Dr. Press' notes and records, will demonstrate the nature of the injury, illness, emotional, physical distress, and harm experienced by the Plaintiff as a direct and proximate result of the Defendants' conduct.

The witnesses will detail their observations and knowledge of the shame, self-consciousness, trauma, distress and shock experienced by Mr. Cohen after his false arrest, false imprisonment, and subsequent malicious prosecution. The witnesses' testimony and records will describe and evince the following facts:

    a.   How the arrest and subsequent prosecution was especially difficult and traumatizing for Mr. Cohen due to his OCD in a multitude of ways;  how the incident caused a regression of Plaintiff's condition; and re-enforced Plaintiff's OCD related fears.

6

    b.    The witnesses will relate how the loss of control caused by Mr. Cohen's sudden and unanticipated injection into the environment of the police squad cars, police station, and cell block area created tremendous and unique distress and anxiety for Mr. Cohen, an especially vulnerable person, due to his OCD.

    c.    Specifically, the witnesses can confirm, for instance, how it was particularly disconcerting and traumatizing for Mr. Cohen to have his hands forcibly manipulated and unwillingly placed in ink in connection with his fingerprinting.

    d.    Saul Cohen can testify as to his observations of Mr. Cohen's injuries to his wrists, which were the direct and proximate result of the Defendants' excessive force and both Saul Cohen and Dr. Press can describe how, as a person with OCD, that the Plaintiff was especially fearful that he, Plaintiff, might have been unwillingly and unnecessarily exposed to infection and/or disease due to the handcuff injuries.

    e.    The witnesses can also detail that Mr. Cohen suffered and continues to suffer emotional terror, trauma, anxiety, and distress as a result

     of the Defendants' conduct and that in the weeks immediately following the incident, Mr. Cohen had great difficulty sleeping, suffered recurrent nightmares, fitful dreams of the police invading Plaintiff's home, experienced unusual difficulty eating and digesting food, and was in a state of great distress and terror.  The witnesses can describe that Plaintiff was overwhelmed by anxiety at the prospect that, if convicted of the criminal charge wrongfully levied against him, the Plaintiff could go to jail.  The witnesses will testify that facing the chance that he, the Plaintiff, could go to jail was excruciating to Mr. Cohen.

f.    The witnesses can describe their observations of how Mr. Cohen suffered from anxiety of a disabling nature in the weeks and months after the incident and was unable to engage in many of the activities he had prior to the incident, including experiencing increased agoraphobia, fear of being alone, a feeling of numbness and depression, and increased fear of engaging in daily activities such as driving and/or answering the door or telephone at Plaintiff's home.

8

g. The witnesses can describe how the publication of the notice of his arrest in the Newton Tab caused Mr. Cohen (a thirty year resident of Newton) to suffer shame, negative stigma, self-consciousness, and extreme humiliation as it created an association with criminal activity and, thus, significant damage to his reputation and fear of increased public scrutiny.

h. The witnesses can also testify as to the fact that since the time of the incident, it has been, and continues to be, difficult for Mr. Cohen to leave his parent's home due to his fears and anxieties and that Plaintiff has been deprived of the ability to engage in his typical source of exercise and activity, evening walks.

i. The witnesses will describe how Mr. Cohen became anxious and fearful of driving a car by himself due to fears that he would again be subject to false arrest and/or police harassment since the time of the incident.

j. The witnesses will testify that, prior to the incident, Mr. Cohen had been residing by himself in an apartment in New York City since 2000, and was studying and pursuing a career in acting.

      Indeed, Mr. Cohen's parents had purchased an apartment in New York to enable Plaintiff to live there on a permanent basis in order to facilitate Plaintiff's pursuit on an acting career.  The witnesses will also testify that after the incident Plaintiff became derailed in his career aspirations and ability to live independently.

k.    The witnesses will describe how Mr. Cohen was unable to return to his New York apartment after the incident, due to his increased OCD related fears and anxieties and the general exacerbation of his OCD.

l.    Dr. Press' records and testimony will show that since the time of the incident, Mr. Cohen has experienced a worsening of OCD, as the incident amplified a unique vulnerability in Plaintiff's psyche.  Specifically, Dr. Press can describe the following post-incident symptoms:  severe anxiety and emotional trauma; increased fear of being alone; obsessive re-playing of the memories of the incident; depression; demoralization; pleasurelessness; negative associations and intrusive memories; fatigue; lethargy; humiliation and embarrassment of being associated

      with criminal activity; worsened social anxiety and withdrawal; increased feelings of isolation; insomnia due to nightmares and fitful dreams involving the arrest and legal proceedings; fear of being arrested and/or falsely accused of further crimes and/or wrongdoing; hyper-vigilance; an exacerbation of the symptoms related to his OCD, including, but not limited to, a heightening of obsessive concern.

  Plaintiff reserves the right to call other witnesses to testify at the trial of this matter and to call any witness called by Defendants, and/or to call rebuttal witnesses.  The Plaintiff reserves the right to supplement this offer of proof.

                                Respectfully submitted,
                                Plaintiff,
                                Barry M. Cohen,
                                By his attorney,


                                <u>/s/ Christopher W. McHallam</u>
                                Christopher W. McHallam
                                BBO # 637464
                                500 Commercial Street
                                Suite 4R
                                Boston, Massachusetts 02109
                                (617) 523-4552

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), which includes counsel for all parties in this matter.

/s/ Christopher W. McHallam
Christopher W. McHallam
