UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARRY M. COHEN,    )<br>        Plaintiff    )<br>        )<br>v.    )<br>        )<br>THE CITY OF NEWTON, THE NEWTON    )<br>POLICE DEPARTMENT, POLICE CHIEF    )<br>JOSE M. CORDERO, NEWTON POLICE    )<br>OFFICER ROCKY MARINI, (BADGE NO.    )<br>13963) NEWTON POLICE DETECTIVE    )<br>ROBERT F. SAMPSON,  NEWTON POLICE    )<br>POLICE DETECTIVE, NEWTON POLICE    )<br>DETECTIVE SERGEANT GEORGE    )<br>MCMAINS, NEWTON POLICE OFFICER    )<br>ZACHARY RAYMOND,  AND NEWTON    )<br>POLICE OFFICER JOSEPH T. MCLAUGHLIN,  )<br>        Defendants    ) | CIVIL ACTION<br>NO. 05-11727 DPW |

**DEFENDANTS' RENEWED MOTION FOR**
**INDEPENDENT MEDICAL EXAMINATION OF PLAINTIFF**

Defendants hereby respectfully renew their Motion for an Independent Medical Examination of Plaintiff Barry Cohen in response to his June 1, 2007 report to the Court—Plaintiff's Offer of Proof As To Medical Condition of Plaintiff And Effect of the Defendants' Conduct Thereupon ("Offer of Proof").

Defendants assert that such offer clearly establishes that "good cause" exist for Defendants' request for an independent medical exam to evaluate Plaintiff's emotional and mental condition, as well as the origin, diagnosis, starting dates, details of any conditions, and prognosis. Defendants incorporate by reference its previous Motion for Independent Medical Exam of Plaintiff and Memorandum in Support of Motion for Independent Medical Exam of Plaintiff and supporting Affidavit of Donnalyn B. Lynch Kahn [Docket Entries 58,59, and 60] and further state that Plaintiff's Offer of Proof specifically demonstrates that his Obsessive Compulsive Disorder

("OCD") is central to this case and that "good cause" exists for an independent medical examination in that Plaintiff states that:

- "the incident caused a regression of Plaintiff's condition …" Offer of Proof at 6 (emphasis added);

- he has "experienced worsening of OCD, *as the incident amplified a unique vulnerability in Plaintiff's psyche*." Offer of Proof at 10 (emphasis added);

- ". . .his OCD related symptoms *were heightened after the incident in question* and that [he] suffered emotional trauma and worsened OCD related anxiety *as a result of Defendants' conduct*." Offer of Proof at 5 (emphasis added);

- "the arrest and subsequent prosecution was especially difficult and traumatizing for [him] *due to his OCD* in a multitude of ways. . ." Offer of Proof at 6 (emphasis added) ;

- he "suffered and continues to suffer emotional terror, trauma, anxiety and distress *as a result of Defendants' conduct*. . ." Offer of Proof at 7-8 (emphasis added).

Significantly, the Offer of Proof states that Plaintiff *will be relying on the medical testimony* of Dr. Jay Press, a certified psychiatrist, as well as his and other doctor's medical records as evidence as to Plaintiff's diagnosis, conditions before the events at issue and condition after the events at issue. See, e.g., Offer of Proof at 4-6 and 10-11. The Offer of Proof explicitly states that Plaintiff will rely on Dr. Press "to establish the nature of the Plaintiff's medical condition and the nature and extent to which it has been effected [sic] by the Defendants' conduct." Offer of Proof at 5. Further, he states that Dr. Press (as well as numerous lay witness family members) will demonstrate *the nature of* the injury, *illness,* emotional, physical distress, and harm experienced by

2

the Plaintiff *as a direct and proximate result of the Defendants' conduct.* Offer of Proof at 6 (emphasis added). Thus, the plain language of the Offer of Proof demonstrates that Dr. Press will testify in an expert capacity based not only on his interactions and examinations of Plaintiff but his expert opinion as to a diagnosis and prognosis of OCD and its related symptoms. As such, Plaintiff's presentation of his OCD diagnosis and symptoms both before and after the incident, as well as his clear allegations of exacerbation in his Complaint, his Interrogatory Answers, and now unmistakably in his Offer of Proof, squarely place his condition/injuries "in controversy" and provide "good cause" for Defendants' request for an independent medical examination. See Schlagenhauf v. Holder, 379 U.S. 104, 119 (1964).

In light of the above, Defendants are entitled to have their own medical expert assess and challenge Plaintiff's medical diagnosis, his medical conditions specifically as they relate to his OCD before the incident, and state of his mental condition after the incident. It would be highly prejudicial for Plaintiff to be permitted to put forth medical testimony and evidence by a medical doctor regarding Plaintiff's diagnosis, condition prior and condition post incident, and prognosis, yet Defendants be unable to challenge this evidence with credible expert testimony of their own.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court ALLOW this Renewed Motion for an Independent Medical Examination of Plaintiff to be performed by Dr. Martin Kelly, a licensed medical doctor and a psychiatrist, consisting of two separate sessions of approximately two hours, each to be conducted at the mutual convenience of Plaintiff and Dr. Kelly.

Defendants further request that to maintain the integrity of the examination, this Court order that the sessions be conducted only in the presence of Plaintiff and Dr. Kelly. See Affidavit of Counsel Donnalyn B. Lynch Kahn, Exhibit C ( true and accurate copy of the curriculum vitae of Martin J. Kelly, M.D.)

    Respectfully submitted,

    DEFENDANTS,

    THE CITY OF NEWTON, THE NEWTON POLICE DEPARTMENT, POLICE CHIEF JOSE M. CORDERO, NEWTON POLICE OFFICER ROCCO MARINI, (BADGE NO. 13963) NEWTON POLICE DETECTIVE ROBERT E. SAMPSON, NEWTON POLICE POLICE DETECTIVE, NEWTON POLICE DETECTIVE SERGEANT GEORGE MCMAINS, NEWTON POLICE OFFICER ZACHARY RAYMOND AND NEWTON POLICE OFFICER JOSEPH T. MCLAUGHLIN

    By its attorneys,

    */s/ Angela Buchanan Smagula*
    _____
    Donnalyn B. Lynch Kahn (BBO #556609)
    Angela Buchanan Smagula (BBO #643764)
    Assistant City Solicitors
    City of Newton Law Department
    1000 Commonwealth Avenue
    Newton Centre, MA 02459

Dated: June 11, 2007    Tel: (617) 796-1240

## CERTIFICATE OF SERVICE

I, Angela Buchanan Smagula, hereby certify that on this date I have mailed first class postage prepaid a copy of the within Defendants' Renewed Motion For Independent Medical Examination of Plaintiff to Christopher W. McHallam, Esq., 500 Commercial Street, Suite 4R, Boston, MA 02109.

Signed under the pains and penalties of perjury this 11th day of May 2007.

                                           */s/ Angela Buchanan Smagula*
                                           _____
                                           Angela Buchanan Smagula, Esq.
                                           Assistant City Solicitor