```
                    UNITED STATES OF AMERICA
                     DISTRICT OF MASSACHUSETTS
```

```
-----------------------------------
                                   )
Barry M. Cohen,                    )
                                   )
     Plaintiff,                    )
                                   )
     v.                            )    Civil Action No.:
                                   )    05-11727-DPW
The City of Newton, The Newton     )
Police Department,                 )
Police Chief Jose M. Cordero,      )
Newton Police Officer Rocky Marini )
(Badge No. 13963),                 )
Newton Police Detective Robert F.  )
Sampson, Newton Police Detective   )
Sergeant George McMains,           )
Newton Police Officer Zachary      )
Raymond, and Newton Police Officer )
Joseph T. McLaughlin,              )
                                   )
     Defendants.                   )
-----------------------------------
```

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE NEWTON DEFENDANTS' RENEWED MOTION FOR AN INDEPENDENT MEDICAL EXAMINATION**

NOW COMES the Plaintiff, Barry M. Cohen (hereinafter "Mr. Cohen") and hereby opposes the Renewed Motion of the Newton Defendants for the independent medical examination of Plaintiff ("Renewed Motion for IME"). In opposition to the Renewed Motion for IME, Mr. Cohen incorporates his prior Opposition to Defendants' first Motion for IME as if fully set forth herein and submits the within Memorandum of Law and states as follows:

**SUMMARY**

The Newton Defendants have still failed to demonstrate that a substantial and compelling reason exists to permit the independent medical examination of the Plaintiff at this time.  In the event, however, that this Honorable Court elects to permit such a medical examination, the Plaintiff respectfully suggests that same is restricted in terms of duration, scope, and procedure as requested in Plaintiff's original opposition to Plaintiff's first Motion for and IME (Docket Entry 61) and that a copy of all reports, records, and/or finding are immediately provided to Mr. Cohen.

**MR. COHEN'S CLAIMS AND PROCEDURAL BACKGROUND**

Mr. Cohen has asserted claims for damages pursuant to the following counts:  Policy of Non-Feasance in the Protection of Plaintiff's Civil Rights (42 U.S.C. § 1983); False Arrest/Imprisonment; Malicious Prosecution; Assault and Battery; and Common Law Negligence.  Mr. Cohen incorporates the allegations set forth in his Complaint as if fully set forth herein.

In essence, Mr. Cohen claims that the Defendants violated his civil rights by implementing and then executing a policy which led to his false arrest, false imprisonment, and malicious prosecution.  Mr. Cohen has

made allegations that the conduct of the Newton Defendants has worsened and exacerbated conditions from which Mr. Cohen has suffered over a period of many years.  The nature of Mr. Cohen's claims as to his medical damages were set forth in Plaintiff's Offer of Proof filed with this Honorable Court on or about June 10, 2007.  A copy of which is hereto attached as Exhibit 1.

### LEGAL ARGUMENT

The issue of the medical examination of parties is governed by Fed.R.Civ.P. 35.  It is within this Honorable Court's discretion to set the parameters and ground rules of any such medical examination pursuant to Rule 35(a).  See Sloane v. Thompson, 128 F.R.D. 13, 15 (D.Mass. 1989); Eckman v. University of Rhode Island, 160 F.R.D. 431, 434 (D.R.I. 1995).

In order to obtain the Court's authorization for a medical examination, the moving party must show that 1) the party sought to be examined has placed his or her medical condition in controversy in the case; 2) good cause exists for the examination; 3) that the requested examination is relevant and necessary; and 4) that there is no other means available to obtain the desired information.  See, Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964); Cody v.

Marriot Corp., 421, 422-3 (D.Mass. 1984). In general, the moving party must demonstrate that good cause exists beyond merely quoting the allegations contained in the pleadings, by making an affirmative showing of sufficient facts to justify requiring the party to submit to a medical examination. Schlagenhauf, supra, at 117-118; see also Anderson v. Cryovac, Inc., 805 F.2d 1, 8 (1st Cir. 1986); Sacramona v. Bridgestone Firestone, Inc., 152 F.R.D. 428, 431 (D.Mass. 1993).

    With respect to psychological and psychiatric examinations, the Court should be sure to establish procedural safeguards for the party required to submit to such examinations inasmuch as same are generally adversarial in nature and often are "de facto depositions." DiBari v. Incaica Cia Armadora, 126 F.R.D. 12, 14 (D.C.N.Y. 1989). Moreover, an examination authorized by Rule 35(a) should not be invasive or involve any unnecessary testing or examination and should not expose the party to unnecessary pain or discomfort. See, Eckman v. University of Rhode Island, supra, at 434.

