UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

------------------------------------

| | | |
|---|---|---|
| Barry M. Cohen, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: |
| | ) | 05-11727-DPW |
| The City of Newton, The Newton | ) | |
| Police Department, | ) | |
| Police Chief Jose M. Cordero, | ) | |
| Newton Police Officer Rocky Marini | ) | |
| (Badge No. 13963), | ) | |
| Newton Police Detective Robert F. | ) | |
| Sampson, Newton Police Detective | ) | |
| Sergeant George McMains, | ) | |
| Newton Police Officer Zachary | ) | |
| Raymond and Newton Police Officer | ) | |
| Joseph T. McLaughlin, | ) | |
| | ) | |
| Defendants. | ) | |

------------------------------------

## PLAINTIFF'S MOTION TO COMPEL FURTHER DOCUMENTS

NOW COMES the Plaintiff, Barry M. Cohen (hereinafter "Mr. Cohen") by and through his counsel and hereby submits this Motion to Compel Documents and incorporates as if fully set forth herein the attached Memorandum of Fact and Law in Support of His Motion to Compel Further Discovery. In support of the within motion, Plaintiff states as follows:

Fed.R.Civ.P. Rule 37(a) provides that a "party, upon reasonable notice . . . may apply for an order compelling disclosure or discovery by motion. Moreover, Rule 37(4)

provides that this Honorable Court may award sanctions for failure to make disclosures and/or otherwise comply with discovery rules. More specifically, the Plaintiff claims the Newton Defendants have violated the rules pertaining to the production of documents and discoverable materials in a variety of ways which are addressed in detail in the accompanying memorandum.

Fed.R.Civ.P. Rule 26(a) sets forth the scope of discovery to which a party is entitled in a civil action in the federal district court: Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

In the instant matter, the Plaintiff twice served written requests for the production of documents upon the Defendants, the First Set was served on or about March 10, 2006 and the Second set of Requests for Production was

2

served on or about February 7, 2007 and contained the
specific requests set forth herein.  See Copies of
Plaintiff's Requests for the Production of Documents,
hereto attached as Exhibit 1 and 1A.

By agreement, the Defendants responded to Plaintiff's
First Requests on or about April 22, 2006 and to said
Second Requests on or about April 11, 2007.  A copy of the
Defendants' Response to Plaintiff's First and Second
Request for the Production of Documents is hereto attached
as Exhibit 2.

The Defendants, however, have failed to fully answer
said Requests for Production and have intentionally elected
not to provide Plaintiff with information that is squarely
discoverable and within the scope of Rule 26(b) and 34.
See Exhibits 1, 1A, and 2.  Moreover, Plaintiff has learned
either independently or through other depositions of the
likely existence of documents which are believed to be
responsive to various specific requests set forth in
Plaintiff's Requests for the Production of Documents and
set forth in the accompanying Memorandum.

### STATEMENT AS TO COMPLIANCE WITH CONFERENCE RULES

In conformance with Local Rule 37.1(a), Plaintiff's
counsel contacted Defendants' counsel in writing on
November 19, 2007, to set up a discovery conference in an

effort to narrow the areas of disagreement between the parties.  See copy of emails hereto attached as Exhibit 3.

There has been no response from the Defendants as to the said request for a discovery conference and Plaintiff's counsel followed up in writing on November 28, 2007 in an effort to determine if a discovery conference could be scheduled.  See Exhibit 3.  There was no response by Defendants' counsel as to said follow up on the status of the discovery conference.

WHEREFORE, the Plaintiff seeks and order compelling all documents in the possession, custody, or control of Defendants responsive to the specific requests set forth in the attached Memorandum of Fact and Law; for Plaintiff's reasonable attorney's fees associated with this motion; and for such other and further relief as this Honorable Court deems just and proper pursuant to Fed.R.Civ.P 37(4) and/or as justice and equity may require.

Dated:   November 30, 2007

Respectfully submitted,
Plaintiff,
Barry M. Cohen
By his attorney,


/s/ Christopher W. McHallam
Christopher W. McHallam
BBO # 637464
500 Commercial Street
Suite 4R
Boston, Massachusetts 02109
(617) 523-4552

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), the Plaintiff respectfully suggests that the Court will be assisted in determining this matter by Oral Argument, and accordingly requests an opportunity to present such argument to the Court.

/s/ Christopher W. McHallam
Christopher W. McHallam


## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), which includes counsel for all parties in this matter.

/s/ Christopher W. McHallam
Christopher W. McHallam



UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

```
------------------------------------
                                    )
Barry M. Cohen,                     )
                                    )
     Plaintiff,                     )
                                    )
     v.                             )        Civil Action No.:
                                    )        05-11727-DPW
The City of Newton, The Newton      )
Police Department,                  )
Police Chief Jose M. Cordero,       )
Newton Police Officer Rocky Marini  )
(Badge No. 13963),                  )
Newton Police Detective Robert F.   )
Sampson, Newton Police Detective    )
Sergeant George McMains,            )
Newton Police Officer Zachary       )
Raymond and Newton Police Officer   )
Joseph T. McLaughlin,               )
                                    )
     Defendants.                    )
------------------------------------
```

### PLAINTIFF BARRY M. COHEN'S FIRST REQUESTS FOR THE PRODUCTION OF DOCUMENTS PROPOUNDED TO THE DEFENDANT, THE NEWTON POLICE DEPARTMENT

Pursuant to Fed.R.Civ.P. Rule 34, you are requested to produce any and all documents requested herein within thirty (30) days following the date these requests were served upon you, no later than 2:00 P.M. in the law offices of **Christopher W. McHallam, Esq., 500 Commercial Street, Suite 4R, Boston, Massachusetts, 02109,** for purposes of inspection and copying or, in lieu thereof, to produce those same documents, or true and legible copies, with the same time period, by mail or other similarly reliable means to the law offices of **Christopher W. McHallam, Esq., 500 Commercial Wharf, Suite 4R, Boston, MA, 02110,** for purposes of inspection and copying.

All documents produced shall be set forth in the order kept in the ordinary course of business, and shall be labeled or otherwise specifically identified so as to correspond and be responsive to all appropriate answers to

1

the Requests for Production.  The Requests for Production
shall be deemed continuing in nature, call for prompt
production by you of all documents which come into your
possession, custody, or control at any time prior to the
conclusion of the trial in the above-captioned matter, as
well as all documents currently in your possession,
custody, or control.

### DEFINITIONS, PROCEDURES AND INSTRUCTIONS

**Agent:**  "Agent" means all persons, including but not
limited to any representative authorized to act on the
behalf of, or for the benefit of, another person.

**Communication:**  "Communication" means a statement of any
nature or description, whether in oral or writing, in which
information was transmitted between two or more persons.

