UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

---

Barry M. Cohen,

    Plaintiff,

v.

The City of Newton, The Newton
Police Department,
Police Chief Jose M. Cordero,
Newton Police Officer Rocky Marini
(Badge No. 13963),
Newton Police Detective Robert F.
Sampson, Newton Police Detective
Sergeant George McMains,
Newton Police Officer Zachary
Raymond and Newton Police Officer
Joseph T. McLaughlin,

    Defendants.

Civil Action No.:
05-11727-DPW

---

## PLAINTIFF'S MEMORANDUM OF LAW AND FACT IN SUPPORT OF MOTION TO COMPEL FURTHER DOCUMENTS

NOW COMES the Plaintiff, Barry M. Cohen (hereinafter "Mr. Cohen") by and through his counsel and hereby submits the within Memorandum of Fact and Law in Support of His Motion to Compel Further Discovery. In support of the within motion, Plaintiff states as follows:

### GENERAL BACKGROUND

The Plaintiff has asserted claims that his liberty was deprived knowingly by the Defendants without legal justification and that Plaintiff was held to answer to

false felony charges without due process. Such claims involve the individual liberties which are at the heart of the Constitution and the law. See Zadvydas v. Davis, 533 U.S. 678, 690 (2001)(Freedom from imprisonment- from governmental custody, detention, or other forms of physical restraint-lies at the heart of the liberty protected by the Constitution). The Fourth Amendment protects citizens against unreasonable seizure by the government. See Ex Parte Sawyer, 124 U.S. 200 and the Fourteenth Amendment forbids any arbitrary deprivation of liberty. Re Converse, 137 U.S. 624; Hodgson v. Vermont, 168 U.S. 262.

Consequently, the Plaintiff seeks to hold the Defendant governmental authorities and the Defendant individuals involved in his arrest and detainment responsible for their unlawful and abusive exercise of governmental power as same caused a serious deprivation of Plaintiff's liberty in violation of the Constitution and laws of the United States of America, 42 U.S.C. § 1983, as well as state and common law.

## LEGAL BACKGROUND

Fed.R.Civ.P. Rule 37(a) provides that a "party, upon reasonable notice . . . may apply for an order compelling disclosure or discovery by motion. Moreover, Rule 37(4) provides that this Honorable Court may award sanctions for

failure to make disclosures and/or otherwise comply with discovery rules. More specifically, the Plaintiff claims the Newton Defendants have violated the rules pertaining to the production of documents and discoverable materials in a variety of ways which are addressed in detail herein below.

Fed.R.Civ.P. Rule 26(a) sets forth the scope of discovery to which a party is entitled in a civil action in the federal district court:  Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

1. **Defendants' Failure to Respond Adequately to Plaintiff's Requests for the Production of Documents**

Fed.R.Civ.P. 34(b) provides that a party may serve a request to any other party seeking the production of documents within the scope of Fed.R.Civ.P. 26(a).

3

In the instant matter, the Plaintiff twice served written requests for the production of documents upon the Defendants, the First Set was served on or about March 10, 2006 and the Second set of Requests for Production was served on or about February 7, 2007 and contained the specific requests set forth herein. See Copies of Plaintiff's Requests for the Production of Documents, hereto attached as Exhibit 1 and 1A.

By agreement, the Defendants responded to Plaintiff's First Requests on or about April 22, 2006 and to said Second Requests on or about April 11, 2007. A copy of the Defendants' Response to Plaintiff's First and Second Request for the Production of Documents is hereto attached as Exhibit 2.

The Defendants, however, have failed to fully answer said Requests for Production and have intentionally elected not to provide Plaintiff with information that is unequivocally discoverable and falls well within the scope of Rule 26(b) and 34. See Exhibits 1, 1A, and 2. Moreover, Plaintiff has learned either independently or through other depositions, of the existence of documents which are believed to be responsive to various specific requests set forth in Plaintiff's First and Second Requests for the Production of Documents.

In this case, the Plaintiff claims his civil rights were violated as a result of the misconduct of the Newton Police, the specific named officers, and as a result of over-aggressive policies implemented by the Defendant, Chief Cordero. Thus, the requests that seek information about the circumstances surrounding the Plaintiff's arrest, prior claims, disciplinary history, prior lawsuits, policy and tactics changes regarding arrests, and the departure of Chief Cordero from the Newton Police Department are wholly relevant and directly related to the Plaintiff's claims. Moreover, the request that seeks to discover if there were any arrests made under circumstances similar to the Plaintiff's arrest is clearly relevant and germane to the Plaintiff's case.

