UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARRY M. COHEN,         )<br>          Plaintiff              )<br>                                  )<br>v.                                )<br>                                  )<br>THE CITY OF NEWTON, THE NEWTON )<br>POLICE DEPARTMENT, POLICE CHIEF )<br>JOSE M. CORDERO, NEWTON POLICE )<br>OFFICER ROCKY MARINI, (BADGE NO. )<br>13963) NEWTON POLICE DETECTIVE )<br>ROBERT F. SAMPSON, NEWTON POLICE )<br>POLICE DETECTIVE, NEWTON POLICE )<br>DETECTIVE SERGEANT GEORGE )<br>MCMAINS, NEWTON POLICE OFFICER )<br>ZACHARY RAYMOND, AND NEWTON )<br>POLICE OFFICER JOSEPH T. MCLAUGHLIN, )<br>          Defendants         ) | CIVIL ACTION<br>NO. 05-11727 DPW |

**OPPOSITION TO MOTION TO COMPEL**

Defendant Newton Police Department ("Defendant"), hereby opposes the Motion to Compel Production of Documents recently filed by Plaintiff Barry M. Cohen ("Plaintiff") in the above-captioned matter.

Defendant submits that its initial responses to the sets of requests at issue back in April 2006 and April 2007 were proper. Accordingly, sanctions are clearly inappropriate in connection with this motion. And, the motion should be denied.

BACKGROUND

In March 2006, Plaintiff served a first request for production of documents upon Defendant. Defendant responded to the request in April 2006.

The following requests and responses are now raised as an issue for the first time by Plaintiff:

**REQUEST NO. 14:** Provide all correspondence and/or email between any police officials relative to the efforts by the Newton Police Department to apprehend any suspected perpetrators of car break-ins prior to September 25, 2003.

**RESPONSE NO. 14:** Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

**REQUEST NO. 15:** Provide all correspondence and/or email between any police officials relative to the efforts by the Newton Police Department to conduct a surveillance operation in an effort to apprehend any suspected perpetrators of car break-ins on or about September 25, 2003.

**RESPONSE NO. 15:** Defendant objects to this Request as vague, ambiguous, overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

**REQUEST NO. 33:** Provide copies of all documents relating to numbers of arrests made by the Newton Police Department in the last five (5) years, including any directives, instructions, or orders relating to changes in policy relative to the making of arrests.

**RESPONSE NO. 33:** Defendant, objects to this Request as not relevant, overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

**REQUEST NO. 35:** Provide all notes, logs, work papers, or other documents created by any Newton Police personnel relating to the incidents described in the Plaintiff's Complaint.

**RESPONSE NO. 35:** Defendant will produce non-privileged documents responsive to this Request within its possession, custody and control.

In February 2007, Plaintiff served a second request for production of documents upon Defendant. Defendant responded to the request in April 2007.

The following requests and responses are now raised as an issue for the first time by Plaintiff:

**REQUEST NO. 4:** Provide copies of all documents relating to any other claims made against any of the Defendant officers and/or the Newton Police Department generally at any time during the

past seven (7) years with regard to false arrest, false imprisonment, civil rights violations, and/or other claims similar to Plaintiff's claim.

**RESPONSE NO. 4:**

Defendant objects to this Request as overbroad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

**REQUEST NO. 9:** Provide copies of all documents relating to any internal grievances, complaints, and/or other notices filed with the City of Newton and/or the Newton Police Department by any police personnel, police organization, and/or other entity within the past five (5) years.

**RESPONSE NO. 9:**

Defendant objects to this Request as overbroad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

**REQUEST NO. 11:** Provide any documents which relate to any changes in police procedure, tactics, and/or conduct during the tenure of Chief Cordero.

**RESPONSE NO. 11:**

Defendant objects to the Request as vague, ambiguous, overly broad, unduly burdensome and unlikely to lead to the discovery of admissible evidence.

**REQUEST NO. 15:** All documents relating to Chief Cordero's departure as Police Chief, including any City or Police memoranda and any correspondence relating thereto.

**RESPONSE NO. 15:**

Defendant objects to the Request as vague, ambiguous, overly broad, unduly burdensome and unlikely to lead to the discovery of admissible evidence.

**REQUEST NO. 16:** Any documents relating to any investigations, inquiries, or other disciplinary actions relating to Detective Curry, Detective McMains, Captain Boudreau, and/or Chief Cordero from 2002 to the present.

**RESPONSE NO. 16:**

Defendant objects to this Request as overbroad, unduly burdensome and not likely to lead to the discovery of admissible evidence.

## ARGUMENT

Defendant will address each category of requests.

