# United States District Court
# District of Massachusetts

BARRY M. COHEN,
      Plaintiff,

    v.                           CIVIL ACTION NO. 2005-11727-RBC

THE CITY OF NEWTON, ET AL.,
      Defendants.

# _PROCEDURAL ORDER_

COLLINGS, U.S.M.J.

On June 22, 2009, judgment entered on the jury verdict in favor of the defendants. (#151)   As the prevailing parties, costs were awarded to the defendants in that judgment.  On February 23, 2010, defendants' counsel filed an Affidavit of Costs (#182) with attached exhibits A-D.  On March 9, 2010, the plaintiff filed a Motion for Disallowance and/or to Strike Defendants' Affidavit of Costs (#184).   Having reviewed the defendants' submission and the plaintiff's objections to it[1], the Court finds the Affidavit of Costs to be

---

[1]   The Affidavit of Costs is timely, given that it need not be filed until fifteen days after receipt by the Clerk of the Mandate of the Court of Appeals which, to date, has not issued.   _See_ www.mad.uscourts.gov/resources/pdf/taxation.pdf.

insufficient.

The First Circuit has repeatedly stated that "[a]llowable costs are specifically set out in 28 U.S.C. § 1920." *Pappas v. Hanlon*, 849 F.2d 702, 704 (1 Cir., 1988) *citing City Bank of Honolulu v. Rivera Davila*, 438 F.2d 1367, 1371 (1 Cir., 1971); *accord Walters v. President and Fellows of Harvard College*, 692 F. Supp. 1440, 1441-42 (D. Mass., 1988). Indeed, as explained by the appellate court,

> section 1920 has an esemplastic effect. It fills the void resulting from Rule 54(d)'s failure to define the terms "costs"...and in that way constrains the district court's power to determine which expense categories constitute taxable costs. In other words, the statute and rule, read together, signify that a district court lacks the ability to assess "costs" under Rule 54(d) above and beyond those that come within the statutory litany.

*In Re Two Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litigation*, 994 F.2d 956, 962 (1 Cir., 1993)(citations omitted).

Thus it is within the confines of 28 U.S.C. § 1920 that the allowable costs for which the defendants seek recompense must be determined.

Delineating the requirements to be met, the First Circuit has written:

> Allowable costs are listed in 28 U.S.C. § 1920; and 28 U.S.C. § 1924 provides that 'the party claiming any item of cost or disbursement shall attach thereto an

affidavit, made by himself or his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.' A 'bill of costs' form (AO 133) is made available to the prevailing party by the court; in addition to providing a worksheet to itemize costs, the form also provides a built-in declaration tracking the language of the statute.

*Phetosomphone v. Allison Reed Group, Inc.*, 984 F.2d 4, 9 (1 Cir., 1993).

Moreover, the bill of costs form indicates that supporting documentation should be provided for the costs claimed.

In the instant case, the defendants have filed an Affidavit Of Costs (#182) together with appropriate invoices for the items requested.  However, this submission is inadequate under the law of this Circuit because it fails to include any attestation verifying the bill of costs as mandated by 28 U.S.C. §1924[2].

The defendants seek reimbursement for a number of "costs" that are not

---

[2]

This section provides that:

> Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, *that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.*

Title 28 U.S.C. §1924.

recoverable under 28 U.S.C. § 1920, i.e., expert witness costs[3], parking fees and mileage, and no award shall be made with respect to these items.

Pursuant to subsection (2) of section 1920, the defendants seek to be reimbursed for the fees of the court reporter incurred in producing numerous deposition transcripts.  The plaintiff contends that because the deposition transcripts were not introduced into evidence at trial, the fees of the court reporter cannot be taxed.  However, the term "necessarily obtained for use in the case" is not limited to mean only the introduction of transcripts into evidence at trial; the fees are also recoverable if the transcripts are "used" at trial.[4]  That having been said, the defendants have offered no explanation as to how the deposition transcriptions, particularly those of individuals who were not called as witnesses, were "used" at trial; depositions taken for the mere convenience of counsel are not taxable.  The defendants' submission needs to be supplemented to provide such an explanation for each deposition for which costs are requested.

---

[3]

Expert witness costs are only taxable if the expert is court-appointed. *See* www.mad.uscourts.gov/resources/pdf/taxation.pdf.

[4]

*See Templeman v. Chris Craft Corp.*, 770 F.2d 245, 249 (1 Cir.), *cert. denied*, 474 U.S. 1021 (1985); *accord The Garshman Company, Ltd. v. General Electric Company, Inc.*, 993 F. Supp. 25, 29 (D. Mass., 1998), *aff'd*, 176 F.3d 1 (1 Cir., 1999); *Data General Corporation v. Grumman Systems Support Corporation*, 825 F. Supp. 361, 367 (D. Mass., 1993).

Lastly, while the fees of the marshal are taxable even if conducted by private process servers[5], the invoices submitted by the constables include charges that cannot be taxed, i.e., $6.00 witness fee in addition to the $40 witness fee from the City of Newton.[6] (#182, Exh. D at 1)  The defendants have sought the entire amounts on all of constable invoices; the bill of costs must request only those costs that are allowable under the statute.

Therefore, it is ORDERED that the defendants file a supplemental Bill of Costs form and brief *on or before the close of business on Wednesday April 28, 2010* addressing the issues raised in this Procedural Order.  The plaintiff is GRANTED LEAVE to file an opposition to the defendants' supplemental submission *on or before the close of business on Friday May 7, 2010.*

/s/ Robert B. Collings

ROBERT B. COLLINGS
United States Magistrate Judge

April 19, 2010.

---

[5]

*See* www.mad.uscourts.gov/resources/pdf/taxation.pdf.

[6]

The law provides that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance." *See* 28 U.S.C. §1821(b).