# United States District Court
# District of Massachusetts

BARRY M. COHEN,
      Plaintiff,

v.                                        CIVIL ACTION NO. 2005-11727-RBC

THE CITY OF NEWTON, ET AL.,
      Defendants.

## ORDER ON BILL OF COSTS (#186)

COLLINGS, U.S.M.J.

      In response to the Procedural Order (#185) issued on April 19, 2010, the defendants have duly filed a Bill of Costs with attached invoices (#186) as well as a memorandum in support of the bill of costs (#187).  At this juncture, the taxation of allowable costs is appropriate.

      Pursuant to 28 U.S.C. § 1920(1), the fees of the marshal or process server for service of summons and subpoena are taxable as costs.  The defendants have submitted documentation supporting the seven hundred fifteen dollars and thirty-four cents ($715.34) they seek as fees of the marshal, and that amount shall be taxed.

Pursuant to 28 U.S.C. § 1920(2), the defendants request reimbursement of the fees incurred for a number of printed or electronically recorded deposition transcripts that were necessarily obtained for use in the case. There are a number of depositions at issue, and they shall be addressed seriatim.

The cost of the plaintiff's deposition transcript is recoverable in the sum of three thousand three hundred twelve dollars and forty cents ($3,312.40), as is that of his father in the amount of eight hundred forty dollars and fifty cents ($840.50). Because Chief Jose Cordero's deposition transcript was used at trial, the cost of that transcript is taxable in the amount of five hundred twenty-one dollars and five cents ($521.05).

The depositions of Magistrate Henry Schultz and Magistrate William McEvoy were necessarily taken in the case for investigative purposes in order to discover what their testimony would be. *See*, e.g., *Ezelle v. Bauer Corp.*, 154 F.R.D. 149, 155 (S.D. Miss., 1994)("The cost of a deposition may be taxed even if it is used just to structure questioning at trial, but only if the court in its discretion believes the taxation of costs to be justified." (citations omitted)); *Health-Chem Corporation v. Hyman*, 523 F. Supp. 27, 32-3 (S.D.N.Y., 1981)(deposing witnesses was reasonably necessary to prepare for trial). The

total cost of their two deposition transcripts, two hundred eighty-seven dollars and fifty-five cents ($287.55), shall be taxed to the plaintiff.

The costs of the defendants' deposition transcripts and those of Detective Carolyn Curry, Captain Edward Boudreau and Police Officer John Daly shall not be taxed. These individuals, as employees of the City of Newton, were under the defendants' control and their testimony readily available without the need of depositions. Similarly, Dr. Jay Press was hired by the defendants, and the information provided by him that was used for impeachment purposes could have been obtained without the need for a deposition.

In sum, a total of five thousand six hundred seventy-six dollars and eighty-four cents ($5,676.84) shall be, and hereby is, TAXED to the plaintiff as the costs of the litigation.

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

May 10, 2010.