> **1.   The Defendants Have Again Failed to Show Sufficient "Good Cause" To Permit an Examination Pursuant to Rule 35**

The Newton Defendants still have not provided any substantive reason why there is a compelling need to require Mr. Cohen to submit to a medical examination, other than re-iterating that Mr. Cohen's medical condition is in controversy.

The Newton Defendants have not specified what particular information was not already available to them in the records and testimony of the physician, Dr. Press, who treated Mr. Cohen in the aftermath of the incidents which give rise to this dispute.  See, Marroni v. Matey, 82 F.R.D. 371, 372 (D.Pa. 1979)(other means of evaluating medical condition should first be exhausted).

The Newton Defendants deposed Plaintiff's treating psychiatrist, Dr. Press, on April 30, 2007.  It should be noted that Dr. Press began treating Plaintiff about two months prior to the incidents which have given rise to this matter.  See, copy of transcript of Deposition of Dr. Press, hereto attached as Exhibit 2.

There were no inquiries made by said Defendants of Dr. Press during his deposition as to his diagnosis, prognosis, or evaluation as to the medical diagnosis of Plaintiff; Plaintiff's medical conditions as they specifically relate

5

to his OCD before the incident; and his state of medical condition after the incident. See, Exhibit 2. Moreover, the Defendants identified expert, Dr. Kelly, did not attend Dr. Press' deposition.

It is the height of disingenuousness for Defendants to claim that they have not had an opportunity to challenge the Plaintiff's medical testimony and evidence regarding Plaintiff's diagnosis, condition prior to and condition post incident, and prognosis.  To the contrary, Dr. Press voluntarily (with the written consent of Plaintiff) appeared for a deposition and the Defendants elected not to question Dr. Press with respect to those substantive matters.

It seems clear to Plaintiff that the proposed IME is not a genuine attempt to challenge Plaintiff's medical evidence.  Indeed, if the Defendants were truly concerned about challenging the Plaintiff's medical evidence, they should have asked Dr. Press about his diagnosis, prognosis, and evaluation of Plaintiff.  Rather, it is clear that the Defendants primary goal in requesting an IME is to attempt to infringe upon the Plaintiff's privacy by requiring him to submit to the adversarial and uncomfortable task of discussing psychiatric matters with their expert.

The Defendants have also not made any attempt to show why it is necessary for the Plaintiff to submit to an IME. Defendants renewed motion for an IME seems to imply that Defendants are entitled to an IME simply because Plaintiff's medical condition is in controversy.

It seems quite clear that the likely prejudicial effect of any IME would far outweigh any probative value. The incidents described herein took place in September, 2003 and the most severe effects upon Plaintiff occurred in the weeks and months thereafter. As the injuries in question involve psychological and psychiatric harm, and thus are principally subjective in nature, it will be difficult for Dr. Kelly to empirically challenge the issue of the extent to which the incident affected Plaintiff in those weeks and months following the September, 2003, incident.

Therefore, it is suggested that the prejudicial effect of any such IME will far outweigh its likely probative value.

### 2. The Court Should Safeguard Against the Prejudicial and Adversarial Nature of Any Medical Examination

As set forth herein above, this Honorable Court has the discretion to establish the time, place, manner, conditions, and scope of the requested examination pursuant to Rule 35(a). Thus, Mr. Cohen believes that any medical examination by the Newton Defendants' physician should be

7

conducted in a reasonable manner which ameliorates the possibility that Mr. Cohen will be subjected to further unnecessary hardship or trauma.

Therefore, in the event that the Court is inclined to grant the Newton Defendants' request for an examination, Mr. Cohen respectfully requests that the Court put the safeguards set forth in his prior Opposition into place.

## **CONCLUSION**

Based on the foregoing, the Court should deny the Newton Defendants' Motion for Independent Medical Examination. In the event, however, that this Honorable Court is inclined to grant the Defendants' motion, the Plaintiff respectfully requests that the above safeguards be put in place.

>                         Respectfully submitted,
>                         Plaintiff,
>                         Barry M. Cohen,
>                         By his attorney,
>
>                         /s/ Christopher W. McHallam
>                         Christopher W. McHallam
>                         BBO #637464
>                         500 Commercial Street
>                         Suite 4R
>                         Boston, Massachusetts
>                         (617) 523-4552

Dated: July 10, 2007

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), which includes counsel for all parties in this matter.

                                     /s/ Christopher W. McHallam
                                     Christopher W. McHallam