**Date or Period:**  If you do not know the exact date or
period, please supply an approximation.

**Document:**  "Document" means, without limitation, the
original and all non-identical copies, the following items,
whether printed, recorded, filmed, reproduced by any
process, written or produced by hand, that are or have been
in the possession, custody, or control of the party
responding to this request of which the party responding to
this request has knowledge, whether or not claimed to be
privileged against discovery on any grounds, and whether an
original, master, or copy, namely:  agreements; licenses;
permits; warrants; communications; including intra-company
communications; correspondence; cablegrams; radiograms;
telegrams; notes and memoranda; email; summaries; records
and minutes of telephone conversations; meetings or
conferences; voice records; summaries and records of
personal conversations or interviews; books; manuals;
publications; diaries; charts; statistical compilations;
studies; plans; sketches; drawings; maps; photographs;
reports and summaries of negotiations; brochures;
pamphlets; catalogs; catalog sheets; advertisements and
circulars; trade letters; press and publicity release;
drafts or originals, or preliminary notes on and marginal
comments appearing on any documents; financial statements;
minutes of board of directors meetings; stenographic or
handwritten notes; every copy where the original is not in
the possession, custody, or control of the party responding
to this request; every copy where such copy is not an

2

identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear in the original; other reports and records; and, any other information containing paper, writing, or physical things.

As used herein, the word "documents" specifically refers to all things of a physical nature, including but not limited to computer discs, computer tapes, tape recordings, telephone messages or memoranda, and handwritten notes.

Without limitation of the term as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure it or a copy of it from the person or public or private entity which has actual possession of it.

If a document is responsive to a request for identification or production, but it is not in your possession, custody, or control, identify the person or entity which has possession, custody, or control.  If you do not have this information, state what disposition was made of the document, by whom, and the date or dates on which such disposition was made and why.

**Or:**  For the purposes of these Interrogatories, "or" shall be construed either conjunctively or disjunctively to bring within the scope of these Requests any information which might have otherwise been construed to be outside their scope.

**Person:**  "Person" means, without limitation, any and all entities including but not limited to all individuals, groups, associations, organizations, or businesses.

**Relating To:**  For the purposes of the Requests, "relating to" shall mean pertinent, relevant, or material to, evidencing, having a bearing on, or concerning, affecting, discussing, or otherwise dealing with the subject matter in any way whatsoever.

**Representation:**  "Representation" means a statement of any nature or description, whether oral or in writing, intended to influence another person.

3

**Statement**:  "Statement" includes but is not limited to, each recordation of an interview or communication with a witness, whether by a signed writing, recording, court reporter, notes, documents, or otherwise.

**Witness**:  "Witness" means the name, address, and telephone number of each person or persons having knowledge of discoverable matters or the item in question.

**Other terms**:  The singular includes the plural, and vice versa.  The masculine includes the feminine and neutral genders, and the past tense includes the present tense when the clear meaning is not distorted by the change of tense.

**Lack of Information**:  If you have no information about the subject of a particular Request, or if for some reason you are unable to answer it, the response should specifically so state.  No Request should be left blank without some response.  If you have some information but believe that further information which you know but is not available to you would also be responsive to the Request, you should provide the information you now have and specifically state when the balance of all information will be provided.  If you cannot provide it all, you should provide the name of the person or entity that would be able to provide it.  The fact that a full answer cannot now be given is not a basis for you to fail to provide such information as is currently available or known to you.

**Privilege**:  Where a Request calls for the information or identification of a document or communication which you claim as protected by any privilege or other limitation on disclosure, the answer to the Request should state the existence of the information, communication, or document.  It should also state each privilege or limitation claimed, with a summary of all facts and circumstances upon which the claim is based.  You should not claim a privilege without also supplying the information above.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request No. 1**:  Provide all documents upon which the witnesses identified in your responses to the Interrogatories served upon you intend to rely to lay a foundation for, establish, or prove evidence at trial.

4

**Request No. 2:**  Provide all documents you intend to offer as exhibits at the time of trial and any documents, not privileged, that you may refer to in order to refresh the recollection of any witnesses in advance of or during trial.

**Request No. 3:**  Provide all documents relating the arrest of Mr. Cohen, including all documents submitted to the Newton District Court in connection with the procurement of the warrant for Plaintiff's arrest.

**Request No. 4:**  Provide all documents relating to the Newton Police Department's policies and procedures relating to the booking of arrestees.

**Request No. 5:**  Provide all documents relating to the Newton Police Department's policies and procedures relating to the handling of arrestees deemed to be uncooperative and/or non-compliant.

**Request No. 6:**  Provide all documents relating to the Newton Police Department's policies and procedures relating to allowing arrestees to make telephone calls during arrest and/or detention.

**Request No. 7:**  Provide all documents relating to the Newton Police Department's policies and procedures relating to determination of the making of arrests, including any directives, guidelines, and/or orders.

**Request No. 8:**  Provide all documents relating to the Newton Police Department's policies and procedures relating to the creation, approval, and/or distribution of incident reports, including, in particular, Officer Marini's incident report(s) relating to his encounter with the Plaintiff.

**Request No. 9:**  Provide all documents relating to the Newton Police Department's policies and procedures relating to the nature and conduct of surveillance operations.

**Request No. 10:**  Provide all documents relating to the Newton Police Department's policies and procedures relating to use of force during arrests and/or detention of suspects.

**Request No. 11**: Provide all documents, videotapes, audio tapes, or other recordings of Mr. Cohen's initial encounter with Officer Marini, and/or his subsequent arrest, detention, and/or release.

**Request No. 12**: Provide all notes, logs, work papers, or other documents relating to the activities of Detectives Sampson and McMains prior to, during, and after the arrest of Mr. Cohen.

**Request No. 13**:  Provide all correspondence and/or email between the Newton Police Department and the Newton District Court relative to Mr. Cohen's arrest and/or prosecution.

**Request No. 14**:  Provide all correspondence and/or email between any police officials relative to the efforts by the Newton Police Department to apprehend any suspected perpetrators of car break-ins prior to September 25, 2003.

**Request No. 15**:  Provide all correspondence and/or email between any police officials relative to the efforts by the Newton Police Department to conduct a surveillance operation in an effort to apprehend any suspected perpetrators of car break-ins on or about September 25, 2003.

**Request No. 16**:  Provide all correspondence and/or email between any police officials regarding Officer Marini's encounter with Mr. Cohen on or about September 25, 2003.

**Request No. 17**:  Copies of all documents relating to any meetings held amongst police officials regarding the investigation and/or arrest of Mr. Cohen on or about September 25, 2003.

**Request No. 18**:  Provide recordings and/or transcripts of any radio dispatches relating to either the Newton Police's initial encounter with Mr. Cohen and/or Mr. Cohen's subsequent arrest.

**Request No. 19**:  Provide all documents relating to the Newton Police Department's policies and procedures relating to the contact of arrestee's and/or arrestee's families after criminal prosecution has commenced.