Specifically, the Defendants have in bad faith failed to produce documents in response to the following requests, despite the requested information falling clearly within the scope of Fed.R.Civ.P. 26(a), which are set forth in Exhibit 1 and 1A:

First Set of Requests:

Request No. 14: Provide all correspondence and/or email between any police officials relative to the efforts by the Newton Police Department to apprehend any suspected perpetrators of car break-ins on or about September 25, 2003.

Request No. 15: Provide all correspondence and/or

5

email between any police officials relative to conduct a surveillance operation in an effort to apprehend any suspected perpetrators of car break-ins on or about September 25, 2003.

Plaintiff has learned from both Newton Police Captain Boudreau's and Officer Daly's deposition that a special task force called "TEU" was involved in the effort to reduce the number of car break-ins in Newton. Thus, it is believed that there are documents responsive to these requests which deal with the tactics, procedures, direction, staffing, operations, and assignments of TEU. Moreover, it has been confirmed by the deposition testimony of several of the Defendants and third-party police officials that Officer Marini was conducting a surveillance/covert operation at the time of his encounter with Plaintiff. Thus, Defendants should be compelled to produce all documents responsive to the above-noted requests and related to TEU and surveillance operations.

Request No. 33: Provide copies of all documents relating to the number of arrests made by the Newton Police Department in the last five (5) years, including any directives, instructions, or orders relating to changes in policy relative to the making of arrests.

It has been established, both by statistics provided by the Newton Police to the public and media, and by testimony of Officer Daly that there was an increase in the number of arrests made by the Newton Police after the hiring of Chief Cordero.  Plaintiff claims that his arrest was the product of an over-aggressive police force which instituted policies which improperly demanded that patrol officers make arrests, even in circumstances where arrest was not appropriate.  The statistics relating to the number of arrests, prior to, during, and since Chief Cordero was in office are clearly germane and thus subject to discovery.

Request No. 35:  Provide all notes, logs, work papers, or other documents created by the Newton Police Department personnel relating to the incidents described in Plaintiff's Complaint.

Plaintiff has reason to believe, based upon the testimony of Officer Daly, that Officer Daly mentioned the circumstances of Plaintiff's arrest as being problematic and possibly leading to a lawsuit during the course of an Internal Affairs investigation into Officer Daly which resulted from Officer Daly's publication of a commentary in the Newton Tab which was critical of Chief Cordero and the Newton Police.

Thus, it is believed that there may be documents in Defendants' possession, custody, or control which are responsive to Request No. 35, inasmuch as there may be notes or memoranda from said investigation into Officer Daly and/or other officers relative to the circumstances surrounding Plaintiff's arrest.

Second Set of Requests:

Request No. 4: Provide copies of all documents relating to any other claims made against any of the Defendant officers and/or the Newton Police Department generally at any time during the past seven (7) years with regard to false arrest, false imprisonment, civil rights violations, and/or other claims similar to Plaintiff's claim;

Plaintiff has learned that there is another lawsuit in this Court pending against the Newton Police officers relative to excessive force and false arrest issues. Moreover, there were public reports, confirmed by the deposition testimony of Defendant's own employee, Officer John Daly, that there was at least one other incident involving a woman walking a dog in Newton which resulted in the assertion of a claim against the Defendants within the specified time. Therefore, Plaintiff reasonably believes that there are documents responsive to this request in the Defendants' possession, custody, or control and thus seeks to compel same.

> Request No. 9: Provide copies of all documents relating to any internal grievances, complaints, and/or other notices filed with the City of Newton and/or the Newton Police Department by any police personnel, police organization, and/or other entity within the past five (5) years;

Plaintiff has learned from the deposition testimony of Defendant's own employee, Officer John Daly, that there were complaints made by the public as to the conduct of the Newton Police Department during Chief Cordero's tenure as to the manner in which police operations were being conducted, especially with regard to field interrogations, traffic stops, and arrests. Moreover, there were clearly internal grievances and issues raised relative to the conduct of the Newton police inasmuch as the Patrolman's Association brought a lawsuit in Middlesex Superior Court against Chief Cordero relative to the Chief's policies regarding traffic stops in 2003. Officer Daly also testified that it was Officer Daly's belief that at least one police officer was demoted in rank due to failure to comply with Chief Cordero's policies and procedures. Thus, Plaintiff believes that there additional documents within Defendants' possession, custody, or control responsive to this request.