Requests 14 and 15 concerned "efforts" to stop car breaks. The term "efforts" is unclear and overly broad. As to request 14, the request seeks correspondence and e-mails prior to September 25, 2003. When a request is unlimited in time, the list of potential documents is exhaustive. Moreover, the request is for correspondence and e-mail. While Plaintiff's request contains a definition for documents, the term correspondence is not defined. It is unclear what documents would fall under this category. In any event, the universe of corresponders and e-mailers is not defined and therefore impossible to search. Any number of police officers could have sent letters or e-mails to each other concerning "efforts" to stop car breaks. Defendant therefore maintains that until these categories of requests are properly defined and limited, Defendant cannot properly search for documents that are relevant.

Request 33 seeks statistics and other information regarding the number of arrests made at the Newton Police Department during the past five years. Plaintiff alleges that one of his theories in this case is that there were more arrests during the tenure of the former police chief. Defendant maintains that there is no nexus whatsoever between the number of arrests and lawfulness of arrests, and therefore maintains that this request seeks irrelevant information.

Requests 33 and 11 relate to Plaintiff's theory that there were changes in the arrest procedures during the tenure of the former police chief. While Defendant maintains that the presence or absence of changes would not lead to the discovery of admissible evidence, there were

4

no changes to police policies and procedures and there are therefore no responsive documents to these requests.

Request 35 seeks all documents relating to the incidents described in Plaintiff's Complaint. In response to this request, Defendant provided all non-privileged documents. Naturally, no attorneys notes were provided. Plaintiff now argues that a disgruntled police officer, with no personal knowledge whatsoever of the facts surrounding Plaintiff's case, was investigated for writing a newspaper article criticizing the former police chief. Plaintiff wants the underlying investigory documents concerning this police officer and somehow thinks that such documents would fall under this request. Aside from the obvious issue of relevancy, such documents would not even be responsive to the request. The documents sought are inappropriate for discovery.

Requests 4 and 9 seek old claims and grievances against Defendant going back 7 and 5 years respectively. Defendant submits that such information is overbroad and not likely to lead to the discovery of admissible evidence. The fact that Defendant may have been sued up to 7 years ago for false arrest in another matter is not noteworthy in any manner, shape or form to the instant action. It is not clear that past lawsuits would even involve the same police officers who are named as defendants in this matter. Under these circumstances, discovery is improper. See Payne v. Howard, 75 F.R.D. 465 (D.C.D.C. 1977) (in a medical malpractice action against a dentist, documents in unrelated malpractice suits against the same dentist were not calculated to lead to the discovery of admissible evidence and therefore not discoverable). See also Wood v. McCullough, 45 F.R.D. 41 (D.C.N.Y. 1968).

Request 9 seeking all internal grievances and complaint filed with the City of Newton and the Newton Police Department by anyone is woefully overbroad and extremely burdensome. Included in such a request would be complaints by a citizen about the City Library and thousands of

other mundane and irrelevant issues.  Such information is not discoverable and clearly not likely to lead to the discovery of admissible evidence.  In his motion, Plaintiff infers that a police officer may have been demoted for failing to comply with the former police chief's orders.  There was no such demotion.

Request 15 seeks documents relating to Chief Cordero's departure.  The happenstance departure of a former police chief has no relevance whatsoever to the instant matter.  There are no allegations that the former chief was even present or involved in any of the events set forth in the complaint.

Finally, Plaintiff seeks disciplinary documents relating to various police personnel.  While Defendant maintains that the disciplinary records, particularly those for persons not party to this suit, are overbroad and not likely to lead to the discovery of admissible evidence.  Defendant states that there have been no investigations or disciplinary actions concerning Detective Curry, Detective McMains, Captain Boudreau or Chief Cordero from 2002 to the present.

CONCLUSION

For the foregoing reasons, Defendant respectfully requests that Plaintiff's motion to compel be denied.

DEFENDANTS,

THE CITY OF NEWTON, THE
NEWTON POLICE DEPARTMENT,
POLICE CHIEF JOSE M. CORDERO,
NEWTON POLICE OFFICER ROCCO
MARINI, (BADGE NO. 13963) NEWTON
POLICE DETECTIVE ROBERT E.
SAMPSON, NEWTON POLICE
POLICE DETECTIVE, NEWTON
POLICE DETECTIVE SERGEANT
GEORGE MCMAINS, NEWTON
POLICE OFFICER ZACHARY
RAYMOND AND NEWTON POLICE
OFFICER JOSEPH T. MCLAUGHLIN

By its attorneys,

*/s/ Donnalyn B. Lynch Kahn*
Donnalyn B. Lynch Kahn (BBO #556609)
Angela Buchanan Smagula (BBO #643764)
Assistant City Solicitors
City of Newton Law Department
1000 Commonwealth Avenue
Newton Centre, MA 02459
Tel: (617) 796-1240

Dated:   December 13, 2007