6

**Request No. 20**:  Provide copies of all documents relating to any other claims made against the Newton Police at any time during the past five (5) years with regard to false arrest, false imprisonment, civil rights violations, and/or other claims similar to Plaintiff's claim.

**Request No. 21**:  Provide all copies of documents relating to all training, education, and/or instruction that the individual Newton Police defendants have received at any time relative to arresting suspects, transporting suspects, fingerprinting suspects, detaining suspects, and/or imprisoning suspects.

**Request No. 22**:  Provide copies of all complaints, letters, emails, and/or other documents relating to any expressions of concern relative to the policies and practices of the Newton Police Department at any time within the past five (5) years.

**Request No. 23**:  Provide copies of all documents relating to any regulations, laws, standards, and/or rules which relate to the Newton Police's policies and practices in arresting suspects, transporting suspects, fingerprinting suspects, detaining suspects, and/or imprisoning suspects.

**Request No. 24**:  Provide copies of all documents relating to any conversations, statements, investigations, and/or other occurrences relating to Mr. Cohen's initial encounter with Officer Marini, his subsequent arrest, and/or his prosecution.

**Request No. 25**:  Provide copies of all documents relating to the Newton Police Department's decision to arrest Mr. Cohen and charge him with violating M.G.L. c. 274, Section 6, including all documents relating to any meetings, conversations, or other occurrences related thereto.

**Request No. 26**:  Provide copies of all documents relating to any disciplinary actions taken by the Newton Police Department and/or other entities with respect to the incidents described herein.

**Request No. 27:** Provide copies of all documents relating to any disciplinary actions taken by the Newton Police Department and/or other entities with respect to any of the individual Defendants at any time in the past five (5) years.

**Request No. 28:** Provide copies of all documents relating to any internal grievances, complaints, and/or other notices filed with the Newton Police Department by any police personnel, police organization, and/or other entity within the past five (5) years.

**Request No. 29:** Provide copies of all documents referred to in Defendants' Required Initial Disclosures.

**Request No. 30:** Provide copies of all documents relating to the notes, logs, emails, or other records of any "OIC" on duty at the time of Mr. Cohen's initial encounter with Officer Marini, and/or his subsequent arrest and detention.

**Request No. 31:** Provide copies of all documents relating to Officer Marini's creation and the approval of his incident report(s) relating to the within matter.

**Request No. 32:** Provide copies of all documents relating to any efforts to ascertain Mr. Cohen's identity, criminal history, and background at any time from on or about September 25, 2003 to the present.

**Request No. 33:** Provide copies of all documents relating to numbers of arrests made by the Newton Police Department in the last five (5) years, including any directives, instructions, or orders relating to changes in policy relative to the making of arrests.

**Request No. 33:** Provide copies of all documents relating to the resignation of Chief Cordero in 2004, including any letters of resignation and/or other documents.

**Request No. 34:** Provide copies of all documents relating any oversight and/or supervision of the Newton Police Department by any local, state, federal, and/or private organization including in your response any correspondence expressing concern and/or complaint with police conduct at any time in the past five (5) years.

**Request No. 35:** Provide all notes, logs, work papers, or other documents created by any Newton Police personnel relating to the incidents described in the Plaintiff's Complaint.

**Request No. 35:** Provide copies of all documents constituting the personnel files of the individual police personnel Defendants, including in your response any citations, reprimands, grievances, or other indicia of discipline.

PLAINTIFF RESERVES THE RIGHT TO SUPPLEMENT THIS RESPONSE.

Respectfully submitted,
Plaintiff,
Barry M. Cohen,
By his Attorney,

_____
Christopher W. McHallam
BBO# 637464
500 Commercial Street, Suite 4R
Boston, MA 02109
(617) 523-4552

9

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for the Defendant, by hand, on March 10, 2006.

_____
Christopher W. McHallam
Counsel for Plaintiff

UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

```
------------------------------------
                                    )
Barry M. Cohen,                     )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )        Civil Action No.:
                                    )        05-11727-DPW
The City of Newton, The Newton      )
Police Department,                  )
Police Chief Jose M. Cordero,       )
Newton Police Officer Rocky Marini  )
(Badge No. 13963),                  )
Newton Police Detective Robert F.   )
Sampson, Newton Police Detective    )
Sergeant George McMains,            )
Newton Police Officer Zachary       )
Raymond and Newton Police Officer   )
Joseph T. McLaughlin,               )
                                    )
        Defendants.                 )
------------------------------------
```

## PLAINTIFF BARRY M. COHEN'S SECOND SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS PROPOUNDED TO THE DEFENDANTS THE CITY OF NEWTON AND THE NEWTON POLICE DEPARTMENT

Pursuant to Fed.R.Civ.P. Rule 34, you are requested to produce any and all documents requested herein within thirty (30) days following the date these requests were served upon you, no later than 2:00 P.M. in the law offices of **Christopher W. McHallam, Esq., 500 Commercial Street, Suite 4R, Boston, Massachusetts, 02109,** for purposes of inspection and copying or, in lieu thereof, to produce those same documents, or true and legible copies, with the same time period, by mail or other similarly reliable means to the law offices of **Christopher W. McHallam, Esq., 500 Commercial Wharf, Suite 4R, Boston, MA, 02110,** for purposes of inspection and copying.

All documents produced shall be set forth in the order kept in the ordinary course of business, and shall be labeled or otherwise specifically identified so as to correspond and be responsive to all appropriate answers to

1

the Requests for Production.  The Requests for Production shall be deemed continuing in nature, call for prompt production by you of all documents which come into your possession, custody, or control at any time prior to the conclusion of the trial in the above-captioned matter, as well as all documents currently in your possession, custody, or control.

## DEFINITIONS, PROCEDURES AND INSTRUCTIONS

**Agent**:  "Agent" means all persons, including but not limited to any representative authorized to act on the behalf of, or for the benefit of, another person.

**Communication**:  "Communication" means a statement of any nature or description, whether in oral or writing, in which information was transmitted between two or more persons.

**Date or Period**:  If you do not know the exact date or period, please supply an approximation.

**Document**:  "Document" means, without limitation, the original and all non-identical copies, the following items, whether printed, recorded, filmed, reproduced by any process, written or produced by hand, that are or have been in the possession, custody, or control of the party responding to this request of which the party responding to this request has knowledge, whether or not claimed to be privileged against discovery on any grounds, and whether an original, master, or copy, namely:  agreements; licenses; permits; warrants; communications; including intra-company communications; correspondence; cablegrams; radiograms; telegrams; notes and memoranda; email; summaries; records and minutes of telephone conversations; meetings or conferences; voice records; summaries and records of personal conversations or interviews; books; manuals; publications; diaries; charts; statistical compilations; studies; plans; sketches; drawings; maps; photographs; reports and summaries of negotiations; brochures; pamphlets; catalogs; catalog sheets; advertisements and circulars; trade letters; press and publicity release; drafts or originals, or preliminary notes on and marginal comments appearing on any documents; financial statements; minutes of board of directors meetings; stenographic or handwritten notes; every copy where the original is not in the possession, custody, or control of the party responding to this request; every copy where such copy is not an

2

identical copy of an original or where such copy contains any commentary or notation whatsoever that does not appear in the original; other reports and records; and, any other information containing paper, writing, or physical things.