> Request No. 11: Provide any documents which relate to any changes in police procedure, tactics, and/or conduct during the tenure of Chief Cordero;

9

Plaintiff has learned from public sources, other depositions of officers and the deposition testimony of Defendant's own employee, Officer John Daly, that there were many changes in police procedure, tactics and conduct during Chief Cordero's tenure as police chief. Specifically, it is believed that there were changes as to arrest policies; stop and field interrogation practices; traffic stop practices; and other tactics and conduct. Moreover, as was confirmed by Officer Daly's deposition testimony and public sources, the Newton Police Department's Commission for the Accreditation of Law Enforcement Agencies ("CALEA") re-accreditation was delayed and perhaps jeopardized during the relevant 2003-2004 time period, at least in part due to the policies implemented by Chief Cordero. Thus, Plaintiff believes that there additional documents within Defendants' possession, custody, or control responsive to this request, including documents relating to CALEA inspections and reviews relative to said policies and procedures.

> Request No. 15: All documents relating to Chief Cordero's departure as Police Chief, including any City or Police memoranda and any correspondence relating thereto.

With respect to this request, Officer Daly indicated that there was considerable controversy surrounding Chief Cordero's tenure at the Newton Police Department and that there were expressions of relief and happiness that Chief Cordero had resigned. Moreover, as discussed by Officer Daly in his deposition, the Newton Police Department's efforts to renew its CALEA accreditation were impacted by Chief Cordero's policies and were underway around the time of Chief Cordero's departure. Therefore, it is believed that there are additional documents in the Defendants' possession, custody, and/or control which are responsive to this request.

> Request No 16: Any documents relating to any investigations, inquiries, or other disciplinary actions relating to Detective Curry, Detective McMains, Captain Boudreau, and/or Chief Cordero from 2002 to the present.

As discussed above, there has been no disclosure of any documents relating to the departure of Chief Cordero. Upon information and belief, there appears to be a connection between the incident involving Mr. Cohen, the policies implemented during his tenure, and/or the CALEA re-accreditation process and Chief Cordero's departure. Thus, Defendants' should be required to produce documents responsive to Request 16.

The Defendants responded in bad faith to each of the above-noted requests for production in essentially the same manner, which is set forth in Exhibit 2. The Defendant responded to these requests by stating either:

> Defendant objects to this Request as not relevant, overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence; or

> Defendant objects to the Request as vague, ambiguous, overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence.

With respect to all of the said requests, same are within the scope of discovery as defined by Rule 26(a). Moreover, all of the requests are likely to lead to the discovery of admissible evidence, and as it has been discovered, there are it is very likely that there are documents responsive to said requests. There is no undue burden created by compelling Defendants to produce the requested documents and justice and due process demands that Plaintiff be afforded the opportunity to discover the requested material.

There are also several specific documents of which the Plaintiff seeks production of the following documents:

   1.   Despite repeated requests, the back side of the fingerprint card used during Mr. Cohen's arrest;

2.  As referred to by Officer Daly, there may be a Field Interrogation (FIO) card related to the incident with Mr. Cohen and same should be produced;

3.  Magistrates McEvoy and Schultz both testified that it was an unusual and noteworthy occurrence for Captain Boudreau to have participated via radio/telephone in Detective Curry's request for the issuance of criminal process against Mr. Cohen. Captain Boudreau failed to disclose his direct involvement in the issuance of criminal process and a warrant against Mr. Cohen during his own deposition. Thereby the Defendants should be required to produce any documents relating to Captain Boudreau's involvement in that process and any documents relating to the policies and procedures relative to police officials contacting the Newton District Court in such instances; and

4.  All documents which relate to the dissemination of any information by Defendants of Mr. Cohen's arrest, criminal case, and/or fingerprints, including all documents relating to the placement of any information relating to Mr. Cohen into any history, database, or other record. The requested documents should be produced as the fall squarely within the scope of discovery as defined by Rule 26(a) and relate closely to the facts and circumstances which surround Mr. Cohen's claims.

WHEREFORE, the Plaintiff seeks and order compelling all documents in the possession, custody, or control of Defendants responsive to the specific requests set forth in the attached Memorandum of Fact and Law; for Plaintiff's reasonable attorney's fees associated with this motion; and for such other and further relief as this Honorable Court deems just and proper pursuant to Fed.R.Civ.P 37(4) and/or as justice and equity may require.

Dated:  November 30, 2007

>Respectfully submitted,
>Plaintiff,
>Barry M. Cohen
>By his attorney,
>
>/s/ Christopher W. McHallam
>Christopher W. McHallam
>BBO # 637464
>500 Commercial Street
>Suite 4R
>Boston, Massachusetts 02109
>(617) 523-4552

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), which includes counsel for all parties in this matter.

>/s/ Christopher W. McHallam
>Christopher W. McHallam