As used herein, the word "documents" specifically refers to all things of a physical nature, including but not limited to computer discs, computer tapes, tape recordings, telephone messages or memoranda, and handwritten notes.

Without limitation of the term as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure it or a copy of it from the person or public or private entity which has actual possession of it.

If a document is responsive to a request for identification or production, but it is not in your possession, custody, or control, identify the person or entity which has possession, custody, or control.  If you do not have this information, state what disposition was made of the document, by whom, and the date or dates on which such disposition was made and why.

**Or**:  For the purposes of these Interrogatories, "or" shall be construed either conjunctively or disjunctively to bring within the scope of these Requests any information which might have otherwise been construed to be outside their scope.

**Person**:  "Person" means, without limitation, any and all entities including but not limited to all individuals, groups, associations, organizations, or businesses.

**Relating To**:  For the purposes of the Requests, "relating to" shall mean pertinent, relevant, or material to, evidencing, having a bearing on, or concerning, affecting, discussing, or otherwise dealing with the subject matter in any way whatsoever.

**Representation**:  "Representation" means a statement of any nature or description, whether oral or in writing, intended to influence another person.

3

**Statement:** "Statement" includes but is not limited to, each recordation of an interview or communication with a witness, whether by a signed writing, recording, court reporter, notes, documents, or otherwise.

**Witness:** "Witness" means the name, address, and telephone number of each person or persons having knowledge of discoverable matters or the item in question.

**Other terms:** The singular includes the plural, and vice versa. The masculine includes the feminine and neutral genders, and the past tense includes the present tense when the clear meaning is not distorted by the change of tense.

**Lack of Information:** If you have no information about the subject of a particular Request, or if for some reason you are unable to answer it, the response should specifically so state. No Request should be left blank without some response. If you have some information but believe that further information which you know but is not available to you would also be responsive to the Request, you should provide the information you now have and specifically state when the balance of all information will be provided. If you cannot provide it all, you should provide the name of the person or entity that would be able to provide it. The fact that a full answer cannot now be given is not a basis for you to fail to provide such information as is currently available or known to you.

**Privilege:** Where a Request calls for the information or identification of a document or communication which you claim as protected by any privilege or other limitation on disclosure, the answer to the Request should state the existence of the information, communication, or document. It should also state each privilege or limitation claimed, with a summary of all facts and circumstances upon which the claim is based. You should not claim a privilege without also supplying the information above.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce the full version of the fingerprint card (front and back) that was involved in Mr. Cohen's arrest;

4

2. Produce any other fingerprint cards that were in use at or around the time of Mr. Cohen's arrest in September, 2003;

3. Produce a copy of the detention area manual/handbook that was referenced by Officer McLaughlin during his deposition;

4. Provide copies of all documents relating to any other claims made against any of the Defendant officers and/or the Newton Police Department generally at any time during the past seven (7) years with regard to false arrest, false imprisonment, civil rights violations, and/or other claims similar to Plaintiff's claim;

5. Provide any documents relating to the use and operation of the video monitoring system which was in use at the Newton Police station at the time of Mr. Cohen's arrest, including the identity of the person(s) responsible for operating and maintaining said system;

6. Provide copies of all postings, signs, or notes that were in the booking area which relate to Miranda rights; access to the telephone, and/or other booking procedures;

7. Provide all documents which relate to Detective Curry's election to seek a warrant for Mr. Cohen's arrest on or about September 25, 2003;

8. Provide copies of all documents relating to any disciplinary actions taken by the City of Newton and/or the Newton Police Department and/or any other entities with respect to any of the individual Defendants at any time in the past five (5) years;

9. Provide copies of all documents relating to any internal grievances, complaints, and/or other notices filed with the City of Newton and/or the Newton Police Department by any police personnel, police organization, and/or other entity within the past five (5) years;

5

10. Provide any documents, reports, or notes which relate to Mr. Cohen's behavior during his arrest and/or detention;

11. Provide any documents which relate to any changes in police procedure, tactics, and/or conduct during the tenure of Chief Cordero;

12. Provide any documents which relate to any changes in police procedure, tactics, and/or conduct since the departure of Chief Cordero;

13. Provide all documents relating to an arrestee's right to make a telephone call during his or her detention;

14. Provide all documents which relate to other instances where the a Detective and/or other police officer elected to pursue an arrest of a suspect when the reporting officer indicated that he or she wished for a summons to be issued to the same suspect;

15. All documents relating to Chief Cordero's departure as Police Chief, including any City or Police memoranda and any correspondence relating thereto;

16. Any documents relating to any investigations, inquiries, or other disciplinary actions relating to Detective Curry, Detective McMains, Captain Boudreau, and/or Chief Cordero from 2002 to the present;

17. Provide copies of all email correspondence within the Police Department relating to the arrest, detention, and/or subsequent prosecution of Mr. Cohen;

18. All documents which relate to any communication between the Police Department and the Newton Tab and/or any other publication or third-party relating to the arrest of Mr. Cohen;

6

19. Provide all documents relating to any task force and/or special section created to deal with the problem of car robberies at any time prior to September, 2003;

20. Provide all recordings of any dispatch calls relating to Mr. Cohen's encounter with Officer Marini and/or his subsequent arrest;

21. Provide all documents relating to the operation and maintenance of any video recording and/or monitoring systems at the Newton Police station at or around September, 2003;

22. Provide all documents and reports from the "Warrant Management System" relating to Mr. Cohen's arrest.

23. Provide all documents and reports from the "BOP," "Leaps," "AFIX," and other databases, including fingerprint data bases, relating to Mr. Cohen's arrest.

24. Provide all log books, registers, and other documents that were in use by the officers assigned to the booking/cell area of the Newton Police Station on the night of Mr. Cohen's arrest, including all documents which make reference to Mr. Cohen.


PLAINTIFF RESERVES THE RIGHT TO SUPPLEMENT THIS REQUEST.


Respectfully submitted,
Plaintiff,
Barry M. Cohen,
By his Attorney,


Christopher W. McHallam
BBO# 637464
500 Commercial Street, Suite 4R
Boston, MA 02109
(617) 523-4552

7

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for the Defendants, via first-class mail, on February 7, 2007.

_____
Christopher W. McHallam
Counsel for Plaintiff

8



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARRY M. COHEN,<br>        Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| THE CITY OF NEWTON, THE NEWTON<br>POLICE DEPARTMENT, POLICE CHIEF<br>JOSE M. CORDERO, NEWTON POLICE<br>OFFICER ROCKY MARINI, (BADGE NO.<br>13963) NEWTON POLICE DETECTIVE<br>ROBERT F. SAMPSON,  NEWTON POLICE<br>POLICE DETECTIVE, NEWTON POLICE<br>DETECTIVE SERGEANT GEORGE<br>MCMAINS, NEWTON POLICE OFFICER<br>ZACHARY RAYMOND,  AND NEWTON<br>POLICE OFFICER JOSEPH T. MCLAUGHLIN,<br>        Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION
NO. 05-11727 DPW

**THE NEWTON POLICE DEPARTMENT'S RESPONSE TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO DEFENDANT THE NEWTON POLICE DEPARTMENT**

Now comes the Defendant, The Newton Police Department, ("Defendant") in the above-

entitled action, and responds to Plaintiff's First Request for Production of Documents as follows:

**GENERAL OBJECTIONS**

A.    The Newton Police Department objects to this Request for the Production of

Documents to the extent it seeks to impose obligations on the Newton Police

Department greater that those imposed by the Federal Rules of Civil Procedure.

B.    The Newton Police Department objects to this Request for the Production of Documents to the extent it seeks information protected by the work product, attorney-client or any other applicable privilege.

C.    The statements in the following paragraphs that documents will be produced are not intended to constitute representations that any documents exists, but only that the defendant will produce what documents are in defendant's possession, custody and control, are not subject to the work product, attorney-client privilege, or other privilege.

D.    The Newton Police Department reserves the right to supplement its responses to this Request for the Production of Documents as and when it becomes aware of additional responsive documents or additional bases for objection.

E.    These General Objections are incorporated by reference into each specific response, and shall not be repeated in every response to which they are applicable. All answers are provided notwithstanding or without waiving these General Objections.

## RESPONSES

**REQUEST NO. 1:**    Provide all documents upon which the witnesses identified in your responses to the Interrogatories served upon you intend to rely to lay a foundation for, establish, or prove evidence at trial.

**RESPONSE NO. 1:**  Defendant objects to this Request as premature.  Defendant will produce non-privileged documents within its possession, custody and control, responsive to this Request at the appropriate time.

**REQUEST NO. 2:**    Provide all documents you intend to offer as exhibits at the time of trial and any documents, not privileged, that you may refer to in order to refresh the recollection of any witnesses in advance of or during trial.

**RESPONSE NO. 2:**  Defendant objects to this Request as premature.  Defendant will produce non-privileged documents within its possession, custody and control, responsive to this Request at the appropriate time.

**REQUEST NO. 3:**  Provide all documents relating to the arrest of Mr. Cohen, including all documents submitted to the Newton District Court in connection with the procurement of the warrant for Plaintiff's arrest.

**RESPONSE NO. 3:**  Defendant will produce non-privileged documents responsive to this Request within its possession, custody and control.

**REQUEST NO. 4:**  Provide all documents relating to the Newton Police Department's policies and procedures relating to the booking of arrestees.

**RESPONSE NO. 4:**  Defendant will produce non-privileged documents responsive to this Request within its possession, custody and control.

**REQUEST NO. 5:**  Provide all documents relating to the Newton Police Department's policies and procedures relating to the handling of arrestees deemed to be uncooperative and/or non-compliant.

**RESPONSE NO. 5:**  Defendant will produce non-privileged documents responsive to this Request within its possession, custody and control.

**REQUEST NO. 6:**  Provide all documents relating to the Newton Police Department's policies and procedures relating to allowing arrestees to make telephone calls during arrest and/or detention.

**RESPONSE NO. 6:**  Defendant will produce non-privileged documents responsive to this Request within its possession, custody and control.

**REQUEST NO. 7:**  Provide all documents relating to the Newton Police Department's policies and procedures relating to determination of the making of arrests, including any directives, guidelines, and/or orders.

**RESPONSE NO. 7:**  Defendant will produce non-privileged documents responsive to this Request within its possession, custody and control.

**REQUEST NO. 8:**   Provide all documents relating to the Newton Police Department's policies and procedures relating to the creation, approval, and/or distribution of incident reports, including, in particular, Officer Marini's incident report(s) relating to his encounter with the Plaintiff.

**RESPONSE NO. 8:**   Defendant will produce non-privileged documents responsive to this Request

within its possession, custody and control.

**REQUEST NO. 9:**   Provide all documents relating to the Newton Police Department's policies and procedures relating to the nature and conduct of surveillance operations.

**RESPONSE NO. 9:**   Defendant will produce non-privileged documents responsive to this Request within its possession, custody and control.

**REQUEST NO. 10:**   Provide all documents relating to the Newton Police Department's policies and procedures relating to use of force during arrests and/or detention of suspects.

**RESPONSE NO. 10:**   Defendant will produce non-privileged documents responsive to this Request

within its possession, custody and control.

**REQUEST NO. 11:**   Provide all documents, videotapes, audio tapes, or other recordings of Mr. Cohen's initial encounter with Officer Marini, and/or his subsequent arrest, detention, and/or release.

**RESPONSE NO. 11:**   Defendant will produce non-privileged documents responsive to this Request

within its possession, custody and control.

**REQUEST NO. 12:**   Provide all notes, logs, work papers, or other documents relating to the activities of Detectives Sampson and McMains prior to, during, and after the arrest of Mr. Cohen.

**RESPONSE NO. 12:**   Defendant objects to this Request as vague, ambiguous, overly broad, unduly

burdensome and not likely to lead to the discovery of admissible evidence.   Further answering,

Defendant will produce non-privileged documents related to the activities of Detectives Sampson

and McMains concerning Mr. Cohen's arrest and booking within its possession, custody and

control.

**REQUEST NO. 13:**   Provide all correspondence and/or email between the Newton Police Department and the Newton District Court relative to Mr. Cohen's arrest and/or prosecution.

**RESPONSE NO. 13:** Defendant will produce non-privileged documents responsive to this Request

within its possession, custody and control.

**REQUEST NO. 14:** Provide all correspondence and/or email between any police officials relative to the efforts by the Newton Police Department to apprehend any suspected perpetrators of car break-ins prior to September 25, 2003.

**RESPONSE NO. 14:** Defendant objects to this Request as vague, ambiguous, overly broad, unduly

burdensome and not likely to lead to the discovery of admissible evidence.

**REQUEST NO. 15:** Provide all correspondence and/or email between any police officials relative to the efforts by the Newton Police Department to conduct a surveillance operation in an effort to apprehend any suspected perpetrators of car break-ins on or about September 25, 2003.

**RESPONSE NO. 15:** Defendant objects to this Request as vague, ambiguous, overly broad, unduly

burdensome and not likely to lead to the discovery of admissible evidence.

**REQUEST NO. 16:** Provide all correspondence and/or email between any police officials regarding Officer Marini's encounter with Mr. Cohen on or about September 25, 2003.

**RESPONSE NO. 16:** Defendant will produce non-privileged documents responsive to this Request

within its possession, custody and control.

**REQUEST NO. 17:** Copies of all documents relating to any meetings held amongst police officials regarding the investigation and/or arrest of Mr. Cohen on or about September 25, 2003.

**RESPONSE NO. 17:**    Defendant will produce non-privileged documents responsive to this

Request within its possession, custody and control.

**REQUEST NO. 18:** Provide recordings and/or transcripts of any radio dispatches relating to either the Newton Police's initial encounter with Mr. Cohen and/or Mr. Cohen's subsequent arrest.

**RESPONSE NO. 18:** Defendant will produce non-privileged documents responsive to this Request

within its possession, custody and control.

**REQUEST NO. 19:** Provide all documents relating to the Newton Police Department's policies and procedures relating to the contact of arrestee's and/or arrestee's families after criminal prosecution has commenced.

**RESPONSE NO. 19:** Defendant will produce non-privileged documents responsive to this Request

within its possession, custody and control.

**REQUEST NO. 20:** Provide copies of all documents relating to any other claims made against the Newton Police at any time during the past five (5) years with regard to false arrest, false imprisonment, civil rights violations, and/or other claims similar to Plaintiff's claim.

**RESPONSE NO. 20:** Defendant objects to this Request as overly broad, unduly burdensome, and

not likely to lead to the discovery of admissible evidence.

**REQUEST NO. 21:** Provide all copies of documents relating to all training, education, and/or instruction that they individual Newton Police defendants have received at any time relative to arresting suspects, transporting suspects, fingerprinting suspects, detaining suspects, and/or imprisoning suspects.

**RESPONSE NO. 21:** Defendant objects to this Request as overly broad and unduly burdensome

and not likely to lead to the discovery of admissible evidence. Further answering, Defendant will

provide non-privileged documents responsive to this Request for the individual officers involved in

the arrest and booking of Plaintiff for the five years previous to the incident in question.

**REQUEST NO. 22:** Provide copies of all complaints, letters, emails, and/or other documents relating to any expressions of concern relative to the policies and practices of the Newton Police Department at any time within the past five (5) years.

**RESPONSE NO. 22:** Defendant objects to this Request as vague, ambiguous, overly broad, unduly

burdensome and not likely to lead to the discovery of admissible evidence.

**REQUEST NO. 23:** Provide copies of all documents relating to any regulations, laws, standards, and/or rules which relate to the Newton Police's policies and practices in arresting suspects, transporting suspects, fingerprinting suspects, detaining suspects, and/or imprisoning suspects.

**RESPONSE NO. 23:** Defendant will produce non-privileged documents responsive to this Request

within its possession, custody and control.

**REQUEST NO. 24:** Provide copies of all documents relating to any conversations, statements, investigations, and/or other occurrences relating to Mr. Cohen's initial encounter with Officer Marini, his subsequent arrest, and/or his prosecution.

**RESPONSE NO. 24:** Defendant will produce non-privileged documents responsive to this Request

within its possession, custody and control.

**REQUEST NO. 25:**   Provide copies of all documents relating to the Newton Police Department's decision to arrest Mr. Cohen and charge him with violating M.G.L. c. 274, Section 6, including all documents relating to any meetings, conversations, or other occurrences related thereto.

**RESPONSE NO. 25:** Defendant will produce non-privileged documents responsive to this Request

within its possession, custody and control.

**REQUEST NO. 26:**

Provide copies of all documents relating to any disciplinary actions taken by the Newton Police Department and/or other entities with respect to the incidents described herein.

**RESPONSE NO. 26:** No such documents exist as no disciplinary action was taken.

**REQUEST NO. 27:**

Provide copies of all documents relating to any disciplinary actions taken by the Newton Police Department and/or other entities with respect to any of the individual Defendants at any time in the past five (5) years.

**RESPONSE NO. 27:** Defendant objects to this Request as not relevant, overly broad, unduly

burdensome and not likely to lead to the discovery of admissible evidence.

**REQUEST NO. 28:**

Provide copies of all documents relating to any internal grievances, complaints, and/or other notices filed with the Newton Police Department by any police personnel, police organization, and/or other entity within the past five (5) years.

**RESPONSE NO. 28:** Defendant objects to this Request as not relevant, overly broad, unduly

burdensome and not likely to lead to the discovery of admissible evidence.

**REQUEST NO. 29:**

Provide copies of all documents referred to in Defendants' Required Initial Disclosures.

**RESPONSE NO. 29:** Defendant will produce non-privileged documents responsive to this Request

within its possession, custody and control.

7

**REQUEST NO. 30:**

Provide copies of all documents relating to the notes, logs, emails, or other records of any "OIC" on duty at the time of Mr. Cohen's initial encounter with Officer Marini, and/or his subsequent arrest and detention.

**RESPONSE NO. 30:** Defendant objects to this Request as vague, ambiguous, overly-broad,

unduly burdensome and not likely to lead to the discovery of admissible evidence.

**REQUEST NO. 31:**

Provide copies of all documents relating to Officer Marini's creation and the approval of his incident report(s) relating to the within matter.

**RESPONSE NO. 31:** Defendant will produce non-privileged documents responsive to this Request

within its possession, custody and control.

**REQUEST NO. 32:**

Provide copies of all documents relating to any efforts to ascertain Mr. Cohen's identity, criminal history, and background at any time from on or about September 25, 2003 to the present.

**RESPONSE NO. 32:** Defendant will produce non-privileged documents responsive to this Request

within its possession, custody and control.

**REQUEST NO. 33:**

Provide copies of all documents relating to numbers of arrests made by the Newton Police Department in the last five (5) years, including any directives, instructions, or orders relating to changes in policy relative to the making of arrests.

**RESPONSE NO. 33:** Defendant objects to this Request as not relevant, overly broad, unduly

burdensome and not likely to lead to the discovery of admissible evidence.

**REQUEST NO. 33 [sic]:**

Provide copies of all documents relating to the resignation of Chief Cordero in 2004, including any letters of resignation and/or other documents.

**RESPONSE NO. 33:** Defendant objects to this Request as not relevant, overly broad, unduly

burdensome and not likely to led to the discovery of admissible evidence.

**REQUEST NO. 34:**

Provide copies of all documents relating any oversight and/or supervision of the Newton Police Department by any local, state, federal, and/or private organization including in your response any correspondence expressing concern and/or complaint with police conduct at any time in the past five (5) years.

**RESPONSE NO: 34:** Defendant objects to this Request as vague, ambiguous, overly-broad,

unduly burdensome and not likely to lead to the discovery of admissible evidence.

**REQUEST NO. 35:**

Provide all notes, logs, work papers, or other documents created by any Newton Police personnel relating to the incidents described in the Plaintiff's Complaint.

**RESPONSE NO. 35:** Defendant will produce non-privileged documents responsive to this Request

within its possession, custody and control.

**REQUEST NO. 35 [sic]:**

Provide copies of all documents constituting the personnel files of the individual police personnel Defendants, including in your response any citations, reprimands, grievances, or other indicia of discipline.

**RESPONSE NO. 35:** Defendant objects to this Request as not relevant, overly broad, unduly

burdensome and not likely to led to the discovery of admissible evidence.

DEFENDANT,
NEWTON POLICE DEPARTMENT,
By its attorneys,

CERTIFICATE OF SERVICE
I hereby ... that a true copy of the above
document ... was served upon the attorney(s) of
record ... other party by mail/hand/fax
on ... April ... .

ANGELA B. SMAGULA

_____
Donnalyn B. Lynch Kahn (BBO #556609)
Angela B. Smagula (BBO #643764)
Assistant City Solicitor
Newton Police Department Law Department
1000 Commonwealth Avenue
Newton Centre, MA 02459
Tel: (617) 796-1240

Dated:   April ___, 2006

9

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARRY M. COHEN,<br>        Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| THE CITY OF NEWTON, THE NEWTON<br>POLICE DEPARTMENT, POLICE CHIEF<br>JOSE M. CORDERO, NEWTON POLICE<br>OFFICER ROCKY MARINI, (BADGE NO.<br>13963) NEWTON POLICE DETECTIVE<br>ROBERT F. SAMPSON, NEWTON POLICE<br>POLICE DETECTIVE, NEWTON POLICE<br>DETECTIVE SERGEANT GEORGE<br>MCMAINS, NEWTON POLICE OFFICER<br>ZACHARY RAYMOND, AND NEWTON<br>POLICE OFFICER JOSEPH T. MCLAUGHLIN,<br>        Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION
NO. 05-11727 DPW

## DEFENDANT CITY OF NEWTON'S RESPONSE TO
## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Now comes the Defendant, City of Newton, ("Defendant") in the above-entitled action, and

responds to Plaintiff's Second Request for Production of Documents as follows:

### GENERAL OBJECTIONS

A.    The City of Newton objects to this Second Request for the Production of

Documents to the extent it seeks to impose obligations on the City of Newton

greater that those imposed by the Federal Rules of Civil Procedure.

B.    The City of Newton objects to this Second Request for the Production of

Documents to the extent it seeks information protected by the work product,

attorney-client or any other applicable privilege.

1

C.    The statements in the following paragraphs that documents will be produced are not intended to constitute representations that any documents exists, but only that the defendant will produce what documents are in defendant's possession, custody and control, are not subject to the work product, attorney-client privilege, or other privilege.

D.    The City of Newton reserves the right to supplement its responses to this Second Request for the Production of Documents as and when it becomes aware of additional responsive documents or additional bases for objection.

E.    These General Objections are incorporated by reference into each specific response, and shall not be repeated in every response to which they are applicable. All answers are provided notwithstanding or without waiving these General Objections.

## RESPONSES

**REQUEST NO. 1:**    Produce the full version of the fingerprint card (front and back) that was involved in Mr. Cohen's arrest.

**RESPONSE NO. 1:**

Defendant has produced all versions and copies of the fingerprint card within its possession, custody and control.

**REQUEST NO. 2:**    Produce any other fingerprint cards that were in use at or around the time of Mr. Cohen's arrest in September, 2003.

**RESPONSE NO. 2:**

Defendant will produce documents responsive to this Request within its possession, custody, and control.

2

**REQUEST NO. 3:**    Produce a copy of the detention area manual/handbook that was referenced by Officer McLaughlin during his deposition.

**RESPONSE NO. 3:**

This document has been previously produced in response to Plaintiff's First Request For

Documents.

**REQUEST NO. 4:**    Provide copies of all documents relating to any other claims made against any of the Defendant officers and/or the Newton Police Department generally at any time during the past seven (7) years with regard to false arrest, false imprisonment, civil rights violations, and/or other claims similar to Plaintiff's claim.

**RESPONSE NO. 4:**

Defendant objects to this Request as overbroad, unduly burdensome and not likely to lead to the

discovery of admissible evidence.

**REQUEST NO. 5:**    Provide any documents relating to the use and operation of the video monitoring system which was in use at the Newton Police station at the time of Mr. Cohen's arrest, including the identity of the person(s) responsible for operating and maintaining said system.

**RESPONSE NO. 5:**

Defendant will produce documents responsive to this Request within its possession, custody, and

control.

**REQUEST NO. 6:**    Provide copies of all postings, signs, or notes that were in the booking area which relate to Miranda rights; access to the telephone, and/or other booking procedures.

**RESPONSE NO. 6:**

Defendant will produce documents responsive t this Request.

**REQUEST NO. 7:**    Provide all documents which relate to Detective Curry's election to seek a warrant for Mr. Cohen's arrest on or about September 25, 2003.

**RESPONSE NO. 7:**

Defendant objects to this Request as vague and ambiguous, specifically with regard to the term

"election." Further answering, Defendant has produced all documents related to Mr. Cohen's

arrest within its possession, custody, and control.

**REQUEST NO. 8:**    Provide copies of all documents relating to any disciplinary actions taken by the City of Newton and/or the Newton Police Department and/or any other entities with respect to any of the individual Defendants at any time in the past five (5) years.

**RESPONSE NO. 8:**

Defendant objects to this Request as overbroad, unduly burdensome and not likely to lead to the

discovery of admissible evidence.

**REQUEST NO. 9:**    Provide copies of all documents relating to any internal grievances, complaints, and/or other notices filed with the City of Newton and/or the Newton Police Department by any police personnel, police organization, and/or other entity within the past five (5) years.

**RESPONSE NO. 9:**

Defendant objects to this Request as overbroad, unduly burdensome and not likely to lead to the

discovery of admissible evidence.

**REQUEST NO. 10:**    Provide any documents, reports, or notes which relate to Mr. Cohen's behavior during his arrest and/or detention.

**RESPONSE NO. 10:**

Defendant has produced all documents responsive to the Request within its possession,

custody, and control.

**REQUEST NO. 11:**    Provide any documents which relate to any changes in police procedure, tactics, and/or conduct during the tenure of Chief Cordero.

**RESPONSE NO. 11:**

Defendant objects to the Request as vague, ambiguous, overly broad, unduly burdensome and

unlikely to lead to the discovery of admissible evidence.

**REQUEST NO. 12:**    Provide any documents which relate to any changes in police procedure, tactics, and/or conduct since the departure of Chief Cordero.

4

**RESPONSE NO. 12:**

Defendant objects to the Request as vague, ambiguous, overly broad, unduly burdensome and

unlikely to lead to the discovery of admissible evidence.

**REQUEST NO. 13:**   Provide all documents relating to an arrestee's right to make a telephone call during his or her detention.

**RESPONSE NO. 13:**

Defendant has previously produced all documents responsive to this Request.

**REQUEST NO. 14:**   Provide all documents which relate to other instances where the Detective and/or other police officer elected to pursue an arrest of a suspect when the reporting officer indicated that he or she wished for a summons to be issued to the same suspect.

**RESPONSE NO. 14:**

Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome and

unlikely to lead to the discovery of admissible evidence.

**REQUEST NO. 15:**   All documents relating to Chief Cordero's departure as Police Chief, including any City or Police memoranda and any correspondence relating thereto.

**RESPONSE NO. 15:**

Defendant objects to the Request as vague, ambiguous, overly broad, unduly burdensome and

unlikely to lead to the discovery of admissible evidence.

**REQUEST NO. 16:**   Any documents relating to any investigations, inquiries, or other disciplinary actions relating to Detective Curry, Detective McMains, Captain Boudreau, and/or Chief Cordero from 2002 to the present.

**RESPONSE NO. 16:**

Defendant objects to this Request as overbroad, unduly burdensome and not likely to lead to the

discovery of admissible evidence.

**REQUEST NO. 17:**   Provide copies of all email correspondence within the Police Department relating to the arrest, detention, and/or subsequent prosecution of Mr. Cohen.

**RESPONSE NO. 17:**

No such documents exist.

**REQUEST NO. 18:** All documents which relate to any communication between the Police Department and the Newton Tab and/or any other publication or third-party relating to the arrest of Mr. Cohen.

**RESPONSE NO. 18:**

Defendant objects to this Request as vague, ambiguous, and unlikely to lead to the discovery of

admissible evidence. Further answering, there were no communications between the Newton Police

Department and the Newton Tab.

**REQUEST NO. 19:** Provide all documents relating to any task force and/or special section created to deal with the problem of car robberies at any time prior to September, 2003.

**RESPONSE NO. 19:**

Defendant is inquiring as to (1) whether any such documents exist, and (2) whether Defendant still

has them within its possession, custody, and control. Defendant will supplement this response as

soon as possible.

**REQUEST NO. 20:** Provide all recordings of any dispatch calls relating to Mr. Cohen's encounter with Officer Marini and/or his subsequent arrest.

**RESPONSE NO. 20:**

Defendant will produce a copy of the requested recordings responsive to this Request.

**REQUEST NO. 21:** Provide all documents relating to the operation and maintenance of any video recording and/or monitoring systems at the Newton Police station at or around September, 2003.

**RESPONSE NO. 21:**

There was no video recording equipment or devices at the Newton Police Station at or around

September, 2003. Further answering, such documents response to this Request will be produced in

response to Request No. 5 herein.

**REQUEST NO. 22:**  Provide all documents and reports from the "Warrant Management System" relating to Mr. Cohen's arrest.

**RESPONSE NO. 22:**

Defendant has produced all documents responsive to the Request within its possession,

custody, and control.

**REQUEST NO. 23:**  Provide all documents and reports from the "BOP," "Leaps," "AFIX," and other databases, including fingerprint data bases, relating to Mr. Cohen's arrest.

**RESPONSE NO. 23:**

Defendant does not have such documents within its possession, custody and control.  Further

answering Defendant cannot run the requested reports without Mr. Cohen's permission.

**REQUEST NO. 24:**   Provide all log books, registers, and other documents that were in use by the officers assigned to the booking/cell area of the Newton Police Station on the night of Mr. Cohen's arrest, including all documents which make reference to Mr. Cohen.

**RESPONSE NO. 24:**

Defendant will produce documents responsive to this Request within its possession, custody and

control.

DEFENDANTS,

THE CITY OF NEWTON, THE NEWTON POLICE DEPARTMENT, POLICE CHIEF JOSE M. CORDERO, NEWTON POLICE OFFICER ROCCO MARINI, (BADGE NO. 13963) NEWTON POLICE DETECTIVE ROBERT E. SAMPSON, NEWTON POLICE POLICE DETECTIVE, NEWTON POLICE DETECTIVE SERGEANT GEORGE MCMAINS, NEWTON POLICE OFFICER ZACHARY RAYMOND AND NEWTON POLICE OFFICER JOSEPH T. MCLAUGHLIN

By its attorneys,

Donnalyn B. Lynch Kahn (BBO #556609)
Angela Buchanan Smagula (BBO #643764)
Assistant City Solicitors
City of Newton Law Department
1000 Commonwealth Avenue
Newton Centre, MA 02459
Tel: (617) 796-1240

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail/in hand on _____
ANGELA B. SMAGULA

Dated:   April 11, 2007

8

**Gmail**  Calendar  Documents  Photos  Groups  Web  more ▼      **mchallamlaw@gmail.com** |
New! Group chat | Settings | Help |
Sign out



Donnalyn          [ Search Mail ]   [ Search the Web ]    Show search opti
                                                          Create a filter

**Compose Mail**

NYT Travel - Spas and Stars, but Ojai Tries to Stay Grounded - 13 hours ago   < >

**Inbox (166)**        « **Back to Search results**   [ Report Spam ]  [ Delete ]  [ More actions... ]
Starred ☆
Chats ◌                                                              1 of 54 **Older ›**

Sent Mail
**Drafts (7)**      ## Cordero deposition
All Mail
**Spam (309)**       ☆ **Christopher McHallam** to Donnalyn  show details  Nov 19  ↩ Reply
Trash
                    Donnalyn:
**Contacts**
                    Please advise as to the status of scheduling the Cordero deposition.
▼ Quick Contacts
 Search, add, or invite   Also, let's schedule a time next week for a discovery conference.
                         There are several items that I would revisit in terms of compelling
 ◌ Christopher McHalla    discovery. We should set aside a time early next week to review those
   Set status here ▼      issues.

   Abreu, Elsa           Thanks.
   Don Harris
   Judith Farris Bow...  Chris McHallam
   Laurance Held
   Mary Mitchell         ↩ Reply  → Forward
   Patti Draper
   Rikki Saksik          ☆ **Christopher McHallam**  show details  Nov 28 (3 days ago)  ↩ Reply
   SOUP
   Stan Rome            Donnalyn:
   Timothy Borchers
                        Any progress on these issues? What about the IME report? I have not
                        seen it as of yet. Please advise.

▼ Labels                Chris McHallam
        Edit labels
                        - Show quoted text -
▼ Invite a friend
Give Gmail to:          ↩ Reply  → Forward


[ Send Invite ] 50 left
preview invite

                    « **Back to Search results**   [ Report Spam ]  [ Delete ]  [ More actions... ]

                                                              1 of 54 **Older ›**


              Begin typing in the address fields and Gmail will suggest
                    names from your contact list.

              **You are currently using 267 MB (4%) of your 5356 MB.**

Gmail view: **standard with chat** | standard without chat | basic HTML
Learn more

©2007 Google - Terms of Use - Privacy Policy - Program Policies - Google Home